# **EXHIBIT A**

tronically FILED by Superior Court of California, County of Los Angeles on 07/09/2019 02:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Flores-Hernandez,Deputy Clerk

# SUMMONS

## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA
HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL
HOLDINGS, INC.; ARACELLI LONERGAN; HOYT Y. SZE AND DOES 1 THROUGH 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 SALLIE HOLLY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. AVISO: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Spring Street Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sanford Jossen

Law Offices of Sanford Jossen, 136 Main Street, Suite E, El Segundo, CA 90245

Fax No.: (310) 546-3806
Phone No.: (310) 546-9118

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:  ALTA Newport Hospital  I/C

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

tronically FILED by Superior Court of California, County of Los Angeles on 07/09/2019 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Flores-Hernandez,Deputy Clerk

**SUMMONS** | SUM-100
| FOR COURT USE ONLY
*(CITACION JUDICIAL)* | *(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA
HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL
HOLDINGS, INC.; ARACELLI LONERGAN; HOYT Y. SZE AND DOES 1 THROUGH 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 SALLIE HOLLY

7/30/19
2:00

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | CASE NUMBER:
*(El nombre y dirección de la corte es):* | *(Número del Caso):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Spring Street Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanford Jossen | Fax No.: (310) 546-3806
Law Offices of Sanford Jossen, 136 Main Street, Suite E, El Segundo, CA 90245 | Phone No.: (310) 546-9118

DATE: | Clerk, by | , Deputy
*(Fecha)* | *(Secretario)* | *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Prospect Medical Holding Inc

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

electronically FILED by Superior Court of California, County of Los Angeles on 07/09/2019 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALTA NEWPORT HOSPITAL, INC. DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA
HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL
HOLDINGS, INC.; ARACELLI LONERGAN; HOYT Y. SZE AND DOES 1 THROUGH 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SALLIE HOLLY

*[handwritten: 7/30/19 2:00]*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br><br>Spring Street Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanford Jossen
Law Offices of Sanford Jossen, 136 Main Street, Suite E, El Segundo, CA 90245

Fax No.: (310) 546-3806
Phone No.: (310) 546-9118

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ALTA Newport Hospital Inc dba Foothill

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*  Regional medical Center

4. ☐ by personal delivery on *(date):*

*[SEAL]*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Case 2:19-cv-07496-ODW-MRW  Document 1-1  Filed 08/29/19  Page 5 of 28  Page ID #:10
19STCV24211
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

1  Sanford Jossen, Esq. #103724
OWEN SUTANTO, ESQ. - #321123
2  136 Main Street, Suite E
El Segundo, CA 90245
3  Telephone: (310) 546-9118
Facsimile: (310) 546-3806
4  E-Mail: Jossenlaw@aol.com

5  Attorneys for Plaintiff,
SALLIE HOLLY

6

7

8             **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10  SALLIE HOLLY,                          )  CASE NO.  19STCV24211
                                           )
11                                         )  **COMPLAINT FOR DAMAGES FOR:**
                       Plaintiff,          )
12                                         )  1.   **PUBLIC DISCLOSURE OF**
        vs.                                )       **PRIVATE FACTS**
13                                         )       **(INVASION OF PRIVACY);**
                                           )  2.   **NEGLIGENT DISCLOSURE;**
14  ALTA NEWPORT HOSPITAL, INC., DBA)      )  3.   **NEGLIGENT TRAINING;**
    FOOTHILL REGIONAL MEDICAL             )  4.   **BREACH OF CONTRACT;**
15  CENTER; ALTA HOSPITAL SYSTEMS         )  5.   **BREACH OF FIDUCIARY**
    L.L.C.; ALTA NEWPORT HOSPITAL,        )       **OBLIGATIONS;**
16  INC.; PROSPECT MEDICAL HOLDINGS,)      )  6.   **VIOLATION OF STATUTE**
    INC.; ARACELLI LONERGAN; HOYT Y.)     )       **(CALIFORNIA CIVIL CODE**
17  SZE AND DOES 1 THROUGH 100,           )       **§56.10(a));**
                                           )  7.   **VIOLATION OF 42 UNITED**
18                                         )       **STATES CODE § 1320d-6**
                       Defendants.         )       **(WRONGFUL DISCLOSURE**
19  _____)           **OF INDIVIDUALLY**
                                                  **IDENTIFIABLE HEALTH**
20                                                **INFORMATION)**

21          Plaintiff SALLIE HOLLY (hereinafter "Plaintiff" or "HOLLY") for

22  her Complaint against ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL

23  REGIONAL MEDICAL CENTER; ALTA HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT

24  HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC.; ARACELLI LONERGAN;

25  HOYT Y. SZE and DOES 1 through 100, inclusive, allege as follows:

26  A.   **BASIS FOR VENUE AND JURISDICTION**:

27          1.   At all times mentioned herein, Defendants ALTA NEWPORT

28

                                  1-

1  HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA NEWPORT

2  HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. and DOES 1 through

3  100 maintained its and their principle place[s] of business and

4  operation within the jurisdiction of the Central Judicial District of

5  the Los Angeles Superior Court.

