1 | SANFORD JOSSEN, Esq. #103724
OWEN SUTANTO, ESQ. - #321123
2 | 136 Main Street, Suite E
El Segundo, CA 90245
3 | Telephone: (310) 546-9118
Facsimile: (310) 546-3806
4 | E-Mail: Jossenlaw@aol.com

5 | Attorneys for Plaintiff,
SALLIE HOLLY

6

7

8 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

SALLIE HOLLY,                                    CASE NO.: 2:19-cv-07496-ODW
10                                               [MRWx]

11              Plaintiff,                       **FIRST AMENDED** COMPLAINT FOR
                                                 **DAMAGES FOR:**
12      vs.
                                                 1.    **PUBLIC DISCLOSURE OF**
13                                                     **PRIVATE FACTS**
ALTA NEWPORT HOSPITAL, INC., DBA                      **(INVASION OF PRIVACY);**
14 | FOOTHILL REGIONAL MEDICAL               2.    **NEGLIGENT DISCLOSURE;**
CENTER; ALTA HOSPITAL SYSTEMS              3.    **NEGLIGENT TRAINING;**
15 | L.L.C.; ALTA NEWPORT HOSPITAL,          4.    **BREACH OF CONTRACT;**
INC.; PROSPECT MEDICAL HOLDINGS,           5.    **BREACH OF FIDUCIARY**
16 | INC.; ARACELLI LONERGAN; HOYT Y.             **OBLIGATIONS;**
SZE AND DOES 1 THROUGH 100,                6.    **VIOLATION OF STATUTE**
17                                                     **(CALIFORNIA CIVIL CODE**
                                                     **§56.10(a));**
18              Defendants.                 7.    **VIOLATION OF 42 UNITED**
                                                     **STATES CODE § 1320d-6**
19                                                     **(WRONGFUL DISCLOSURE**
                                                     **OF INDIVIDUALLY**
20                                                     **IDENTIFIABLE HEALTH**
                                                     **INFORMATION);**
21                                         8.    **NEGLIGENT INFLICTION**
                                                     **OF EMOTIONAL DISTRESS.**
22

23

24      Plaintiff SALLIE HOLLY (hereinafter "Plaintiff" or "HOLLY") for

her Complaint against ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL
25
REGIONAL MEDICAL CENTER; ALTA HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT
26
HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC.; ARACELLI LONERGAN;
27
HOYT Y. SZE and DOES 1 through 100, inclusive, allege as follows:
28

-1-

A. **BASIS FOR VENUE AND JURISDICTION**:

1.    At all times mentioned herein, Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. and DOES 1 through 100 maintained its and their principle place[s] of business and operation within the jurisdiction of the Central Judicial District of the Los Angeles Superior Court.

2.    Venue is proper in this district under 28 USC § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

3.    Plaintiff brings this class action against Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. and DOES 1 through 100 for its failure to implement and maintain reasonable security measures over personally identifiable information – in particular the name, address, telephone number, Social Security number and personal medical information including medical conditions, diagnosis, prognosis, medication protocol and other information protected by Federal HIPAA and State law under which composes medical files for patients in Defendant's medical facilities.

4.    On September 5, 2017, Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. sent a letter to Plaintiff informing her that her name, address, telephone number, Social Security number and medical information (the "Personal Information") was accessed, uploaded and posted on the Internet where it was viewed by unauthorized individuals while at the same time being maintained by said Defendants (the "Data Breach"). The letter admits that

-2-

1  Plaintiff's Personal Information was posted and published on the
2  Internet by Defendant's employee, where it could be found for all to
3  see. Plaintiff is informed and believes and thereon alleges that
4  publication of her personal information may have gone on much longer
5  and that much more of Plaintiff's information may have been exposed
6  than was described by said Defendants in Defendant's letter.

7      5.   Plaintiff is informed and believes and thereon alleges that
8  as a result of the Data Breach, Plaintiff and other class members
9  Personal Information, and perhaps more information is now in the
10 hands of unknown persons who may use said information for criminal or
11 nefarious purposes to the damage of Plaintiff. This situation would
12 not exist but for Defendant's Data Breach. Plaintiff is concerned
13 that unauthorized persons will use, exploit and sell the personal
14 information to Plaintiff's damage and the damage of other class
15 members in order to commit identity theft and identity fraud and
16 commit other acts injurious and detrimental to Plaintiff and the
17 other class members.

18     6.   It is common knowledge that criminals use information like
19 the Personal Information of Plaintiff which has been illegally posted
20 on the Internet to commit various crimes, such as opening fraudulent
21 credit accounts in the name of the victim, filing fraudulent income
22 tax returns and diverting any refund for the criminal's bank account,
23 impersonating the victim when arrested, when obtaining medical
24 services, and seeking employment. These crimes cause significant harm
25 to victims that can last for years.

26     7.   The Data Breach was caused and enabled by said Defendants
27 violation of its obligations to implement and maintain reasonable
28 security measures to protect personal information from unauthorized

-3-

1  access, acquisition, destruction, use, modification and disclosure

2  and provide timely, adequate and non-misleading information of the

3  Data Breach to Plaintiffs herein.

**IDENTIFICATION OF THE PARTIES**

5  **B.    DESCRIPTION OF THE PLAINTIFF:**

6      8.    At all times mentioned herein, Plaintiff was a resident of

7  the County of Orange within the Central Judicial District of the

8  Orange County Superior Court.

9      9.    At all times mentioned herein, Plaintiff SALLIE HOLLY was

10  an adult female.

11  **C.    DESCRIPTION OF THE DEFENDANTS:**

12      **(1) ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL**

13      **CENTER:**

14      10.    Plaintiff is informed and believes and thereon alleges that

15  at all times mentioned herein, Defendant ALTA NEWPORT HOSPITAL, INC.,

16  DBA FOOTHILL REGIONAL MEDICAL CENTER, a California Corporation, is a

17  corporation organized in California, conducts substantial business in

18  California, is qualified to do business under the laws of the State

19  of California, maintains executive offices in Los Angeles,

20  California, and was at all times doing business in California

21  including but not limited to offering, providing and selling

22  Healthcare services. Plaintiff is informed and believes and thereon

23  alleges that Defendant ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL

24  REGIONAL MEDICAL CENTER, a California Corporation, is authorized to

25  transact and is transacting business in California as a healthcare

26  provider throughout the State of California to members of the public

27  including Plaintiff.

28      11.    Plaintiff is informed and believes and thereon alleges that

-4-

1  at all times mentioned herein, Defendant ARACELLI LONERGAN, is

2  employed as Hospital Administrator by Defendant FOOTHILL REGIONAL

3  MEDICAL CENTER, and is authorized to conduct business on behalf of

4  Defendant FOOTHILL REGIONAL MEDICAL CENTER and at all times mentioned

5  herein was acting in the course and scope of her employment and under

6  the supervision and with the acquiescence of her co-Defendants.

