1  SANFORD JOSSEN, ESQ. - #103724
   OWEN SUTANTO, ESQ. - #321123
2  Law Offices of Sanford Jossen
   136 Main Street, Suite E
3  El Segundo, CA 90245
   Telephone No.: (310) 546-9118
4  Facsimile No.: (310) 546-3806
   E-mail: Jossenlaw@aol.com
5
   Attorneys for Plaintiffs,
6  SALLIE HOLLY

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9

10  SALLIE HOLLY,                          )   **CASE NO.  2:19-cv-07496-ODW [MRWx]**
                                           )
11                                         )   **[Assigned For All Purposes to the Hon.**
                       Plaintiff,          )   **Otis D. Wright II, Magistrate Judge**
                                           )   **Michael R. Wilner – Department 5D]**
12        vs.                              )
                                           )   **PLAINTIFF SALLIE HOLLY'S**
13                                         )   **OPPOSITION TO DEFENDANTS'**
    ALTA NEWPORT HOSPITAL, INC., DBA       )   **NOTICE OF MOTION AND MOTION**
14  FOOTHILL REGIONAL MEDICAL              )   **TO DISMISS AND MOTION TO**
    CENTER; ALTA HOSPITAL SYSTEMS          )   **STRIKE PURSUANT TO** <u>**FEDERAL**</u>
15  L.L.C.; ALTA NEWPORT HOSPITAL,         )   <u>**RULES OF CIVIL PROCEDURE**</u> **12(b)(6)**
    INC.; PROSPECT MEDICAL HOLDINGS,       )   **AND 12(f); MEMORANDUM OF**
16  INC.; ARACELLI LONERGAN; HOYT Y.       )   **POINTS AND AUTHORITIES IN**
    SZE AND DOES 1 THROUGH 100,            )   **SUPPORT THEREOF**
17                                         )
                                           )
18                     Defendants.         )   **DATE:**      **December 16, 2019**
                                           )   **TIME:**      **1:30 P.M.**
19  ─────────────────────────────────     )   **DEPT.:**     **5D**

20                                             **Case Filed:**  **July 9, 2019**
                                               **Trial Date:**  **TBD**
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    **PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   **SUMMARY OF DEFENDANTS' MOTION TO DISMISS** . . . . . . . . . . . . . . . . 2

IV.   **STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.    **STANDARD OF REVIEW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

VI.   **PLAINTIFF'S HAVE DISMISSED THE NON-HOSPITAL DEFENDANTS ARACELLI LONERGAN AND HOYT SZE WITHOUT PREJUDICE RENDERING DEFENDANTS' ALLEGATION MOOT** . . . . . . . . . . . . . . . . . 5

VII.   **PLAINTIFF'S CAUSES OF ACTION ARE NOT IMPLAUSIBLE AS A VIOLATION OF PLAINTIFF'S PRIVACY ADMITTEDLY OCCURRED AND A VERY REAL AND SERIOUS RISK OF IDENTITY THEFT EXISTS AS DESCRIBED IN PLAINTIFF'S COMPLAINT** . . . . . . . . . . . . . . . . . . . . . 6

VIII.   **DEFENDANTS ALTA HOSPITAL SYSTEMS L.L.C. AND PROSPECT MEDICAL HOLDINGS INC. ARE THE OWNERS OF DEFENDANT ALTA NEWPORT HOSPITAL, INC. WHO IS DBA AND THEREFORE OWE PLAINTIFF A DUTY OF CARE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IX.   **PLAINTIFF'S CLAIM DOES NOT FALL UNDER MICRA AS THE DATA BREACH HAS NO RELATION TO ANY MEDICAL SERVICE UNDER MICRA** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

X.    **PLAINTIFF HAS SUFFICIENTLY ALLEGED CLASS NUMEROSITY BASED UPON THE INFORMATION IN HER POSSESSION** . . . . . . . . . . . . . . . . . . . 15

XI.   **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF AUTHORITIES

**Cases:**

Anderson News, L.L.C. v. American Media, Inc. (2nd Cir. 2012) 680 F3d 162, 185......................5

Ashcroft v. Iqbal (2009) 556 US 662.................................................................................2, 5

Bell Atlantic Corp. v. Twombly (2007) 550 US 544.........................................................1, 4, 5

Braden v. Wal-Mart Stores, Inc. (8th Cir. 2009) 588 F3d 585, 594.........................................5

Flores v. Presbyterian Intercommunity Hospital (2016) 63 Cal.4th 75....................................13

Johnson v. Open Door Community Health Centers (2017) Cal.APp.5th 153...............................14

Keys v. Humana Inc. (6th Cir. 2012) 684 F3d 605...............................................................5

Krottner v. Starbucks Corp. 628 F.3d 1139.......................................................................14

Mediacom Southeast LLC v. BellSouth Telecommunications, Inc. (6th Cir.)(2012) 672 F3d 396.................................................................................................................4

Patton v. Experian Data Corp. 2016 WL 2626801   4; 2016 U.S. Dist. LEXIS 60590 13............14