6                    **IDENTIFICATION OF THE PARTIES**

7  **B.   DESCRIPTION OF THE PLAINTIFF:**

8      2.   At all times mentioned herein, Plaintiff was a resident of

9  the County of Orange within the Central Judicial District of the

10 Orange County Superior Court.

11     3.   At all times mentioned herein, Plaintiff SALLIE HOLLY was

12 an adult female.

13 **C.   DESCRIPTION OF THE DEFENDANTS:**

14     **(1) ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL**

15     **CENTER:**

16     4.   Plaintiff is informed and believes and thereon alleges that

17 at all times mentioned herein, Defendant ALTA NEWPORT HOSPITAL, INC.,

18 DBA FOOTHILL REGIONAL MEDICAL CENTER, a California Corporation, is a

19 corporation organized in California, conducts substantial business in

20 California, is qualified to do business under the laws of the State

21 of California, maintains executive offices in Los Angeles,

22 California, and was at all times doing business in California

23 including but not limited to offering, providing and selling

24 Healthcare services. Plaintiff is informed and believes and thereon

25 alleges that Defendant ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL

26 REGIONAL MEDICAL CENTER, a California Corporation, is authorized to

27 transact and is transacting business in California as a healthcare

28 provider throughout the State of California to members of the public

-2-

1  including Plaintiff.

2      5.   Plaintiff is informed and believes and thereon alleges that

3  at all times mentioned herein, Defendant ARACELLI LONERGAN, is

4  employed as Hospital Administrator by Defendant FOOTHILL REGIONAL

5  MEDICAL CENTER, and is authorized to conduct business on behalf of

6  Defendant FOOTHILL REGIONAL MEDICAL CENTER.

7      6.   Plaintiff is informed and believes and thereon alleges that

8  at all times mentioned herein, Defendant HOYT Y. SZE, is employed as

9  a Privacy Officer by Defendant FOOTHILL REGIONAL MEDICAL CENTER, and

10 is authorized to conduct business on behalf of Defendant FOOTHILL

11 REGIONAL MEDICAL CENTER.

12     **(2) ALTA HOSPITALS SYSTEM L.L.C.:**

13     7.   Plaintiff is informed and believes and thereon alleges that

14 at all times mentioned herein, Defendant ALTA HOSPITAL SYSTEMS L.L.C.

15 is a limited liability corporation organized in California, conducts

16 substantial business in California, is qualified to do business under

17 the laws of the State of California, maintains executive offices in

18 Los Angeles, California, and was at all times doing business in

19 California including but not limited to offering, providing and

20 selling Healthcare services. Plaintiff is informed and believes and

21 thereon alleges that Defendant ALTA HOSPITAL SYSTEMS L.L.C. is

22 authorized to transact and is transacting business in California as a

23 healthcare provider throughout the State of California to members of

24 the public including Plaintiff. Plaintiff is further informed and

25 believes and thereon alleges that at all times mentioned herein

26 Defendant ALTA HOSPITAL SYSTEMS L.L.C. is doing business as ALTA

27 NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER.

28 ///

1      **(3) ALTA NEWPORT HOSPITAL, INC.:**

2          8.    Plaintiff is informed and believes and thereon alleges that

3   at all times mentioned herein, Defendant ALTA NEWPORT HOSPITAL, INC.,

4   a California Corporation, is a corporation organized in California,

5   conducts substantial business in California, is qualified to do

6   business under the laws of the State of California, maintains

7   executive offices in California, and was at all times doing business

8   in California including but not limited to offering, providing and

9   selling Healthcare services. Plaintiff is informed and believes and

10  thereon alleges that Defendant ALTA NEWPORT HEALTH, INC., a

11  California Corporation, is authorized to transact and is transacting

12  business in California as a healthcare provider throughout the State

13  of California to members of the public including Plaintiff.