7      12.  Plaintiff is informed and believes and thereon alleges that

8  at all times mentioned herein, Defendant HOYT Y. SZE, is employed as

9  a Privacy Officer by Defendant FOOTHILL REGIONAL MEDICAL CENTER, and

10 is authorized to conduct business on behalf of Defendant FOOTHILL

11 REGIONAL MEDICAL CENTER and at all times mentioned herein was acting

12 in the course and scope of his employment and under the supervision

13 and with the acquiescence of his co-Defendants.

14     **(2) ALTA HOSPITALS SYSTEM L.L.C.:**

15     13.  Plaintiff is informed and believes and thereon alleges that

16 at all times mentioned herein, Defendant ALTA HOSPITAL SYSTEMS L.L.C.

17 is a limited liability corporation organized in California, conducts

18 substantial business in California, is qualified to do business under

19 the laws of the State of California, maintains executive offices in

20 Los Angeles, California, and was at all times doing business in

21 California including but not limited to offering, providing and

22 selling Healthcare services. Plaintiff is informed and believes and

23 thereon alleges that Defendant ALTA HOSPITAL SYSTEMS L.L.C. is

24 authorized to transact and is transacting business in California as a

25 healthcare provider throughout the State of California to members of

26 the public including Plaintiff. Plaintiff is further informed and

27 believes and thereon alleges that at all times mentioned herein

28 Defendant ALTA HOSPITAL SYSTEMS L.L.C. is doing business as ALTA

-5-

1 NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER.

2 **(3) ALTA NEWPORT HOSPITAL, INC.:**

3 14. Plaintiff is informed and believes and thereon alleges that
4 at all times mentioned herein, Defendant ALTA NEWPORT HOSPITAL, INC.,
5 a California Corporation, is a corporation organized in California,
6 conducts substantial business in California, is qualified to do
7 business under the laws of the State of California, maintains
8 executive offices in California, and was at all times doing business
9 in California including but not limited to offering, providing and
10 selling Healthcare services. Plaintiff is informed and believes and
11 thereon alleges that Defendant ALTA NEWPORT HEALTH, INC., a
12 California Corporation, is authorized to transact and is transacting
13 business in California as a healthcare provider throughout the State
14 of California to members of the public including Plaintiff.

15 **(4) PROSPECT MEDICAL HOLDINGS, INC.:**

16 15. Plaintiff is informed and believes and thereon alleges that
17 at all times mentioned herein, Defendant PROSPECT MEDICAL HOLDINGS,
18 INC., a California Corporation, is a corporation organized in
19 California, conducts substantial business in California, is qualified
20 to do business under the laws of the State of California, maintains
21 executive offices in Los Angeles, California, and was at all times
22 doing business in California including but not limited to offering,
23 providing and selling Healthcare services. Plaintiff is informed and
24 believes and thereon alleges that Defendant PROSPECT MEDICAL
25 HOLDINGS, INC., a California Corporation, is authorized to transact
26 and is transacting business in California as a healthcare provider
27 throughout the State of California to members of the public including
28 Plaintiff.

-6-

COMPLAINT FOR DAMAGES

1     16.   Plaintiff HOLLY is informed and believes and thereon

2  alleges that at all times mentioned herein that Defendants ALTA

3  HOSPITAL SYSTEMS, L.L.C. and PROSPECT MEDICAL HOLDINGS, INC. owned

4  and operated and was responsible for the administration, operation

5  and business conducted by Defendants ALTA NEWPORT HOSPITAL, INC. and

6  FOOTHILL REGIONAL MEDICAL CENTER.

7     17.   The true names and capacities, whether individual,

8  corporate or otherwise of Defendant DOES 1 through 50, inclusive, are

9  unknown to Plaintiffs and Plaintiffs therefore sues said Defendants

10  by such fictitious names. Plaintiffs will amend this Complaint

11  accordingly when the true names and capacities of such fictitious

12  Defendants are ascertained.

13     18.   Plaintiffs are informed and believe and thereon allege that

14  each of the Defendants designated herein as a DOE were responsible,

15  directly or in some other actionable manner, for the events and

16  matters, losses and damages to Plaintiff as alleged herein.

17     19.   Plaintiff is informed and believes and thereon alleges that

18  at all times mentioned herein, DOES 1 through 10, inclusive, were and

19  are the agents, representatives and/or employees of Defendant

20  FOOTHILL REGIONAL MEDICAL CENTER and said Defendants were at all

21  times acting within the course and scope of such agency,

22  representation and employment, and under the supervision, direction

23  and control of Defendant FOOTHILL REGIONAL MEDICAL CENTER.

24     20.   Plaintiff is informed and believes and thereon alleges that

25  at all times mentioned herein, DOES 11 through 20, inclusive, were

26  and are the agents, representatives and/or employees of Defendant

27  ALTA HOSPITAL SYSTEMS, INC. and said Defendants were at all times

28  acting within the course and scope of such agency, representation and

1  employment, and under the supervision, direction and control of
2  Defendant ALTA HOSPITAL SYSTEMS, INC..

3      21.  Plaintiff is informed and believes and thereon alleges that
4  at all times mentioned herein, DOES 21 through 30, inclusive, were
5  and are the agents, representatives and/or employees of Defendant
6  ALTA NEWPORT HEALTH, INC. and said Defendants were at all times
7  acting within the course and scope of such agency, representation and
8  employment, and under the supervision, direction and control of
9  Defendant FOOTHILL REGIONAL MEDICAL CENTER.

10     22.  Plaintiff is informed and believes and thereon alleges that
11 at all times mentioned herein, DOES 31 through 40, inclusive, were
12 and are the agents, representatives and/or employees of Defendant
13 ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER and
14 said Defendants were at all times acting within the course and scope
15 of such agency, representation and employment, and under the
16 supervision, direction and control of Defendant FOOTHILL REGIONAL
17 MEDICAL CENTER.

18     **GENERAL ALLEGATIONS APPLICABLE TO ALL ALLEGATIONS**

19     23.  At all times mentioned herein Plaintiff SALLY HOLLY was a
20 patient at Defendant FOOTHILL REGIONAL MEDICAL CENTER. In this
21 connection, in March 2017, Plaintiff Sally Holly presented to and
22 submitted to Defendant FOOTHILL REGIONAL MEDICAL CENTER for purposes
23 of the receipt of medical care, consultation and surgery for which
24 Plaintiff SALLY HOLLY agreed to pay said Defendant compensation. As
25 part of the admission process, Plaintiff SALLY HOLLY provided said
26 Defendant with her medical and personal identification information.
27 As a result of her submission for medical care, said Defendant
28 examined, treated and diagnosed Plaintiff and commemorated her

-8-

1  condition as part of her medical records. At all times mentioned
2  herein, Plaintiff SALLY HOLLY reasonably expected and had been
3  assured that her personal information and medical information as well
4  as all information obtained or derived from her examination,
5  treatment and care by Defendant FOOTHILL REGIONAL MEDICAL CENTER
6  would be kept confidential and would not be disclosed in violation of
7  applicable State and Federal law.