Rollins Burdick Hunter of So. Cal., Inc. v. Alexander & Alexander Services, Inc., 206 Cal. App. 3d 1....................................................................................................................10

Rescuecom Corp v. Google Inc. (2nd Cir. 2009) 562 F3d 123...............................................4

So v. Shin (2013) 212 Cal.App.4th 652.............................................................................12

Sonora Diamond Corp. v. Superior Court (2000) 83 Cal.App.4th 523....................................10

United States v. Bestfoods (1998) 524 U.S. 51, 68..............................................................10

**Statutes:**

Code of Civil Procedure §335.1..................................................................................1, 11

Federal Rule of Civil Procedure Rule 8............................................................................15

Federal Rule of Civil Procedure Rule 12....................................................................1, 4, 5

Federal Rule of Civil Procedure Rule 23............................................................................3

Health and Safety Code §1250................................................................................12, 13

**Treatise:**

CACI 1801...............................................................................................................6

Federal Civil Procedure Before Trial............................................................................4, 5

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   TO DEFENDANTS  ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL

2   REGIONAL MEDICAL CENTER; ALTA HOSPITAL SYSTEMS L.L.C.; ALTA NEWPORT

3   HOSPITAL, INC.; PROSPECT MEDICAL HOLDINGS, INC.; ARACELLI LONERGAN;

4   AND HOYT Y. SZE AND THEIR ATTORNEY'S OF RECORD MICHAEL AMIR, ESQ. AND

5   LLOYD VU, ESQ. OF DOLL AMIR ELEY LLP:

6       COMES NOW Plaintiff SALLIE HOLLY who submits the following Opposition to

7   Defendant's Notice of Motion and Motion to Dismiss and Motion to Strike Pursuant to Federal

8   Rules of Civil Procedure 12(b)(6) and 12(f).

9                                    I.

10                          **INTRODUCTION**

11      This is an action for the invasion of the privacy of Plaintiff Sallie Holly who entrusted her

12  personal private information and person to Defendants as part of her care with Defendants.

13  Without Plaintiff's consent, Defendants allowed an employee to take photographs of Plaintiff

14  Sallie Holly's private information and/or body and subsequently publish it publicly to the

15  employee's personal Facebook. This publication of Plaintiff's private information had nothing to

16  do with the medical care Defendant provided to Plaintiff. Defendants allege this publication to be

17  "accidental," but it is a violation of Plaintiff Sallie Holly's privacy interests and HIPAA for an

18  employee to take photographs of the personal information of a patient on their *personal* cellular

19  telephone, let alone publish that information to a publicly accessible Facebook page. It is also a

20  violation of HIPAA to take photographs of a patient's body without the patient's consent.

21  Publication is a further violation.

22      Defendants allege that this action falls under MICRA and that a statute of limitations of 1

23  year applies, however, this is incorrect. This is an action for invasion of privacy which under

24  Code of Civil Procedure §335.1, has a 2 year statute of limitations.

25      Plaintiff in this action has filed a detailed, fact specific Complaint outlining each of her

26  claims against each Defendant in this action. Plaintiff has not only provided Defendants with

27  notice, as required under the Federal Rules of Civil Procedure, but has also provided sufficient

28  facts to demonstrate the "plausibility" of her claims as required under Bell Atlantic Corp. v.

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  Twombly (2007) 550 US 544 and Ashcroft v. Iqbal (2009) 556 US 662. Defendants' Motion

2  should be denied.

3                                          **II.**

4                            **PROCEDURAL HISTORY**

5         On July 9, 2019, Plaintiff Sallie Holly filed a Complaint in Los Angeles County Superior

6  Court.

7         On August 29, 2019, Defendants Aracelli Lonergan, Alta Newport Hospital, Inc. dba

8  Foothill Regional Medical Center, Prospect Medical Holdings, Inc., Alta Newport Hospital, Inc.,

9  Alta Hospital Systems, L.L.C., Hoyt Y. Sze removed the instant action from Los Angeles County

10  Superior Court to Federal District Court.

11        On October 18, 2019, Plaintiff Sallie Holly filed her First Amended Complaint alleging

12  the following causes of action:

13        1.      Public Disclosure of Private Facts (Invasion of Privacy).

14        2.      Negligence (Disclosure).

15        3.      Negligent Training.

16        4.      Breach of Contract.

17        5.      Breach of Fiduciary Obligation.

18        6.      Violation of Civil Code §56.10(a).

19        7.      Violation of 42 U.S.C. §1320d-2.

20        8.      Negligent Infliction of Emotional Distress.