14     **(4) PROSPECT MEDICAL HOLDINGS, INC.:**

15         9.    Plaintiff is informed and believes and thereon alleges that

16  at all times mentioned herein, Defendant PROSPECT MEDICAL HOLDINGS,

17  INC., a California Corporation, is a corporation organized in

18  California, conducts substantial business in California, is qualified

19  to do business under the laws of the State of California, maintains

20  executive offices in Los Angeles, California, and was at all times

21  doing business in California including but not limited to offering,

22  providing and selling Healthcare services. Plaintiff is informed and

23  believes and thereon alleges that Defendant PROSPECT MEDICAL

24  HOLDINGS, INC., a California Corporation, is authorized to transact

25  and is transacting business in California as a healthcare provider

26  throughout the State of California to members of the public including

27  Plaintiff.

28  ///

-4-

COMPLAINT FOR DAMAGES

1        10.   Plaintiff HOLLY is informed and believes and thereon

2   alleges that at all times mentioned herein that Defendants ALTA

3   HOSPITAL SYSTEMS, L.L.C. and PROSPECT MEDICAL HOLDINGS, INC. owned

4   and operated and was responsible for the administration, operation

5   and business conducted by Defendants ALTA NEWPORT HOSPITAL, INC. and

6   FOOTHILL REGIONAL MEDICAL CENTER.

7        11.   The true names and capacities, whether individual,

8   corporate or otherwise of Defendant DOES 1 through 50, inclusive, are

9   unknown to Plaintiffs and Plaintiffs therefore sues said Defendants

10  by such fictitious names. Plaintiffs will amend this Complaint

11  accordingly when the true names and capacities of such fictitious

12  Defendants are ascertained.

13       12.   Plaintiffs are informed and believe and thereon allege that

14  each of the Defendants designated herein as a DOE were responsible,

15  directly or in some other actionable manner, for the events and

16  matters, losses and damages to Plaintiff as alleged herein.

17       13.   Plaintiff is informed and believes and thereon alleges that

18  at all times mentioned herein, DOES 1 through 10, inclusive, were and

19  are the agents, representatives and/or employees of Defendant

20  FOOTHILL REGIONAL MEDICAL CENTER and said Defendants were at all

21  times acting within the course and scope of such agency,

22  representation and employment, and under the supervision, direction

23  and control of Defendant FOOTHILL REGIONAL MEDICAL CENTER.

24       14.   Plaintiff is informed and believes and thereon alleges that

25  at all times mentioned herein, DOES 11 through 20, inclusive, were

26  and are the agents, representatives and/or employees of Defendant

27  ALTA HOSPITAL SYSTEMS, INC. and said Defendants were at all times

28  acting within the course and scope of such agency, representation and

-5-

1  employment, and under the supervision, direction and control of

2  Defendant ALTA HOSPITAL SYSTEMS, INC..

3      15.  Plaintiff is informed and believes and thereon alleges that

4  at all times mentioned herein, DOES 21 through 30, inclusive, were

5  and are the agents, representatives and/or employees of Defendant

6  ALTA NEWPORT HEALTH, INC. and said Defendants were at all times

7  acting within the course and scope of such agency, representation and

8  employment, and under the supervision, direction and control of

9  Defendant FOOTHILL REGIONAL MEDICAL CENTER.

10     16.  Plaintiff is informed and believes and thereon alleges that

11 at all times mentioned herein, DOES 31 through 40, inclusive, were

12 and are the agents, representatives and/or employees of Defendant

13 ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER and

14 said Defendants were at all times acting within the course and scope

15 of such agency, representation and employment, and under the

16 supervision, direction and control of Defendant FOOTHILL REGIONAL

17 MEDICAL CENTER.

18     **GENERAL ALLEGATIONS APPLICABLE TO ALL ALLEGATIONS**

19     17.  At all times mentioned herein Plaintiff SALLY HOLLY was a

20 patient at Defendant FOOTHILL REGIONAL MEDICAL CENTER. In this

21 connection, in March 2017, Plaintiff Sally Holly presented to and

22 submitted to Defendant FOOTHILL REGIONAL MEDICAL CENTER for purposes

23 of the receipt of medical care, consultation and surgery for which

24 Plaintiff SALLY HOLLY agreed to pay said Defendant compensation. As

25 part of the admission process, Plaintiff SALLY HOLLY provided said

26 Defendant with her medical and personal identification information.

27 As a result of her submission for medical care, said Defendant

28 examined, treated and diagnosed Plaintiff and commemorated her

COMPLAINT FOR DAMAGES

1  condition as part of her medical records. At all times mentioned
2  herein, Plaintiff SALLY HOLLY reasonably expected and had been
3  assured that her personal information and medical information as well
4  as all information obtained or derived from her examination,
5  treatment and care by Defendant FOOTHILL REGIONAL MEDICAL CENTER
6  would be kept confidential and would not be disclosed in violation of
7  applicable State and Federal law.