8      24.  On or about September 5, 2017 Defendant ALTA HOSPITAL
9  SYSTEMS, LLC transmitted a letter to Plaintiff SALLY HOLLY advising
10 her that Defendant "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL
11 REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of
12 your Protected Health Information("PHI"). On August 24, 2017, a new
13 employee was training on a software program by viewing medical
14 records on a computer. The employee took six photographs of medical
15 records on her personal cellular telephone, some of which were your
16 medical records...the employee accidentally posted the photographs on
17 her public Facebook account. On August 25, 2107, a physician notified
18 Hospital management that the photographs had been posted.... The
19 information in the medical records included your name, date of birth,
20 account number and other diagnostic and treatment information...."

21     25.  Upon receipt of said letter described in paragraph 24
22 above, Plaintiff Sally HOLLY contacted Defendant FOOTHILL REGIONAL
23 MEDICAL CENTER to seek remediation, but received no response.

24     26.  On January 31, 2018, Plaintiff's counsel sent Alta Hospital
25 System, LLC. dba Foothill Regional Medical Center a letter explaining
26 Plaintiff's damages resulting from Defendant's negligence. There was
27 no response.

28     27.  On March 30, 2018, Plaintiff's counsel wrote to Araceli

-9-

1   Lonergan, Hospital Administrator at Alta Hospital System, LLC.
2   dba Foothill Regional Medical Center once again explaining
3   Plaintiff's damages resulting from Defendant's negligence. There was
4   no response.

5       28.   On March 30, 2018, Plaintiff's counsel wrote to Hoyt Sze,
6   Privacy Officer at Alta Hospital System, LLC. dba Foothill Regional
7   Medical Center once again explaining Plaintiff's damages resulting
8   from Defendant's negligence. There was no response.

9       29.   On June 12, 2018, Plaintiff's counsel's office called
10  Defendant FOOTHILL REGIONAL MEDICAL CENTER and spoke to Celeste in
11  hospital administration regarding the disclosure of Plaintiff's
12  information. Celeste transferred the call to "Larry", the Chief
13  Operating Officer who said he would address Plaintiff's concerns.
14  Larry never got back to Plaintiff's counsel.

15      30.   On June 13, 2018, Plaintiff's counsel's office called
16  Defendant FOOT REGIONAL MEDICAL CENTER's General Counsel, Ellen Chen
17  regarding these issues. Ellen Chen never responded to Plaintiff's
18  concerns.

19      31.   On June 15, 2018, Plaintiff's counsel's office sent a
20  letter sent to Defendants and its employees to Ana Lopez at Defendant
21  Prospect Medical. There was no response from any of the Defendants.

22      32.   On June 15, 2018, Plaintiff's counsel again called Ellen
23  Chen and spoke to Anna Lopez. There was no response from Defendants
24  or any of them.

25      33.   Plaintiff alleges that she has provided more than adequate
26  notice to Defendants and each of them of her concerns. Plaintiff
27  alleges that Defendants and each of their conduct is indicative of a
28  reckless disregard for Plaintiff and Defendant's patients.

34.   Plaintiff is informed and believes and thereon alleges that Plaintiff and other class members personal information was accessed, viewed, uploaded, published, acquired, and stolen by employees of FOOTHILL REGIONAL MEDICAL CENTER who were working in the course and scope of their employment and under the supervision of Defendant FOOTHILL REGIONAL MEDICAL CENTER and its co-Defendants.

35.   Plaintiff alleges that Defendants failed to disclose to Plaintiff for almost 2 weeks, if not more, that her personal information had been compromised, uploaded to the Internet and published. Data thieves had at least 2 weeks, if not more, from the alleged beginning of the Data Breach until notification of the publication that Plaintiff's information was compromised and exposed with no victim aware of the threat to their confidentiality.

36.   The letter sent to Plaintiff did not identify the number of affected individuals. However, Plaintiff has reason to believe that the number of impacted individuals is large and that she is not the only one.

37.   Given the history set forth above, by all appearances, Defendants refused to respond to concerned individuals including Plaintiff herein, making this litigation necessary.

38.   As a direct and foreseeable result of Defendant ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. failures, Plaintiff and the other class members personal information was uploaded and placed on to unsecure and vulnerable online locations. Plaintiff is informed and believes and thereon alleges that the Personal Information (and perhaps more) was accessed, viewed, obtained, downloaded and is now in the hands of

-11-

1 unknown individuals intent on using the information to harm Plaintiff

2 and other class members.

3     39.  According to the United States Department of Justice Bureau

4 of Justice statistics, an estimated 17.6 million people were victims

5 of one or more incidents of identity theft in 2014.[1]

6     40.  The FTC cautions that identity theft wreaks havoc on

7 consumers and finances, credit history and reputation and can take

8 time, money and patience to resolve. Identity thieves use stolen

9 personal information for a variety of crimes, including credit card

10 fraud, phone or utilities fraud and bank/finance fraud.[2]

11     41.  Personal information is such a valuable commodity to

12 identity thieves that once the information has been compromised,

13 criminals often trade the information on the "cyber black market" for

14 a number of years.[3] As a result of recent large-scale data breaches,

15 identity thieves and cyber criminals have openly posted stolen

16 private information directly on various Internet websites, making the

---

[1]. See "victims of identity theft", 2014, DOJ at (2015), available at www.theJS.gov/content/PUD/PDF/VIT 14.pdf.

[2]. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 16 CFR section 603.2. The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify specific person," including, among other things, "name, Social Security number, date of birth, official state or government issued a driver's license or identification number, alien registration number, Government passport number, employer or taxpayer information." Id.

[3]. Companies, in fact, also recognize Personal Information is an extremely valuable commodity akin to a form of personal property. See: John T. Soma, et al., Corporate Privacy Trend: The "Value of Personally Identifiable Information ("Personal Information") equals the "Value" of Financial Assets, 15 Rich. J. L. & Tech. 11, at 3 - 4 (2009).

---

1  information publicly available.

2      42.  In fact, "[a] quarter of consumers that received data

3  breach letters (in 2012) wound up becoming a victim of identity

4  fraud."[4]

5      43.  At an FTC public workshop in 2001, then Commissioner Orson

6  Swindle described the value of a consumers personal information as

7  follows:

8          The use of third-party information from public records,

9          information aggregators and even competitors for marketing has

10         become a major facilitator of our retail economy. Even (Federal

11         Reserve) chairman (Allen) Greenspan suggested here some time ago

12         that it is something on the order of the lifeblood, the free

13         flow of information.[5]

14     44.  Commissioner Swindle's 2001 remarks are even more relevant

15  today, as consumers personal data functions as a "new form of

16  currency" that supports a $26 billion per year online advertising

17  industry in the United States.[6]

18     45.  The FTC has also recognized that consumer data is a new

19  (invaluable) form of currency. In an FTC Roundtable presentation,

20

21     [4]. One in Four that Receive Data Breach Letters Affected By Identity
22  Theft, available at
    thelog.casperski.com/data-breach-letters-affected-by-
23  identity-theft/.