21        On November 1, 2019, Defendants filed the instant Motion to Dismiss.

22        On November 5, 2019, Plaintiff dismissed Defendants Aracelli Lonergan and Hoyt Y.

23  Sze.

24                                          **III.**

25                    **SUMMARY OF DEFENDANTS' MOTION TO DISMISS**

26        Defendants Aracelli Lonrgan, Alta Newport Hospital, Inc. dba Foothill Regional Medical

27  Center, Prospect Medical Holdings, Inc., Alta Newport Hospital, Inc., Alta Hospital Systems,

28  L.L.C., Hoyt Y. Sze file the instant Motion to Dismiss arguing that Plaintiff fails to sufficiently

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   plead her case in her Complaint for the following reasons:

2       i      Plaintiff fails to state sufficient facts so as to raise plausible causes of action.

3       ii     Plaintiff fails to allege sufficient facts to support her causes of action for

4             negligence, invasion of privacy, and breach of contract against any of the non-

5             hospital Defendants.

6       iii    Plaintiff's negligence causes of action are untimely as they arise from professional

7             negligence and are governed by MICRA.

8       iv    Plaintiff fails to allege non speculative damages under causes of action.

9       v      Plaintiff fails to allege sufficient facts to plausibly allege the numerosity

10            requirement under <u>Federal Rule of Civil Procedure</u> 23(a).

11  <center>**IV.**</center>

12  <center>**<u>STATEMENT OF FACTS</u>**</center>

13       Plaintiff SALLY HOLLY was a surgical patient at Defendant FOOTHILL REGIONAL

14  MEDICAL CENTER. On or about September 5, 2017, after Plaintiff was discharged and went

15  home,  Defendant ALTA HOSPITAL SYSTEMS, LLC sent a letter to Plaintiff SALLY HOLLY

16  advising her that

17        [Defendant] "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL

18        REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of your

19        Protected Health Information ("PHI").

20        On August 24, 2017, a new employee was training on a software program

21        by viewing medical records on a computer. **The employee took six photographs**

22        **of medical records on her personal cellular telephone, some of which were**

23        **your medical records...the employee accidentally posted the photographs on**

24        **her public Facebook account.**

25        On August 25, 2017, a physician notified Hospital management that the

26        photographs had been posted.... The information in the medical records included

27        your name, date of birth, account number and other diagnostic and treatment

28        information...." [emphasis added]

<center>3</center>

<center>**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**</center>

1    Upon receipt of the aforementioned letter, Plaintiff Sally HOLLY contacted Defendant

2    FOOTHILL REGIONAL MEDICAL CENTER, seeking clarification but received <u>no</u> response

3    from Defendants. Following several frustrating attempts to get some clarification from

4    Defendants, to which <u>Defendants were non-responsive</u>, Plaintiff hired counsel. Plaintiff's

5    counsel wrote multiple letters in an attempt to resolve Plaintiff's claim against Defendants, but

6    <u>never once</u> received a response from any Defendant. Plaintiff was left with little option but to file

7    her Complaint against Defendants.

8    Defendants' counsel and Plaintiff's Counsel have met and conferred on a number of

9    issues regarding the pleadings and as a result, Plaintiff amended her Complaint AND

10   DISMISSED Defendant employees. From this Defendants' Motion to Dismiss FOLLOWS.

11   **V.**

12   **<u>STANDARD OF REVIEW</u>**

13   "On a motion to dismiss under rule 12(b)(6), the court must "accept as true all of the

14   factual allegations set out in Plaintiff's Complaint, draw inferences from those allegations in the

15   light most favorable to Plaintiff, and construe the Complaint liberally." [<u>Rescuecom Corp v.</u>

16   <u>Google Inc.</u> (2nd Cir. 2009) 562 F3d 123, 127; <u>Mediacom Southeast LLC v. BellSouth</u>

17   <u>Telecommunications, Inc.</u> (6th Cir.)2012) 672 F3d 396, 400]", cited in <u>Federal Civil Procedure</u>

18   <u>Before Trial</u> at §9:213, P. 9-81. The sole issue raised by a Rule 12(b)(6) motion is whether the

19   facts pleaded would, if established, support a plausible claim for relief. Thus, no matter how

20   improbable the facts alleged are, they muse be accepted as true for purposes of the motion. (<u>Bell</u>

21   <u>Atlantic Corp. V. Twombly</u> (2007) 550 US 544, 556).

22   "Although the Complaint need not contain detailed factual allegations, its "(f)actual

23   allegations must be enough to raise a right to relief above the speculative level ... On the

24   assumption that all the allegations in the Complaint are true (even if doubtful in fact)". In short,

25   it must allege "enough facts to state a claim to relief that is plausible on its face", <u>Bell Atlantic</u>

26   <u>Corp. V. Twombly</u> (2007) 550 US 544, 556-557, 570, 127 S.Ct.1965, 1974...", cited in <u>Federal</u>

27   <u>Civil Procedure Before Trial</u> at §9:226.20, P. 9-88. "As one court has put it, "(i)f a reasonable

28   court can draw the necessary inference from the factual material stated in the Complaint, the

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  plausibility standard has been satisfied". [Keys v. Humana Inc. (6th Cir. 2012) 684 F3d 605,

2  610]", cited in Federal Civil Procedure Before Trial at §9:226.20, P. 9-88. Rule 12(b)(6) does not

3  countenance "dismissals based on the judge's disbelief of a Complaint's factual allegations."