8      18.   On or about September 5, 2017 Defendant ALTA HOSPITAL
9  SYSTEMS, LLC transmitted a letter to Plaintiff SALLY HOLLY advising
10 her that Defendant "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL
11 REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of
12 your Protected Health Information("PHI"). On August 24, 2017, a new
13 employee was training on a software program by viewing medical
14 records on a computer. The employee took six photographs of medical
15 records on her personal cellular telephone, some of which were your
16 medical records...the employee accidentally posted the photographs on
17 her public Facebook account. On August 25, 2107, a physician notified
18 Hospital management that the photographs had been posted.... The
19 information in the medical records included your name, date of birth,
20 account number and other diagnostic and treatment information...."

21     19.   Upon receipt of said letter described in paragraph 18
22 above, Plaintiff Sally HOLLY contacted Defendant FOOTHILL REGIONAL
23 MEDICAL CENTER to seek remediation, but received no response.

24     20.   On January 31, 2018, Plaintiff's counsel sent Alta Hospital
25 System, LLC. dba Foothill Regional Medical Center a letter explaining
26 Plaintiff's damages resulting from Defendant's negligence. There was
27 no response.

28 ///

COMPLAINT FOR DAMAGES

1    21.  On March 30, 2018, Plaintiff's counsel wrote to Araceli
2 Lonergan, Hospital Administrator at Alta Hospital System, LLC.
3 dba Foothill Regional Medical Center once again explaining
4 Plaintiff's damages resulting from Defendant's negligence. There was
5 no response.

6    22.  On March 30, 2018, Plaintiff's counsel wrote to Hoyt Sze,
7 Privacy Officer at Alta Hospital System, LLC. dba Foothill Regional
8 Medical Center once again explaining Plaintiff's damages resulting
9 from Defendant's negligence. There was no response.

10    23.  On June 12, 2018, Plaintiff's counsel's office called
11 Defendant FOOTHILL REGIONAL MEDICAL CENTER and spoke to Celeste in
12 hospital administration regarding the disclosure of Plaintiff's
13 information. Celeste transferred the call to "Larry", the Chief
14 Operating Officer who said he would address Plaintiff's concerns.
15 Larry never got back to Plaintiff's counsel.

16    24.  On June 13, 2018, Plaintiff's counsel's office called
17 Defendant FOOT REGIONAL MEDICAL CENTER's General Counsel, Ellen Chen
18 regarding these issues. Ellen Chen never responded to Plaintiff's
19 concerns.

20    25.  On June 15, 2018, Plaintiff's counsel's office sent a
21 letter sent to Defendants and its employees to Ana Lopez at Defendant
22 Prospect Medical. There was no response from any of the Defendants.

23    26.  On June 15, 2018, Plaintiff's counsel again called Ellen
24 Chen and spoke to Anna Lopez. There was no response from Defendants
25 or any of them.

26    27.  Plaintiff alleges that she has provided more than adequate
27 notice to Defendants and each of them of her concerns. Plaintiff
28 alleges that Defendants and each of their conduct is indicative of a

8-

1 reckless disregard for Plaintiff and Defendant's patients.

2     28. As a direct and proximate result of the aforementioned
3 acts, Plaintiff I.L. suffered emotional harm and distress and has
4 been injured in her mind and body. Defendants' conduct was willful,
5 wanton and despicable, and in conscious disregard of the safety and
6 health of Plaintiff SALLY HOLLY and Plaintiff HOLLY is entitled to
7 punitive and exemplary damages therefor pursuant to Civil Code §3294
8 according to proof at trial.

9     29. As a direct and proximate result of the negligence,
10 carelessness and recklessness and conscious disregard of Defendants
11 and each of them, Plaintiff SALLY HOLLY experienced fear of identity
12 theft, embarrassment, anxiety, emotional pain and upset.