24     [5]. Federal Trade Commission public workshop, the information
25  marketplace: merging and exchanging consumer data available at
    www.ftc.gov/sitesdefaultfilesforward/documents/public_events/informa
26  tion - marketplace - merging - and - exchanging - consumer -
    data/transcript.pdf.
27

28     [6]. See: Julia Angwin,& Emily Steele, Webb's Hot New Commodity:
    privacy, the Wall Street Journal.

-13-

1  another former commissioner, Pamela Jones Harbour, stated:

2           Most consumers cannot begin to comprehend the type and

3           amount of information collected by businesses, or why their

4           information may be commercially valuable. Data is currency.

5           The larger the data set, the greater potential for analysis

6           - and profit.[7]

7       46.  Recognizing the high value that consumer's place on their

8  personal information, many companies now offer consumers an

9  opportunity to sell this information. The idea is to give consumers

10  more power and control over the type of information that they share

11  and who ultimately receives that information and by making the

12  transaction transparent, consumers will make a profit from their

13  personal information. This business created a new market for the sale

14  and purchase of this valuable data.

15      47.  Consumers place a high value not only on their personal

16  information, but also on the privacy of that data. Researchers have

17  already begun to shed light on how much consumers value their data

18  privacy, and the amount is considerable. Indeed, studies confirm that

19  the average direct financial loss for victims of identity theft in

20  2014 was $1,349.00.[8]

21      48.  The value of Plaintiffs and class members personal

22  information on the black market is substantial. By way of the data

23  breach, Defendants have deprived Plaintiff and class members of the

24  substantial value of their Personal Information. Rather than have an

25

26      [7]. Statement of FTC commissioner Pamela Jones Harbour-remarks
    before FTC exploring privacy roundtable, (December 7, 209).

27

28      [8]. See: Department of Justice, victims of identity theft, 214, at
    6 (2015), www.bjs.gov/contentbobpdfvit14.pdf.

-14-

COMPLAINT FOR DAMAGES

1  unknown third party realize the value of her personal information,

2  Plaintiff would choose to realize that value herself.

3      <u>DAMAGES SUSTAINED BY PLAINTIFF AND OTHER CLASS MEMBERS</u>:

4      49.  As a direct and proximate result of the aforementioned

5  acts, Plaintiff SALLY HOLLY suffered emotional harm and distress and

6  has been injured in her mind and body. Defendants' conduct was

7  willful, wanton and despicable, and in conscious disregard of the

8  safety and health of Plaintiff SALLY HOLLY and Plaintiff HOLLY is

9  entitled to punitive and exemplary damages therefor pursuant to <u>Civil</u>

10 <u>Code</u> §3294 according to proof at trial.

11     50.  As a direct and proximate result of the negligence,

12 carelessness and recklessness and conscious disregard of Defendants

13 and each of them, Plaintiff SALLY HOLLY experienced fear of identity

14 theft, embarrassment, anxiety, emotional pain and upset.

15     51.  As a further direct and proximate result of Defendants and

16 each of them and Defendant's and each of its officers, directors and

17 managing agents failure to monitor, supervise and train its employees

18 to protect the privacy and confidentiality of its patients and to

19 respond to its patients and their lawful concerns, Plaintiff was

20 injured in her health, strength and activity, sustaining injury to

21 her nervous system and person, all of which injuries have caused and

22 continue to cause Plaintiff great mental, physical, emotional and

23 nervous pain and suffering. As a result of these injuries, Plaintiff

24 has suffered general damages, the exact nature and extent of which

25 are not known at this time. Plaintiff will ask leave of this Court to

26 assert the same when such damages have been ascertained.

27     52.  Plaintiff and other members of the class have suffered

28 injury and damages, including, but not limited to: (i) an increased

-15-

1  risk of identity theft and identity fraud; (ii) improper disclosure
2  of their personal information, which is now in the hands of potential
3  criminals; (iii) the value of time spent mitigating the increased
4  risk of identity theft and identity fraud; (iv) the value of their
5  time and expenses associated with mitigation, remediation, and
6  sorting out the risk of fraud and actual instances of fraud; and
7  (v) deprivation of the value of their personal information, for which
8  there is a well-established national and international market.

9      53.    Plaintiff and the other class members have suffered and
10  will continue to suffer additional damages based on the opportunity
11  cost and value of time the Plaintiffs and other class members have
12  been forced to expend and must expend in the future to monitor their
13  financial accounts and credit files as a result of the Data Breach.

14  **CLASS ALLEGATIONS:**

15      54.    Plaintiff brings this action on behalf of herself and as a
16  class action pursuant to the provisions of Rule 23 of the Federal
17  Rules of Civil Procedure on behalf of a class defined as:

18          a.    All persons who have been patients of Defendants ALTA
19              NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL
20              CENTER; ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT
21              HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND
22              DOES 1 THROUGH 50, whose personal data has been
23              published without their permission on the Internet
24              during the Data Breach that occurred from at least
25              August 24, 2017 to September 5, 2017 including all
26              persons who were sent the September 5, 2017 letter
27              informing them of the Data Breach.
28      Excluded from the foregoing class or Defendant and its

-16-

1 affiliates, parents, subsidiaries, employees, officers, agents and
2 directors. Also excluded is any judicial officer presiding over this
3 matter and the members of their immediate families and judicial
4 staff.

5      55.   Certification of Plaintiff's claims for classwide
6 treatment is appropriate because Plaintiff can prove the elements of
7 her claims on a classwide basis using the same evidence as would be
8 used to prove those elements in individual actions alleging the same
9 claims.

10     56.   **Numerosity – <u>Federal Rules of Civil Procedure</u> section
11 23(a)(1).** Class members are so numerous that joinder of all class
12 members would be impracticable. The precise number of Class members
13 and their addresses are presently unknown to Plaintiff, but may be
14 ascertained from Defendant's records. Class members may be notified
15 of the pendency of this action by mail, email, Internet postings, or
16 publication.

17     57.   **Typicality – <u>Federal Rule of Civil Procedure</u> Section 23
18 (a)(3).** Plaintiff's claims are typical of the claims of the other
19 class members because, among other things, all class members were
20 comparably injured through Defendant's uniform misconduct described
21 above and with us all subject to the Data Breach alleged herein.
22 There are no defenses available to Defendant that are unique to
23 Plaintiff.