4  (Bell Atlantic Corp. v. Twombly (2007) 550 US 544, 556).

5      First, the court must identify which statements in the complaint are factual allegations and

6  which are legal conclusions. [Ashcroft v. Iqbal (2009) 556 US 662, 684.] Second, the court,

7  drawing "on its judicial experience and common sense," must decide the specific context of the

8  case whether the factual allegations if assumed true, allege a plausible claim. [Aschroft v. Iqbal

9  supra at 679].

10     "The complaint should be read as a whole, not parsed piece by piece to determine

11  whether each allegation, insolation, is plausible." [Braden v. Wal-Mart Stores, Inc. (8th Cir. 2009)

12  588 F3d 585, 594] "The choice between two plausible inferences that may be drawn from factual

13  allegations is not a choice to be made by the court on a Rule 12(b)(6) motion, however. The court

14  cannot dismiss a complaint that alleges a "plausible version of the events merely because the

15  court finds a different version more plausible." [Anderson News, L.L.C. v. American Media, Inc.

16  (2nd Cir. 2012) 680 F3d 162, 185.]

17                                        **VI.**

18  **PLAINTIFF'S HAVE DISMISSED THE NON-HOSPITAL DEFENDANTS ARACELLI**

19  **LONERGAN AND HOYT SZE WITHOUT PREJUDICE RENDERING DEFENDANTS'**

20                         **ALLEGATION MOOT**.

21     On November 5, 2019, as discussed with Defendants' counsel, Plaintiff filed a voluntary

22  dismissal without prejudice as to Defendants ARACELLI Lonergan and Hoyt Sze. Defendants

23  allegations as to ARACELLI Lonergan and Hoyt Sze are moot.

24  ///

25  ///

26  ///

27  ///

28  ///

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## VII.

### PLAINTIFF'S CAUSES OF ACTION ARE NOT IMPLAUSIBLE AS A VIOLATION OF PLAINTIFF'S PRIVACY ADMITTEDLY OCCURRED AND A VERY REAL AND SERIOUS RISK OF IDENTITY THEFT EXISTS AS DESCRIBED IN PLAINTIFF'S COMPLAINT.

Defendants provide law regarding the "plausibility" aspect of Plaintiff's causes of action but fail to identify of what specifically is "implausible" regarding Plaintiff's causes of action. Defendant argues that Plaintiff must plead specific facts and yet fails to specify how Plaintiff's causes of action are implausible. Simply concluding that Plaintiff's claims "are without merit and should be dismissed" (MTD P. 15 L. 22) does not render them implausible. Defendant's argument is even more absurd in the face of Defendants' letter to Plaintiff <u>admitting</u> the disclosure of Plaintiff's personal information. Plaintiffs allegation not only must be viewed as true for Defendants' Motion, they are true by Defendants own admission! There is no lack of "plausibility" here.

Plaintiff includes a variety of statistics in paragraphs 41-48 her First Amended Complaint regarding the high probability of her damages through identity theft. Plaintiff has a very real and very plausible fear that her identity may be stolen as her personal information was posted to a *public* Facebook page. It is a reasonable for Plaintiff to fear that her information posted publicly from a *personal* cellular telephone can plausibly lead to her identity being stolen.

CACI 1801 lists the following elements for a cause of action for public disclosure of private facts:

**1. That** [*name of defendant*] **publicized private information concerning** [*name of plaintiff*];

**2. That a reasonable person in** [*name of plaintiff*]**'s position would consider the publicity highly offensive;**

**3. That** [*name of defendant*] **knew, or acted with reckless disregard of the fact, that a reasonable person in** [*name of plaintiff*]**'s position would consider the publicity highly offensive;**

PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**4. That the private information was not of legitimate public concern [or did not have a substantial connection to a matter of legitimate public concern];**

**5. That** [*name of plaintiff*] **was harmed; and**

**6. That** [*name of defendant*]**'s conduct was a substantial factor in causing** [*name of plaintiff*]**'s harm.**

Element 1 is met in Paragraph 24, Plaintiff alleges that she received a letter indicating that her personal information had been photographed by a new employee training on software and subsequently published to the employees *public* Facebook page.

Element 2 is met in Paragraph 49, Plaintiff alleges that she suffered emotional harm and distress and been injured in her mind and body. In Paragraph 68, Plaintiff alleges that the disclosure of her personal information would be "offensive and objectionable to Plaintiff and other class members and to a reasonable person of ordinary sensibilities."

Element 3 is met in Paragraph 33, 49, and 50, Plaintiff alleges that Defendants recklessly and in conscious disregard of Plaintiffs rights caused her to experience "fear of identity theft, embarrassment, anxiety, emotional pain and upset" which was offensive and objectionable to a reasonable person.

Element 4 is met in Paragraph 69, Plaintiff alleges that her personal information which was published to Defendants' employees public Facebook page was not of legitimate public concern or newsworthy.