13     30. As a further direct and proximate result of Defendants and
14 each of them and Defendant's and each of its officers, directors and
15 managing agents failure to monitor, supervise and train its employees
16 to protect the privacy and confidentiality of its patients and to
17 respond to its patients and their lawful concerns, Plaintiff was
18 injured in her health, strength and activity, sustaining injury to
19 her nervous system and person, all of which injuries have caused and
20 continue to cause Plaintiff great mental, physical, emotional and
21 nervous pain and suffering. As a result of these injuries, Plaintiff
22 has suffered general damages within the jurisdiction of the Los
23 Angeles County Superior Court, the exact nature and extent of which
24 are not known at this time. Plaintiff will ask leave of this Court to
25 assert the same when such damages have been ascertained.

26 ///
27 ///
28 ///

9-

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### (For Public Disclosure of Private Facts (Invasion of Privacy) Against Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. HOYT SZE, ARACELLI LONERGAN, AND DOES 1 THROUGH 50, Inclusive)

31.   Plaintiff Holly repeats and realleges Paragraphs 1 through 30, inclusive, of the Complaint and incorporate said paragraphs herein as if more fully set forth below.

32.   On or about August 24, 2017, Defendant ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC.'s  employee, DOE 31 without plaintiff's consent, invaded Plaintiff's right to privacy by photographing Plaintiffs personal, private, and identifiable medical records and posting those photographs to Defendant employee's public Facebook page.

33.   Plaintiff HOLLY is informed and believes and thereon alleges that as a direct and proximate result of Defendant's employees actions and the negligent supervision and monitoring of same by the named corporate Defendant's herein, Plaintiff's name, date of birth, medical account numbers, other personal and identifying information and her diagnostic, medical and treatment information became publicly available without her consent, permission or approval.

34.   The act that is the basis of the invasion of privacy is Defendant's employee posting the photographs of Plaintiff's medical records to her public Facebook page.

///

-10-

35.  The disclosure by defendant was a public disclosure to a large number of people in that it was posted to a publicly accessible Facebook page.

36.  The facts disclosed about Plaintiff were private facts that Plaintiff desired to keep private. The facts disclosed by Defendant's employee included but were not limited to confidential, personal, and identifiable medical records and other identifying information regarding Plaintiff.

37.  The disclosure by Defendant's employee of the above facts was offensive and objectionable to Plaintiff and to a reasonable person of ordinary sensibilities in that the records published to Facebook are extremely personal and private. The records reveal Plaintiff HOLLY's medical and personal information.

38.  The private facts disclosed by Defendant's employee were not of legitimate public concern, or newsworthy. The disclosed facts were intrusive in great disproportion to any relevance.

39.  As a proximate result of the above disclosure, Plaintiff HOLLY was exposed to embarrassment in the community, humiliation, mental anguish, and suffering, all to her general damage in an amount according to proof.

**SECOND CAUSE OF ACTION**

**(For Negligence (Disclosure) against all Defendants)**

40.  Plaintiff Holly repeats and realleges Paragraphs 1 through 30, inclusive, of the Complaint and Paragraphs 32 through 39, inclusive, of the First Cause of Action, and incorporates said paragraphs herein as if more fully set forth below.

41.  On or about August 24, 2017, Plaintiff was a patient of Defendants ALTA NEWPORT HOSPITAL, INC. and FOOTHILL REGIONAL MEDICAL

11-

1  CENTER.

2      42.  On or about August 24, 2017 at Foothill Regional Medical
3  Center, Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
4  SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
5  HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN, and each of them,
6  were managing, maintaining, in possession of, or in control, of
7  Plaintiff HOLLY's medical records and all related personal and
8  identifying information.  Defendants FOOTHILL REGIONAL MEDICAL
9  CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC.,
10  HOYT SZE, AND ARACELLI LONERGAN were bound by a contractual
11  relationship with Plaintiff HOLLY as their client, patient, patron,
12  and consumer.

13      43.  On or about August 24, 2017 at Foothill Regional Medical
14  Center, Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
15  SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
16  HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN negligently managed,
17  maintained, possessed, or controlled Plaintiff's medical records and
18  supervised its staff so as to cause or to negligently fail to prevent
19  Plaintiff's personal, private, identifiable medical records to be
20  published on a public Facebook page and to directly and legally cause
21  the injuries and damages described below.

22      44.  As a direct and legal result of the negligence of
23  Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM
24  L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.,
25  HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff was
26  injured when her personal, private, and identifiable medical records
27  were posted to a public Facebook page causing Plaintiff great mental,
28  physical, emotional, and nervous pain and suffering. As a result of

1  these injuries, Plaintiff has suffered general damages.

2      45.  As a further direct and legal result of the negligence of

3  Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM

4  L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.,

5  HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff HOLLY

6  has incurred, and will continue to incur, legal expenses. Plaintiff

7  HOLLY does not know at this time the exact amount of expenses that

8  have been incurred and that will be incurred in the future.