24     58.   **Adequacy of representation – <u>Federal Rule of Civil
25 Procedure</u> Section 23(a)(4).** Plaintiff is an adequate class
26 representative because her interests  do not conflict with the
27 interests of the other class members she seeks to represent, she has
28 retained counsel competent and experienced and complex Class action

1  litigation, and Plaintiff will prosecute this action vigorously. The
2  other class members interests will be fairly and adequately protected
3  by Plaintiff and her counsel.

4      59.   **Superiority – Federal Rules of Civil Procedure Section**
5  **23(b)(3).**   Class action is superior to any other available means for
6  the fair and efficient adjudication of this controversy, and no
7  unusual difficulties are likely to be encountered in the management
8  of this class action. The damages or other financial detriment
9  suffered by Plaintiff and the other Class members are relatively
10 small compared to the burden and expense that would be required to
11 individually litigate their claims against Defendants ALTA NEWPORT
12 HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS
13 SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL
14 HOLDINGS, INC. AND DOES 1 THROUGH 50, so it would be impractical for
15 Class members to individually seek redress for said Defendant's
16 wrongful conduct. Even if Class members could afford individual
17 litigation, the court system could not. Individualized litigation
18 creates a potential for inconsistent or contradictory judgments, and
19 increases the delay and expense to all parties and the court system.
20 By contrast, the class action device presents far fewer management
21 difficulties and provides the benefits of single adjudication,
22 economy of scale, and comprehensive supervision by a single Court.

23     60.   **Commonality and predominance – Federal Rules of Civil**
24 **Procedure section 23(a)(2) and (23(b)(3).** Common questions of law and
25 fact exist as to all Class members and predominate over questions
26 affecting only individual Class members. Such common questions of law
27 or fact include, *inter alia*:

28                 a. Whether Defendants ALTA NEWPORT HOSPITAL, INC., DBA

-18-

1    FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.;

2    ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND

3    DOES 1 THROUGH 50, used reasonable care and reasonable methods

4    to secure and safeguard Plaintiff and the other Class member's

5    Personal Information;

6         b.   Whether Defendants ALTA NEWPORT HOSPITAL, INC., DBA

7    FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.;

8    ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND

9    DOES 1 THROUGH 50, properly implemented appropriate security

10   measures to protect Plaintiff and other Class members Personal

11   Information from unauthorized capture, dissemination,

12   publication and misuse;

13        c.   Whether Defendants ALTA NEWPORT HOSPITAL, INC., DBA

14   FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.;

15   ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND

16   DOES 1 THROUGH 50, took reasonable measures to determine the

17   extent of the Data Breach after it first learned of same;

18        d. Whether Defendants ALTA NEWPORT HOSPITAL, INC., DBA

19   FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.;

20   ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND

21   DOES 1 THROUGH 50, provided timely and adequate notification of

22   the Data Breach after it first learned of same;

23         e. Whether Defendants ALTA NEWPORT HOSPITAL, INC., DBA

24   FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.;

25   ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND

26   DOES 1 THROUGH 50, willfully, recklessly, or negligently failed

27   to maintain and execute reasonable procedures designed to

28   prevent unauthorized access to Plaintiff and Class members

-19-

COMPLAINT FOR DAMAGES

1   Personal Information;

2          f. Whether Defendants ALTA NEWPORT HOSPITAL, INC., DBA

3   FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.;

4   ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND

5   DOES 1 THROUGH 50, was negligent in failing to properly secure

6   and protect Plaintiff and the other Class members Personal

7   Information;

8          g. Whether Plaintiff and the other Class members of

9   the class are entitled to damages, injunctive relief, or other

10  relief.

11      61.  Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL

12  REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT

13  HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. AND DOES 1 THROUGH

14  50, engaged in a common course of conduct giving rise to the legal

15  the claims of Plaintiff and Class members. Similar or identical,

16  common law and statutory violations, business practices, and injuries

17  are involved. Individual questions, if any, pale by comparison, in

18  both quality and quantity, to the numerous common questions the

19  dominate this action.

20              **FIRST CAUSE OF ACTION**

21  **(For Public Disclosure of Private Facts (Invasion of Privacy) Against**

22  **Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL**

23  **CENTER; ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC.;**

24  **PROSPECT MEDICAL HOLDINGS, INC. HOYT SZE, ARACELLI LONERGAN, AND DOES**

25              **1 THROUGH 50, Inclusive)**

26      62.  Plaintiff Holly repeats and realleges Paragraphs 1 through

27  61, inclusive, of the Complaint and incorporate said paragraphs

28  herein as if more fully set forth below.

-20-

1    63.   On or about August 24, 2017, Defendant ALTA NEWPORT
2 HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA HOSPITALS
3 SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC.; PROSPECT MEDICAL
4 HOLDINGS, INC.'s  employee, DOE 31 without Plaintiff's consent,
5 invaded Plaintiff's and other class members right to privacy by
6 photographing Plaintiff's and other class members personal, private,
7 and identifiable medical records and uploading those photographs to
8 Defendant employee's public Facebook page.

9    64.   Plaintiff HOLLY is informed and believes and thereon
10 alleges that as a direct and proximate result of Defendant's
11 employees actions and the negligent supervision and monitoring of
12 same by the named corporate Defendant's herein, Plaintiff's and other
13 class members name, date of birth, medical account numbers, other
14 personal and identifying information and her diagnostic, medical and
15 treatment information became publicly available without her consent,
16 permission or approval.

17    65.   The act that is the basis of the invasion of privacy is
18 Defendant's employee posting the photographs of Plaintiff's and other
19 class members medical records to her public Facebook page.

20    66.   The disclosure by Defendants was a public disclosure to a
21 large number of people in that it was posted to a publicly accessible
22 Facebook page.

23    67.   The facts disclosed about Plaintiff and other class members
24 were private facts that Plaintiff desired to keep private. The facts
25 disclosed by Defendant's employee included but were not limited to
26 confidential, personal, and identifiable medical records and other
27 identifying information regarding Plaintiff and other class members.

28    68.   The disclosure by Defendant's employee of the above

-21-

1  Personal Information was offensive and objectionable to Plaintiff and
2  other class members and to a reasonable person of ordinary
3  sensibilities in that the records published to Facebook are extremely
4  personal and private. The records reveal Plaintiff HOLLY's and other
5  class members medical and personal information.

6      69.  The private facts disclosed by Defendant's employee were
7  not of legitimate public concern, or newsworthy. The disclosed facts
8  were intrusive in great disproportion to any relevance.

9      70.  As a proximate result of the above disclosure, Plaintiff
10 HOLLY and other class members was exposed to embarrassment in the
11 community, humiliation, mental anguish, and suffering, all to her
12 general damage in an amount according to proof.

13                    **SECOND CAUSE OF ACTION**

14       **(For Negligence (Disclosure) against all Defendants)**

15     71.  Plaintiff Holly repeats and realleges Paragraphs 1 through
16 61, inclusive, of the Complaint and Paragraphs 63 through 70,
17 inclusive, of the First Cause of Action, and incorporates said
18 paragraphs herein as if more fully set forth below.