Element 5 is met in Paragraph 41-53 and 70, Plaintiff alleges numerous citations to information regarding the plausibility of having her identity stolen giving rise to her damages.

Element 6 is met in Paragraph 70, Plaintiff alleges that the cause of her damages is the publication of her personal information to Defendants' employee's public Facebook page.

Defendants further argue that Plaintiff must plead sufficient facts that her claims would be plausible. However, Plaintiff has pled a number of facts as follows:

23.     At all times mentioned herein Plaintiff SALLY HOLLY was a patient at Defendant FOOTHILL REGIONAL MEDICAL CENTER. In this connection, in March 2017, Plaintiff Sally Holly presented to and submitted to Defendant

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

FOOTHILL REGIONAL MEDICAL CENTER for purposes of the receipt of medical care, consultation and surgery for which Plaintiff SALLY HOLLY agreed to pay said Defendant compensation. As part of the admission process, Plaintiff SALLY HOLLY provided said Defendant with her medical and personal identification information. As a result of her submission for medical care, said Defendant examined, treated and diagnosed Plaintiff and commemorated her condition as part of her medical records. At all times mentioned herein, Plaintiff SALLY HOLLY reasonably expected and had been assured that her personal information and medical information as well as all information obtained or derived from her examination, treatment and care by Defendant FOOTHILL REGIONAL MEDICAL CENTER would be kept confidential and would not be disclosed in violation of applicable State and Federal law.

24. On or about September 5, 2017 Defendant ALTA HOSPITAL SYSTEMS, LLC transmitted a letter to Plaintiff SALLY HOLLY advising her that Defendant "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of your Protected Health Information("PHI"). On August 24, 2017, a new employee was training on a software program by viewing medical records on a computer. The employee took six photographs of medical records on her personal cellular telephone, some of which were your medical records...the employee accidentally posted the photographs on her public Facebook account. On August 25, 2107, a physician notified Hospital management that the photographs had been posted.... The information in the medical records included your name, date of birth, account number and other diagnostic and treatment information...."

Plaintiff further alleged that subsequent to receiving Defendants correspondence, Plaintiff sought to resolve her claim directly with Defendants to no avail. Plaintiff alleged she engaged counsel who proceeded to send correspondence in an attempt to resolve Plaintiff's claim as described in Paragraphs 26-32 of Plaintiff's First Amended Complaint. Plaintiff further outlines

8

1 | in significant detail, citing numerous sources, the plausibility of her concerns for identity theft in

2 | paragraphs 41-48 of the First Amended Complaint. in paragraph numbers 23-53 that indicate her

3 | fear of having her publicly revealed information used to steal her identity is a very real and very

4 | plausible possibility. Plaintiff has pled sufficient facts alleging that having her identity stolen is a

5 | very real and very plausible possibility subsequent to the data breach that gives rise to this action.

6 | **VIII.**

7 | **DEFENDANTS ALTA HOSPITAL SYSTEMS L.L.C. AND PROSPECT MEDICAL**

8 | **HOLDINGS INC. ARE THE OWNERS OF DEFENDANT ALTA NEWPORT**

9 | **HOSPITAL, INC. WHO IS DBA AND THEREFORE OWE PLAINTIFF A DUTY OF**

10 | **CARE.**

11 | Plaintiff has pled sufficient factual allegations as to each corporate Defendant's relation

12 | to Plaintiffs damages:

13 | 1. Paragraphs 10-12 and 14 describes Defendant Alta Newport Hospital, Inc.'s

14 | relation to Plaintiff's damages. Plaintiff alleged in her Complaint that Defendant Alta Newport

15 | Hospital, Inc. operated as Foothill Regional Medical Center. (First Amended Complaint ["FAC"]

16 | ¶ 13 and 24). As such Plaintiff alleged that Alta Newport Hospital Inc. entered into and provided

17 | Plaintiff with healthcare and is directly responsible for the actions of their employee who

18 | published her private information.

19 | 2. Paragraph 13 describes Defendant Alta Hospital System LLC's relation to

20 | Plaintiff's damages. Plaintiff alleged in her Complaint that Defendant Alta Hospital System, LLC

21 | sent her the letter informing her that her personal information had been uploaded to Facebook.

22 | Information including  her name, date of birth, account number and other personal information.

23 | (FAC ¶24)  Plaintiff alleged that the information she received in the September 5, 2017 letter

24 | from Defendant Alta Newport Hospital, LLC is the basis to allege Defendants were in control of

25 | her records through its control of Defendant Alta Newport Hospital, Inc. which was operating the

26 | hospital that provided her with medical care. (¶16 and 24).

27 | 3. Paragraph 15-22 describe Defendant Prospect Medical Holdings, Inc.'s relation to

28 | Plaintiff's damages. Plaintiff alleged that Defendant Prospect Medical Holdings, Inc. owned and

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

operated Alta Newport Hospital, Inc. As such Plaintiff believes that Prospect Medical Holdings, Inc. was in control of her medical records and personal information through its control of Alta Newport Hospital Inc.