9      46.  As a further direct and legal result of the negligence of

10  Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM

11  L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.,

12  HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff must

13  expend money in an amount according to proof for repair of the damage

14  to her reputation, credit, and character, which is a reasonable sum

15  for this repair. Plaintiff will amend her Complaint when the full

16  extent of her damages becomes known or according to proof at Trial.

17                      **THIRD CAUSE OF ACTION**

18          **(For Negligent Training Against All Defendants)**

19      47.  Plaintiff repeats and realleges Paragraphs 1 through 30,

20  inclusive, of the Complaint, Paragraphs 32 through 39, inclusive, of

21  the First Cause of Action, Paragraphs 41 through 46, inclusive, of

22  the Second Cause of Action and incorporates said paragraphs herein as

23  if more fully set forth below.

24      48.  On or about August 24, 2017, Plaintiff was a patient of

25  Defendants Alta Newport Hospital, Inc. and Foothill Regional Medical

26  Center.

27      49.  On or about August 24, 2017, Defendants FOOTHILL REGIONAL

28  MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C.,ALTA NEWPORT HOSPITAL,

-13-

COMPLAINT FOR DAMAGES

1 INC., PROSPECT MEDICAL HOLDINGS, INC HOYT SZE, AND ARACELLI LONERGAN
2 were in control of Defendants Alta Newport Hospital, Inc. and
3 Foothill Regional Medical Center employee training.

4    50.   On or about August 24, 2017, Defendants FOOTHILL REGIONAL
5 MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL,
6 INC., PROSPECT MEDICAL HOLDINGS, INC., HOYT SZE, AND ARACELLI
7 LONERGAN negligently controlled, managed, or conducted Defendants
8 Alta Newport Hospital, Inc. and Foothill Regional Medical Center's
9 employee training so as to cause Defendant's employee to publish
10 Plaintiff's personal, private, and identifiable medical records and
11 to directly and legally cause the injuries and damages described
12 below.

13    51.   As a direct and legal result of the negligence of
14 Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM
15 L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.,
16 HOYT SZE, AND ARACELLI LONERGAN negligence, Plaintiff was hurt and
17 injured in that her personal, private, and identifiable medical
18 records was published to Defendants Alta Newport Hospital, Inc. and
19 Foothill Regional Medical Center employee's public Facebook page
20 which injuries have caused, and continue to cause, Plaintiff great
21 mental, physical, emotional, and nervous pain and suffering. As a
22 result of these injuries, Plaintiff has suffered general damages.

23    52.   As a further direct and legal result of the negligence of
24 ALTA NEWPORT HOSPITAL, INC., ALTA HOSPITALS SYSTEM L.L.C.  AND
25 FOOTHILL REGIONAL MEDICAL CENTER, PROSPECT MEDICAL HOLDINGS, INC.,
26 Plaintiff will incur related expenses. Plaintiff does not know at
27 this time the exact amount of expenses that have been incurred and
28 that will be incurred in the future.

14-

1   53.   As a further direct and legal result of the negligence of
2   Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM
3   L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.,
4   HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff must
5   expend money for repair of the damage to her reputation, credit, and
6   character, which is a reasonable sum for this repair.

7                        **FOURTH CAUSE OF ACTION**

8              **(For Breach of Contract Against All Defendants)**

9        54.   Plaintiff repeats and realleges Paragraphs 1 through 30,
10  Inclusive of the Complaint and incorporates said paragraphs herein as
11  if more fully set forth below.

12       55.   This action is subject to the provisions of Section 1812.10
13  of the Civil Code and Section 2984.4 of the Civil Code.

14       56.   On or about August 24, 2017, at Tustin, County of Orange,
15  California, Plaintiff HOLLY and Defendants ALTA NEWPORT HOSPITAL,
16  INC. AND FOOTHILL REGIONAL MEDICAL CENTER entered into a written
17  agreement, pursuant to which said Defendants agreed to provide
18  Plaintiff HOLLY with medical care and services. In this connection,
19  said Defendants gathered Plaintiff HOLLY's medical information,
20  personal information and medical history, performed examinations and
21  diagnostic services and commemorated all of said personal and medical
22  information within Plaintiff's medical records and chart. In
23  connection with the foregoing, said Defendants promised and agreed to
24  comply with all state and federal laws to maintain the privacy of
25  Plaintiff's confidential personal and medical information.