19     72.  Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL
20 REGIONAL MEDICAL CENTER; ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT
21 HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC. HOYT SZE, ARACELLI
22 LONERGAN, AND DOES 1 THROUGH 50, Inclusive, owed numerous duties to
23 Plaintiff and the other members of the class. These duties include
24 the duty:

25         a.  to exercise reasonable care in obtaining, retaining,
26 securing, safeguarding, and protecting personal information in its
27 possession;

28         b.  to protect personal information in its possession using

-22-

1 reasonable and adequate security procedures that are compliant with
2 industry standard practices and the practices and certifications
3 represented to Plaintiff and other patients which Defendants had
4 voluntarily undertook to implement; and,

5        c.  to implement processes to quickly detect a Data Breach
6 and to timely act on warnings about Data Breaches, including promptly
7 and sufficiently notifying Plaintiff and the other members of the
8 class of the Data Breach.

9    73.  Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
10 SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
11 HOLDINGS, INC., as licensed medical facilities employing doctors,
12 nurses and other health care practitioners, knew or should have known
13 the importance of collecting and storing personal information and the
14 importance of maintaining security systems and the risks of
15 inappropriate dissemination.

16    74.  Given the nature of said Defendant's business, the
17 sensitivity and value of the information it maintains, and the
18 resources at its disposal, Defendants FOOTHILL REGIONAL MEDICAL
19 CENTER, ALTA HOSPITALS SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC.,
20 PROSPECT MEDICAL HOLDINGS, INC., should have identified the
21 vulnerabilities to its system, supervised its employees and prevented
22 the Data Breach from occurring.

23    75.  Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
24 SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
25 HOLDINGS, INC., should have known that it system and provisions for
26 the supervision of employees did not adequately safeguard Plaintiff's
27 and the other class members personal information.

28    76.  On or about August 24, 2017, Plaintiff was a patient of

-23-

1  Defendants ALTA NEWPORT HOSPITAL, INC. and FOOTHILL REGIONAL MEDICAL
2  CENTER.

3      77.   On or about August 24, 2017 at Foothill Regional Medical
4  Center, Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
5  SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
6  HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN, and each of them,
7  were managing, maintaining, in possession of, or in control, of
8  Plaintiff HOLLY's medical records and all related personal and
9  identifying information.  Defendants FOOTHILL REGIONAL MEDICAL
10  CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC.,
11  HOYT SZE, AND ARACELLI LONERGAN were bound by a contractual
12  relationship with Plaintiff HOLLY as their client, patient, patron,
13  and consumer.

14      78.   On or about August 24, 2017 at Foothill Regional Medical
15  Center, Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
16  SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
17  HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN negligently managed,
18  maintained, possessed, or controlled Plaintiff's medical records and
19  Personal Information and negligently supervised its staff so as to
20  cause or to negligently fail to prevent  Plaintiff's personal,
21  private, identifiable medical records to be published on a public
22  Facebook page and to directly and legally cause the injuries and
23  damages described below.

24      79.   Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS
25  SYSTEM L.L.C.; ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL
26  HOLDINGS, INC., breached the duties it owed to Plaintiff and the
27  Class members in several ways, including:

28          a.   By failing to implement adequate security systems,

-24-

protocols and practices sufficient to protect personal information and thereby create a foreseeable, unreasonable risk of harm;

b. By failing to comply with the minimum industry data security standards and its own assurances of dated security;

c. By negligently performing voluntary undertakings to secure and protect the personal information it solicited, obtained and maintained; and,

d. By failing to timely and sufficiently discover and disclose to consumers that their personal information in been improperly acquired or act accessed in providing misleading and unfounded suggestions that their information (and by extension their identity) is not in the immediate peril it is in fact in.

80.  But for Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC., wrongful and negligent breach of the duties it owed to Plaintiff and the Class members, their personal information would not have been compromised.

81.  The injury and harm the Plaintiff and the other class members suffered was the direct and proximate result of said Defendants negligent conduct. Plaintiff and the other Class members suffered actual damages including improper disclosure of their Personal Information, lost value of their personal information, lost time and money incurred to mitigate and remediate the effects of the Data Breach, including the increased risk of identity theft that resulted and continues to face them.

-25-

82.   As a direct and legal result of the negligence of Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff was injured when her personal, private, and identifiable medical records were posted to a public Facebook page causing Plaintiff great mental, physical, emotional, and nervous pain and suffering. As a result of these injuries, Plaintiff has suffered general damages.

83.   As a further direct and legal result of the negligence of Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff HOLLY has incurred, and will continue to incur, legal expenses. Plaintiff HOLLY does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

84.   As a further direct and legal result of the negligence of Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC., HOYT SZE, AND ARACELLI LONERGAN, and each of them, Plaintiff must expend money in an amount according to proof for repair of the damage to her reputation, credit, and character, which is a reasonable sum for this repair. Plaintiff will amend her Complaint when the full extent of her damages becomes known or according to proof at Trial.

### THIRD CAUSE OF ACTION

### (For Negligent Training Against All Defendants)

85.   Plaintiff repeats and realleges Paragraphs 1 through 61, inclusive, of the Complaint, Paragraphs 63 through 70, inclusive, of the First Cause of Action, Paragraphs 72 through 84, inclusive, of

COMPLAINT FOR DAMAGES

1  the Second Cause of Action and incorporates said paragraphs herein as
2  if more fully set forth below.

3      86.  On or about August 24, 2017, Plaintiff was a patient of
4  Defendants ALTA NEWPORT HOSPITAL, INC. AND FOOTHILL REGIONAL MEDICAL
5  CENTER.

6      87.  On or about August 24, 2017, Defendants FOOTHILL REGIONAL
7  MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C.,ALTA NEWPORT HOSPITAL,
8  INC., PROSPECT MEDICAL HOLDINGS, INC. were in control of Defendants
9  Alta Newport Hospital, Inc. and Foothill Regional Medical Center
10 employee training.

11     88.  On or about August 24, 2017, Defendants FOOTHILL REGIONAL
12 MEDICAL CENTER, ALTA HOSPITALS SYSTEM L.L.C., ALTA NEWPORT HOSPITAL,
13 INC., PROSPECT MEDICAL HOLDINGS, INC. negligently controlled,
14 managed, or conducted Defendants Alta Newport Hospital, Inc. and
15 Foothill Regional Medical Center's employee training so as to cause
16 Defendant's employee to publish Plaintiff's personal, private, and
17 identifiable medical records and to directly and legally cause the
18 injuries and damages described below.

19     89.  As a direct and legal result of the negligence of
20 Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM
21 L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.
22 negligence, Plaintiff was hurt and injured in that her personal,
23 private, and identifiable medical records was published to Facebook
24 which injuries have caused, and continue to cause, Plaintiff great
25 mental, physical, emotional, and nervous pain and suffering. As a
26 result of these injuries, Plaintiff has suffered general damages.