Defendants argue that Plaintiff fails to allege sufficient facts under <u>Twombly</u> and <u>Iqbal</u> against each non-hospital Defendant. However, Plaintiff alleged facts as to why each corporate Defendant should be held liable, and inferred by Plaintiff's allegations is the fact that each corporate Defendant is responsible for the acts of the hospital <u>and its employees</u> as they were in control. Plaintiff, as a patient of the hospital, does not have knowledge without discovery as to the exact nature of the relationship between corporate Defendants and the hospital. After discovery, Plaintiff will seek to obtain the requisite evidence and dismiss corporate Defendants who did not have access to control Plaintiff's records, but this is not the time for the Court to dismiss any corporate Defendants. The allegations must be taken as true at this point.

Defendants imply in their Motion to Dismiss that mere ownership of a hospital does not impose the hospital's liability upon them. (P. 18 Lines 16 - 23 of Defendants' Motion to Dismiss ["MTD"]). Plaintiff alleges the corporate Defendants and individuals to be responsible under a theory of Respondeat Superior.  The Court in <u>Sonora Diamond Corp. v. Superior Court</u> (2000) 83 Cal.App.4th 523, 541 ruled that "if a parent corporation exercises such a degree of control over its subsidiary corporation that the subsidiary can legitimately be described as only a means through which the parent acts, or nothing more than an incorporated department of the parent, the subsidiary will be deemed to be the agent of the parent in the forum state and jurisdiction will extend to the parent. (See <u>Rollins Burdick Hunter of So. Cal., Inc. v. Alexander & Alexander Services, Inc.</u>, 206 Cal. App. 3d 1, 9)"

The Court in <u>United States v. Bestfoods</u> (1998) 524 U.S. 51, 68, ruled that "The question is not whether the parent operates the subsidiary, but rather whether it operates the facility, and that operation is evidenced by participation in the activities of the facility, not the subsidiary. Control of the subsidiary,  [****31]  if extensive enough, gives rise to indirect liability under piercing doctrine, not direct liability under the statutory language."

Whether the corporate Defendants must be dismissed is a factual issue for another time.

**10**

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   The rule enumerated by the aforementioned Courts requires factual analysis to determine whether

2   the corporate Defendants extended sufficient control over Defendant Alta Newport Hospital Inc.

3   to warrant liability to Plaintiff. Defendants would have the Defendants Alta Hospital Systems,

4   LLC and Prospect Medical Holdings, Inc. dismissed prematurely without a fact specific analysis

5   under the aforementioned rules enumerated by the Court. The question is whether the corporate

6   Defendants were exercising direct control over Defendant Alta Newport Hospital, Inc. This is a

7   question of fact and not at issue in the instant Motion whose purpose is to determine the

8   sufficiency of the pleadings and not to make factual determinations.

9        Defendants further argue that Plaintiff is required to plead factual allegations pertaining

10   to each of the non-hospital Defendants. Defendants argue that Plaintiff differentiate between each

11   Defendant in each cause of action of Plaintiff's Complaint. (P. 16 L. 26-27). Plaintiff sufficiently

12   identified each Defendant as described above. Plaintiff, in an effort to not burden the Court,

13   simply stated all facts and listed each Defendant with each cause of action rather than list each

14   Defendant and each individual fact under each cause of action as Defendants appear to prefer.

15   Defendants formatting sensibilities have no legal bearing on the sufficiency of the pleadings filed

16   by Plaintiff.

17        Plaintiff need not plead each allegation as to why each Defendant is liable for Plaintiffs

18   damages. Plaintiff need only allege the relationship between Plaintiff and Defendants Prospect

19   Medical Holdings, Inc., Alta Newport Hospital, Inc. and Alta Newport Hospital, LLC and the

20   ownership and liability of Defendants Prospect Medical Holdings, Inc., Alta Newport Hospital,

21   Inc. and Alta Newport Hospital, LLC. Plaintiff has done so.

22                                              IX.

23   **PLAINTIFF'S CLAIM DOES NOT FALL UNDER MICRA AS THE DATA BREACH**

24   **HAS NO RELATION TO ANY MEDICAL SERVICE UNDER MICRA.**

25        Defendants incorrectly allege that the instant action is governed by the laws under

26   MICRA (Medical Injury Compensation Reform Act) which has a statute of limitations of 1 year.

27   However, this action is for public disclosure of private facts which is governed by Code of Civil

28   Procedure §335.1 which has a 2 year statute of limitations.

MICRA applies to a breach of professional medical services. Plaintiff does not dispute that Hospital is a facility under MICRA, as alleged by Defendants. However, <u>no where does Plaintiff allege that the data breach in this action arose from any health related services</u>. Plaintiff does not even allege that a medical worker was the one to cause the data breach. Plaintiff quotes the letter received by Defendant hospital which states "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of your Protected Health Information ("PHI"). On August 24, 2017, a new employee was training on a software program by viewing medical records on a computer. The employee took six photographs of medical records on her personal cellular telephone, some of which were your medical records...the employee accidentally posted the photographs on her public Facebook account."