26       57.   Plaintiff has performed all conditions, covenants, and
27  promises required on her part to be performed in accordance with the
28  terms and conditions of the contract.

1    58.   On or about August 24, 2017, Defendants breached the

2   contract by publishing Plaintiff's personal, private, and

3   identifiable medical records without Plaintiff's approval or consent.

4    59.   As a result of Defendant's breach of the contract,

5   Plaintiff has suffered emotional distress, to her damage in a sum of

6   according to proof.

7                    **FIFTH CAUSE OF ACTION**

8    **(For Breach of Fiduciary Obligation Against All Defendants)**

9    60.   Plaintiff repeats and realleges Paragraphs 1 through 30,

10  Inclusive of the Complaint and incorporates said paragraphs herein as

11  if more fully set forth below.

12   61.   By entering into a contractual agreement with Plaintiff for

13  medical care, treatment, or attention Defendants ALTA NEWPORT

14  HOSPITAL, INC. AND FOOTHILL REGIONAL MEDICAL CENTER have created a

15  fiduciary relationship between Defendants and Plaintiff and said

16  fiduciary relationship existed at all relevant times.

17   62.   Defendants ALTA NEWPORT HOSPITAL, INC. AND FOOTHILL

18  REGIONAL MEDICAL CENTER have breached their fiduciary duty to

19  Plaintiff by the acts and omissions set forth in the First Cause of

20  Action, Second Cause of Action, Third Cause of Action, Fourth Cause

21  of Action, all to Plaintiff's damages, as set forth herein.

22                    **SIXTH CAUSE OF ACTION**

23   **(For Violation of Statute (Civil Code §56.10(a)) Against All**

24                         **Defendants)**

25   63.   Plaintiff repeats and realleges Paragraphs 1 through 30,

26  Inclusive of the Complaint, Paragraphs 32 through 39, inclusive, of

27  the First Cause of Action of the Complaint, Paragraphs 41 through 46

28  of the Second Cause of Action, Paragraphs 48 through 53 of the Third

                            16-

                    COMPLAINT FOR DAMAGES

1 Cause of Action and incorporates said paragraphs herein as if more

2 fully set forth below.

3    64.    At all times mentioned Defendants ALTA NEWPORT HOSPITAL,

4 INC. AND FOOTHILL REGIONAL MEDICAL CENTER were entities engaged in

5 the business of providing health care as defined by <u>California Civil</u>

6 <u>Code</u> §56.05(m) and <u>California Health and Safety Code</u> §1200 et seq.

7    65.    At all times mentioned Plaintiff was a member of the class

8 of persons sought to be protected by <u>California Civil Code</u> §56.10(a).

9    66.    By the aforementioned acts and omissions as alleged herein

10 Defendants ALTA NEWPORT HOSPITAL, INC. AND FOOTHILL REGIONAL MEDICAL

11 CENTER violated their statutory duties within California Civil Code

12 §56.10(a) and §56.101 by allowing their employee to photograph and

13 post to a public Facebook page Plaintiff's personal, private, and

14    67.    identifiable medical records.

### SEVENTH CAUSE OF ACTION

### (For Violation of Statute (<u>42 U.S.C. § 1320d-2</u>  Against All

### Defendants)

18    68.    Plaintiff repeats and realleges Paragraphs 1 through 30,

19 Inclusive of the Complaint, Paragraphs 32 through 39, inclusive, of

20 the First Cause of Action of the Complaint, Paragraphs 41 through 46

21 of the Second Cause of Action, Paragraphs 48 through 53 of the Third

22 Cause of Action, Paragraphs 61 through 62 of the Fifth Cause of

23 Action, Paragraphs 64 through 66 of the Sixth Cause of Action and

24 incorporates said paragraphs herein as if more fully set forth below.

25    69.    Defendants and each of them are persons within the

26 definition provided in <u>Title 42 U.S.C.</u> § 1320d -2.

27 ///

28 ///

17-

70.  Title 42 U.S.C. § 1320d-2 (Standards for information transactions and data elements) states in relevant part:

Each person described in section 1320d-1 (a) of this title who maintains or transmits health information shall maintain reasonable and appropriate administrative, technical, and physical safeguards—

(A) to ensure the integrity and confidentiality of the information;

(B) to protect against any reasonably anticipated—

(i) threats or hazards to the security or integrity of the information; and

(ii) unauthorized uses or disclosures of the information; and

(C) otherwise to ensure compliance with this part by the officers and employees of such person.