27     90.  As a further direct and legal result of the negligence of
28 ALTA NEWPORT HOSPITAL, INC., ALTA HOSPITALS SYSTEM L.L.C.  AND

COMPLAINT FOR DAMAGES

1  FOOTHILL REGIONAL MEDICAL CENTER, PROSPECT MEDICAL HOLDINGS, INC.,
2  Plaintiff will incur related expenses. Plaintiff does not know at
3  this time the exact amount of expenses that have been incurred and
4  that will be incurred in the future.

5      91.  As a further direct and legal result of the negligence of
6  Defendants FOOTHILL REGIONAL MEDICAL CENTER, ALTA HOSPITALS SYSTEM
7  L.L.C., ALTA NEWPORT HOSPITAL, INC., PROSPECT MEDICAL HOLDINGS, INC.
8  and each of them, Plaintiff must expend money for repair of the
9  damage to her reputation, credit, and character, which is a
10 reasonable sum for this repair.

11                          **FOURTH CAUSE OF ACTION**

12              **(For Breach of Contract Against All Defendants)**

13     92.  Plaintiff repeats and realleges Paragraphs 1 through 61,
14 Inclusive of the Complaint and incorporates said paragraphs herein as
15 if more fully set forth below.

16     93.  This action is subject to the provisions of Section 1812.10
17 of the Civil Code and Section 2984.4 of the Civil Code.

18     94.  On or about March 2017, at Tustin, County of Orange,
19 California, Plaintiff HOLLY and Defendants ALTA NEWPORT HOSPITAL,
20 INC. AND FOOTHILL REGIONAL MEDICAL CENTER entered into a written
21 agreement, pursuant to which said Defendants agreed to provide
22 Plaintiff HOLLY with medical care and services. In this connection,
23 said Defendants gathered Plaintiff HOLLY's medical information,
24 personal information and medical history, performed examinations and
25 diagnostic services and commemorated all of said personal and medical
26 information within Plaintiff's medical records and chart. In
27 connection with the foregoing, said Defendants promised and agreed to
28 comply with all state and federal laws to maintain the privacy of

-28-

COMPLAINT FOR DAMAGES

1  Plaintiff's confidential personal and medical information.

2      95.   Plaintiff has performed all conditions, covenants, and
3  promises required on her part to be performed in accordance with the
4  terms and conditions of the contract.

5      96.   On or about August 24, 2017, Defendants breached the
6  contract by publishing Plaintiff's personal, private, and
7  identifiable medical records without Plaintiff's approval or consent.

8      97.   As a result of Defendant's breach of the contract,
9  Plaintiff has suffered emotional distress, to her damage in a sum of
10 according to proof.

11                     **FIFTH CAUSE OF ACTION**

12    **(For Breach of Fiduciary Obligation Against All Defendants)**

13     98.   Plaintiff repeats and realleges Paragraphs 1 through 61,
14 Inclusive of the Complaint and paragraph 93 of the Fourth Cause of
15 Action incorporates said paragraphs herein as if more fully set forth
16 below.

17     99.   By entering into a contractual agreement with Plaintiff for
18 medical care, treatment, or attention Defendants ALTA NEWPORT
19 HOSPITAL, INC. AND FOOTHILL REGIONAL MEDICAL CENTER have created a
20 fiduciary relationship between Defendants and Plaintiff and said
21 fiduciary relationship existed at all relevant times.

22     100. Defendants ALTA NEWPORT HOSPITAL, INC. AND FOOTHILL
23 REGIONAL MEDICAL CENTER have breached their fiduciary duty to
24 Plaintiff by the acts and omissions set forth in the First Cause of
25 Action, Second Cause of Action, Third Cause of Action, Fourth Cause
26 of Action, all to Plaintiff's damages, as set forth herein.

27 ///

28 ///

-29-

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### (For Violation of Statute (<u>Civil Code</u> §56.10(a)) Against All Defendants)

101. Plaintiff repeats and realleges Paragraphs 1 through 61, Inclusive of the Complaint, Paragraphs 63 through 70, inclusive, of the First Cause of Action of the Complaint, Paragraphs 72 through 84 of the Second Cause of Action, Paragraphs 86 through 91 of the Third Cause of Action and incorporates said paragraphs herein as if more fully set forth below.

102. At all times mentioned Defendants ALTA NEWPORT HOSPITAL, INC. AND FOOTHILL REGIONAL MEDICAL CENTER were entities engaged in the business of providing health care as defined by <u>California Civil Code</u> §56.05(m) and <u>California Health and Safety Code</u> §1200 et seq.

103. At all times mentioned Plaintiff was a member of the class of persons sought to be protected by <u>California Civil Code</u> §56.10(a).

104. By the aforementioned acts and omissions as alleged herein Defendants ALTA NEWPORT HOSPITAL, INC. AND FOOTHILL REGIONAL MEDICAL CENTER violated their statutory duties within <u>California Civil Code</u> §56.10(a) and §56.101 by allowing their employee to photograph and post to a public Facebook page Plaintiff's personal, private, and identifiable medical records.

## SEVENTH CAUSE OF ACTION

### (For Violation of Statute (<u>42 U.S.C. § 1320d-2</u> Against All Defendants)

105. Plaintiff repeats and realleges Paragraphs 1 through 30, Inclusive of the Complaint, Paragraphs 63 through 70, inclusive, of the First Cause of Action of the Complaint, Paragraphs 72 through 84 of the Second Cause of Action, Paragraphs 85 through 91 of the Third

-30-

1 Cause of Action, Paragraphs 99 through 100 of the Fifth Cause of
2 Action, Paragraphs 102 through 104 of the Sixth Cause of Action and
3 incorporates said paragraphs herein as if more fully set forth below.

4     106. Defendants and each of them are persons within the
5 definition provided in Title 42 U.S.C. § 1320d -2. Title 42 U.S.C. §
6 1320d-2 (Standards for information transactions and data elements)
7 states in relevant part:

8     Each person described in section 1320d-1 (a) of this title who
9 maintains or transmits health information shall maintain reasonable
10 and appropriate administrative, technical, and physical safeguards—
11 (A) to ensure the integrity and confidentiality of the information;
12 (B) to protect against any reasonably anticipated—
13 (i) threats or hazards to the security or integrity of the
14 information; and
15 (ii) unauthorized uses or disclosures of the information; and
16 (C) otherwise to ensure compliance with this part by the officers and
17 employees of such person.

18     107. Plaintiff SALLY HOLLY alleges that by the wrongful
19 disclosure of her personal and medical information and failure to
20 protect, prevent or guard against same in the manner described in
21 this Complaint, Defendants and each of them violated Title 42 U.S.C.
22 § 1320d-5.