At no time does the supervision of the employee responsible for the data breach have anything to do with licensed health related services under MICRA. Simply because Defendants own and operate a healthcare facility as defined in <u>Health and Safety Code</u> §1250 does not mean every administrative act in their facility by any employee can be characterized as medical services under MICRA. <u>Defendants broad interpretation that simple training of an employee (not even a medical professional according to Hospital's correspondence) regarding new software is medical practice as defined under Health and Safety Code §1250 is without merit or legal basis.</u>

"The MICRA statutes define "'professional negligence'" as <u>that  [***20] negligence that occurs while the health care provider is providing services that are 'within the scope of services for which the provider is licensed.'</u> [Citations.] The relevant test is not the degree of skill required, but whether the negligence occurred in the rendering of services for which a provider is licensed." [Emphasis added] (<u>So v. Shin</u> (2013) 212 Cal.App.4th 652, 664.). Here, the data breach was not related in the course of the provision of licensed services. Administrative services are not included.

Under <u>So v. Shin</u> professional negligence under MICRA must arise from the services which Defendants are licensed. As a healthcare facility, Defendants license includes "the following basic services: medical, nursing, surgical, anesthesia, laboratory, radiology, pharmacy,

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  and dietary services." (Health & Safety Code, § 1250). While this list is not exhaustive it clearly

2  indicates that the types of services that would fall under MICRA are those related to healthcare

3  not administrative as Defendants would have. Simply because medical records were involved in

4  the employee's training does not make the data breach which gives rise to this action the type of

5  service that falls under the license of the hospital.

6          Further, case law into the subject of what constitutes professional negligence under

7  MICRA has created a broad array of services that constitute professional negligence. However,

8  for a service to constitute professional negligence requires that it be in relation to a health care

9  provided to a patient. The Court in Flores v. Presbyterian Intercommunity Hospital (2016) 63

10  Cal.4th 75 listed 4 elements for professional negligence "(1) a negligent act or omission to act by

11  a health care provider in the rendering of professional services, (2) which act or omission is the

12  proximate cause of a personal injury or wrongful death, (3) provided that such services are within

13  the scope of services for which the provider is licensed, and (4) which are not within any

14  restriction imposed by the licensing agency or licensed hospital." [internal quotations omitted]

15  (Flores at 84)

16          Under Flores, the Court found professional negligence when the plaintiff was injured as a

17  result of professional negligence since equipment failed in implementing the doctor's order

18  concerning the plaintiff's medical care. The Court in Flores found:

19          "Flores's injuries . . . resulted from [the hospital's] alleged negligence in the use

20          or maintenance of equipment integrally related to her medical diagnosis and

21          treatment. When a doctor or other health care professional makes a judgment to

22          order that a hospital bed's rails be raised in order to accommodate a patient's

23          physical condition and the patient is injured as a result of the negligent use or

24          maintenance of the rails, the negligence occurs 'in the rendering of professional

25          services' and therefore is professional negligence . . . ." (Flores, supra, 63 Cal.4th

26          at p. 89.)

27          In this action, Defendants' correspondence specifically indicates that their new employee

28  was training with software, which is not related to any doctor's order or care that the hospital is

13

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1    licensed to provide. No professional negligence occurred in this action as no professional care

2    was being rendered when the employee photographed Plaintiff's records or posted them to her

3    public Facebook page.

4         In <u>Johnson v. Open Door Community Health Centers</u> (2017) Cal.APp.5th 153, the Court

5    concluded that no professional negligence had occurred as the plaintiff (who tripped over a scale

6    that partially obstructed her access from the room to the hallway) was injured after her care was

7    completed and her injury did not occur in the course of any professional care provided to her.

8    Specifically the Court ruled "Johnson was injured after her care was completed . . . . Although

9    she tripped on medical equipment coincidentally used as part of her earlier medical treatment,

10   she does not allege that Open Door's failure to properly maintain the scale affected the quality of

11   her medical treatment." (<u>Johnson</u> at 160).

12        This action, similar to <u>Johnson</u> which involved medical equipment, involves medical

13   records but the records being used were accessed by a new employee with no bearing on

14   Plaintiffs' medical treatment. Plaintiff's medical records were not being used for any purpose

15   related medical treatment and like <u>Johnson</u>, this action is not subject to MICRA.

16        Defendants further cite <u>Patton v. Experian Data Corp.</u> 2016 WL 2626801  4; 2016 U.S.

17   Dist. LEXIS 60590 13, which uses the standard articulated in <u>Krottner v. Starbucks Corp.</u> 628

18   F.3d 1139, 1143. The Court in Krottner adopts the following:

19              "As many of our sister circuits have noted, the injury-in-fact requirement

20         can be satisfied by a threat of future harm or by an act which harms the plaintiff

21         only by increasing the risk of future harm that the plaintiff would have otherwise

22         faced, absent the defendant's actions. We concur in this view. Once the plaintiffs'

23         allegations establish at least this level of injury, the fact that the plaintiffs

24         anticipate that some greater potential harm might follow the defendant's act does

25         not affect  [**9] the standing inquiry.