71. Plaintiff SALLY HOLLY alleges that by the wrongful disclosure of her personal and medical information and failure to protect, prevent or guard against same in the manner described in this Complaint, Defendants and each of them violated Title 42 U.S.C. § 1320d-5.

72. Title 42 U.S.C. § 1320d-5 (General penalty for failure to comply with requirements and standards) states in relevant part:

(C) in the case of a violation of such provision in which it is established that the violation was due to willful neglect—

(i) if the violation is corrected as described in subsection (b)(3)(A),[1] a penalty in an amount that is at least the amount described in paragraph (3)(C) but not to exceed the amount described in paragraph (3)(D);

(C) the amount described in this subparagraph is $10,000 for each such violation, except that the total amount imposed on the person for all such violations of an identical requirement or prohibition

18-

1  during a calendar year may not exceed $250,000; and

2  (D) the amount described in this subparagraph is $50,000 for each

3  such violation, except that the total amount imposed on the person

4  for all such violations of an identical requirement or prohibition

5  during a calendar year may not exceed $1,500,000.

6      73. Based on the foregoing, Plaintiff accordingly seeks

7  statutory damages pursuant to Title 42 U.S.C. § 1320d-5.

### FOR ALL CAUSES OF ACTION:

1.   For general damages for mental and emotional distress and
     other incidental damages according to proof at trial;

2.   For cost of suit herein incurred;

3.   For special damages for medical services incurred according
     to proof at trial.

4.   For such other and further relief as the  Court may deem
     just and proper.

### FOR THE FOURTH CAUSE OF ACTION:

1.   For attorney's fees and costs incurred according to proof
     at trial;

### FOR THE FIRST, SECOND, THIRD AND FIFTH CAUSE OF ACTION:

1.   For punitive and exemplary damages;

### FOR THE SIXTH CAUSE OF ACTION:

1.   Compensatory damages, punitive damages not to exceed three
     thousand dollars ($3,000), attorneys' fees not to exceed
     one thousand dollars ($1,000), and the costs of litigation
     pursuant to Civil Code §56.35.

### FOR THE SEVENTH CAUSE OF ACTION:

1.  Statutory damages pursuant to Title 42 U.S.C. § 1320d-2.

-19-

COMPLAINT FOR DAMAGES

1   during a calendar year may not exceed $250,000; and

2   (D) the amount described in this subparagraph is $50,000 for each

3   such violation, except that the total amount imposed on the person

4   for all such violations of an identical requirement or prohibition

5   during a calendar year may not exceed $1,500,000.

6      73. Based on the foregoing, Plaintiff accordingly seeks

7   statutory damages pursuant to Title 42 U.S.C. § 1320d-5.

8                 **FOR ALL CAUSES OF ACTION:**

9     1.   For general damages for mental and emotional distress and

10         other incidental damages according to proof at trial;

11     2.   For cost of suit herein incurred;

12     3.   For special damages for medical services incurred according

13         to proof at trial.

14     4.   For such other and further relief as the  Court may deem

15         just and proper.

16              **FOR THE FOURTH CAUSE OF ACTION:**

17     1.   For attorney's fees and costs incurred according to proof

18         at trial;

19      **FOR THE FIRST, SECOND, THIRD AND FIFTH CAUSE OF ACTION:**

20     1.   For punitive and exemplary damages;

21              **FOR THE SIXTH CAUSE OF ACTION:**

22     1.   Compensatory damages, punitive damages not to exceed three

23         thousand dollars ($3,000), attorneys' fees not to exceed

24         one thousand dollars ($1,000), and the costs of litigation

25         pursuant to Civil Code §56.35.

26             **FOR THE SEVENTH CAUSE OF ACTION:**

27     1. Statutory damages pursuant to Title 42 U.S.C. § 1320d-2.

28

19-

1 | DATED: July 9, 2019

SANFORD JOSSEN
Attorney for Plaintiff
SALLY HOLLY

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**07/09/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: Heather A. Flores-Hernandez, Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
19STCV24211

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Mark V. Mooney | 68 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 07/12/2019
   (Date)

By Heather A. Flores-Hernandez , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **07/15/2019** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ Terry Scott _____ Deputy |
| PLAINTIFF: Salle Holly | |
| DEFENDANT: ALTA NEWPORT HOSPITAL, INC. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 19STCV24211 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/25/2019 | Time: 8:30 AM | Dept.: 68 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __07/15/2019__

_____ Mark V. Mooney / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sanford Jossen
136 Main Street
Suite E
El Segundo, CA 90245

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __07/15/2019__

By __Terry Scott__
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three