23     108. Title 42 U.S.C. § 1320d-5 (General penalty for failure to
24 comply with requirements and standards) states in relevant part:
25 (C) in the case of a violation of such provision in which it is
26 established that the violation was due to willful neglect—
27 (i) if the violation is corrected as described in subsection
28 (b)(3)(A),[1] a penalty in an amount that is at least the amount

-31-

1 described in paragraph (3)(C) but not to exceed the amount described
2 in paragraph (3)(D);
3 (C) the amount described in this subparagraph is $10,000 for each
4 such violation, except that the total amount imposed on the person
5 for all such violations of an identical requirement or prohibition
6 during a calendar year may not exceed $250,000; and
7 (D) the amount described in this subparagraph is $50,000 for each
8 such violation, except that the total amount imposed on the person
9 for all such violations of an identical requirement or prohibition
10 during a calendar year may not exceed $1,500,000.
11    109. Based on the foregoing, Plaintiff accordingly seeks
12 statutory damages pursuant to <u>Title 42 U.S.C.</u> § 1320d-5.

### EIGHTH CAUSE OF ACTION

### (For Negligent Infliction of Emotional Distress Against All Defendants)

16    110. Plaintiff repeats and realleges Paragraphs 1 through
17 61Inclusive of the Complaint, Paragraphs 63 through 70, inclusive, of
18 the First Cause of Action of the Complaint, Paragraphs 72 through 84
19 of the Second Cause of Action, Paragraphs 86 through 91 of the Third
20 Cause of Action, and incorporates said paragraphs herein as if more
21 fully set forth below.
22    111. At all times herein, Plaintiff Holly was a patient in
23 Defendant's hospital and under the care of its doctors, nurses and
24 other medical practitioners and staff.
25    112. At all times herein, Defendants and each of them should
26 have known that Plaintiff's Personal Information or identifying
27 information including her name, address, birth date, Social Security
28 number as well as all medical related information such as the reason

-32-

1    for which she was hospitalized, any history of medical conditions
2    diagnosis and prognosis was confidential under State and Federal law
3    and needed to be protected, secured and not disseminated without her
4    knowledge, consent or authority.

5        113. Defendants and each of them knew or should have known
6    should have known that the failure to protect, preserve, secure and
7    maintain the confidentiality of Plaintiff's personal information was
8    important to Plaintiff and that their failure to do so would subject
9    Plaintiff and the Class members to injury, anxiety, harm and identity
10   theft resulting in severe emotional distress to Plaintiff.

11       114. Defendants and each of them breached their duty to
12   Plaintiff to protect, preserve, safeguard, maintain and secure
13   Plaintiff's personal, confidential and medical and for that
14   information, in a manner as more fully described above.

15       115. As a result of Defendant's breach, Plaintiff has suffered
16   anxiety, embarrassment, worry, fear and concern that her personal
17   identifying information and medical information has been exposed to
18   the general public, seen by third parties and may be exploited to her
19   damage, all to her severe emotional distress and mental suffering.

20                    **FOR ALL CAUSES OF ACTION**:

21   1.   For general damages for mental and emotional distress and
22        other incidental damages according to proof at trial;

23   2.   For cost of suit herein incurred;

24   3.   For special damages for medical services incurred according
25        to proof at trial.

26   4.   For such other and further relief as the  Court may deem
27        just and proper.

28   ///

COMPLAINT FOR DAMAGES

**FOR THE FOURTH CAUSE OF ACTION:**

1.    For attorney's fees and costs incurred according to proof
      at trial;

**FOR THE FIRST, SECOND, THIRD AND FIFTH CAUSE OF ACTION:**

1.    For punitive and exemplary damages;

**FOR THE SIXTH CAUSE OF ACTION:**

1.    Compensatory damages, punitive damages not to exceed three
      thousand dollars ($3,000), attorneys' fees not to exceed
      one thousand dollars ($1,000), and the costs of litigation
      pursuant to Civil Code §56.35.

**FOR THE SEVENTH CAUSE OF ACTION:**

1. Statutory damages pursuant to Title 42 U.S.C. § 1320d-2.


DATED: October 1 , 2019

                                   OWEN SUTANTO
                                   SANFORD JOSSEN
                                   Attorneys for Plaintiff
                                   SALLY HOLLY

-34-

COMPLAINT FOR DAMAGES

**PROOF OF SERVICE BY MAIL**

*HOLLY v.* ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL
CENTER*, ET AL.*
**CENTRAL DISTRICT OF CALIFORNIA**
CASE NO. 2:19-cv-07496-ODW-MRW

STATE OF CALIFORNIA          )
                            ) SS.
COUNTY OF LOS ANGELES       )

    I am employed in the County of Los Angeles, State of Cali-
fornia.  I am over the age of 18 and not a party to the within
action; my business address is 136 Main Street, Suite E, El Segundo,
CA 90245.

    On October 18, 2019, I served the foregoing document described
as:

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**

**1. PUBLIC DISCLOSURE OF PRIVATE FACTS (INVASION OF PRIVACY);**
**2. NEGLIGENT DISCLOSURE;**
**3. NEGLIGENT TRAINING;**
**4. BREACH OF CONTRACT;**
**5. BREACH OF FIDUCIARY OBLIGATIONS;**
**6. VIOLATION OF STATUTE (CALIFORNIA CIVIL CODE §56.10(a));**
**7. VIOLATION OF 42 UNITED STATES CODE § 1320d-6 (WRONGFUL DISCLOSURE**
**OF INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION);**
**8. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.]**

by placing a true copy thereof enclosed in a sealed envelope with
postage thereon fully prepaid and deposited such envelope in the
mail at Los Angeles, California, addressed as follows:

Michael Amir, Esq.                    ATTORNEYS FOR DEFENDANT,
Lloyd Vu, Esq.                        *ALTA NEWPORT HOSPITAL,*
Doll Amir Eley LLP                    *INC., DBA FOOTHILL REGIONAL*
725 S. Figueroa Street, Suite 3275    *MEDICAL CENTER; ALTA*
Los Angeles, CA 90017                 *HOSPITAL SYSTEMS L.L.C.;*
Tel.: 213-542-3380                    *ALTA NEWPORT HOSPITAL,*
Fax: 213-542-3381                     *INC.; PROSPECT MEDICAL*
E-Mail: lvu@dollamir.com              *HOLDINGS, INC.; ARACELLI*
E-Mail: mamir@dollamir.com            *LONERGAN; HOYT Y. SZE*

    As follows:  I am "readily familiar" with the firm's practice
of collection and processing correspondence for mailing.  Under that
practice it would be deposited with U.S. postal service on that same
day with postage thereon fully prepaid at El Segundo California in
the ordinary course of business.  I am aware that on motion of the
party served, service is presumed invalid if postal cancellation
date or postage meter date is more than one day after date of
deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on October 18, 2019, in El Segundo, California.

TRACY HUGHLEY