26         (<u>Krottner v. Starbucks Corp.</u> (9th Cir. 2010) 628 F.3d 1139, 1143.)

27        Here, as in <u>Krottner</u>, Plaintiff faces the threat of future harm by Defendants' act of

28   allowing their employee to access and photograph Plaintiff's private personal information. This

**14**

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   threat of future harm to Plaintiff arose only as a result of Defendants negligence. Plaintiff has

2   sufficiently pled her damages and the high probability of future harm to overcome Defendants

3   Motion to Dismiss.

4   ## X.

5   ## PLAINTIFF HAS SUFFICIENTLY ALLEGED CLASS NUMEROSITY BASED UPON

6   ## THE INFORMATION IN HER POSSESSION.

7       Was Plaintiff the only one whose personal information was copied by Defendants'

8   employee and played on Facebook? At paragraph 54, Plaintiff alleged that there are numerous

9   members of the class based upon the information presented in Defendants' correspondence to

10  her. Further, it is entirely plausible for the photographs posted by Defendants employee to

11  contain far more than a single person or few persons records. It is plausible  that there were

12  multiple records displayed that Defendants employee photographed. Defendants have put forth

13  no evidence that only a de minimis number of records were posted to their employee's public

14  Facebook page.

15      Plaintiff is not required to prove her case in her Complaint. The standard, as Defendants

16  know, is that Plaintiff need only raise a plausible claim. Defendants argument that a single

17  employee could not possibly take photographs of a large number of records is absurd. Witness

18  the case of Albert Gonzalez  [https://money.cnn.com/2009/08/17/ pf/largest_

19  identity_theft_scheme.reut/index.htm?postversion=2009081715] who illegally obtained the

20  identity of millions of individuals. Today, any individual can illegally obtain a wealth of personal

21  information of a large number of individuals with little effort.

22  ## XI.

23  ## CONCLUSION

24      Plaintiff has filed a fact specific Complaint pursuant to Federal Rule of Civil Procedure

25  Rule 8. Contrary to Defendants' argument, Plaintiff has alleged sufficient facts to plausibly state

26  causes of action against all the Defendants in this action. Plausibility does not require Plaintiff to

27  prove her case at the pleading stage as Defendants would have. Plaintiff has clearly demonstrated

28  the plausibility of her causes of action by providing specific facts that shows the Damages caused

by the Defendants data breach. In the event that the Court rules that Plaintiff's causes of action are inadequately pled, Plaintiff respectfully requests that this Court grant Plaintiff leave to amend her Complaint.

DATED:   November 2, 2019         LAW OFFICES OF SANFORD JOSSEN

                    BY:   _____
                          SANFORD JOSSEN, ESQ.
                          OWEN SUTANTO, ESQ.
                          Attorneys for Plaintiff, SALLIE HOLLY

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

**PROOF OF SERVICE BY MAIL**

*HOLLY v.* ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL

2

CENTER, *ET AL.*

**CENTRAL DISTRICT OF CALIFORNIA**

3

CASE NO. 2:19-cv-07496-ODW-MRW

4

STATE OF CALIFORNIA          )
                             ) SS.

5

COUNTY OF LOS ANGELES        )

6

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within

7

action; my business address is 136 Main Street, Suite E, El Segundo, CA 90245.

8

    On November 2⟨, 2019, I served the foregoing document described

9

as:

10

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES**

11

**OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

12

by placing a true copy thereof enclosed in a sealed envelope with

13

postage thereon fully prepaid and deposited such envelope in the mail at Los Angeles, California, addressed as follows:

14

15

Michael Amir, Esq.
Lloyd Vu, Esq.

16

Doll Amir Eley LLP
725 S. Figueroa Street, Suite 3275

17

Los Angeles, CA 90017
Tel.: 213-542-3380

18

Fax: 213-542-3381
E-Mail: lvu@dollamir.com

19

E-Mail: mamir@dollamir.com

ATTORNEYS FOR DEFENDANT,
*ALTA NEWPORT HOSPITAL,
INC., DBA FOOTHILL REGIONAL
MEDICAL CENTER; ALTA
HOSPITAL SYSTEMS L.L.C.;
ALTA NEWPORT HOSPITAL,
INC.; PROSPECT MEDICAL
HOLDINGS, INC.; ARACELLI
LONERGAN; HOYT Y. SZE*

20

21

    As follows:  I am "readily familiar" with the firm's practice

22

of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same

23

day with postage thereon fully prepaid at El Segundo California in the ordinary course of business.  I am aware that on motion of the

24

party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of

25

deposit for mailing in affidavit.

26

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

27

    Executed on November 2⟨, 2019, in El Segundo, California.

28

TRACY HUGHLEY