# United States District Court
# Central District of California

| | |
|---|---|
| SALLIE HOLLY,<br><br>        Plaintiff,<br><br>    v.<br><br>ALTA NEWPORT HOSPITAL, INC. DBA FOOTHILL REGIONAL MEDICAL CENTER, et al.,<br><br>        Defendants. | Case No. 2:19-cv-07496-ODW (MRWx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE [13]** |

## I. INTRODUCTION

This matter comes before the Court on Defendants Alta Newport Hospital, Inc. dba Foothill Regional Medical Center ("Hospital"), Alta Hospital Systems, LLC ("AHS"), and Prospect Medical Holdings, Inc.'s ("Prospect") motion to dismiss Plaintiff Sallie Holly's First Amended Complaint and strike class allegations ("Motion"). (Mot. to Dismiss and Strike ("Mot."), ECF No. 13.)[1] For the reasons that follow, the Court **GRANTS *in part*** and **DENIES *in part*** Defendants' Motion.[2]

---

[1] The Motion to Dismiss and Strike was also brought on behalf of Defendants Aracelli Lonergan and Hoyt Sze. (*See* Mot.) Holly has voluntarily dismissed her claims against Lonergan and Sze (ECF No. 14), so Defendants' arguments as to Lonergan and Sze are moot.

[2] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On October 18, 2019, Plaintiff Sallie Holly filed her First Amended Complaint ("FAC"). (FAC, ECF No. 12.) Holly's claims against Defendants stem from allegations that a Hospital[3] employee inadvertently posted photographs of Holly's personal medical information on the employee's public Facebook account. (FAC ¶¶ 23–24, 62–115.)

Holly received medical care at Hospital in March 2017 and, as part of that process, she provided her medical and personal information to Hospital. (FAC ¶ 23.) In September 2017, AHS sent Holly a letter informing her that Hospital discovered an inappropriate disclosure of Holly's protected health information. (FAC ¶ 24.) AHS explained that, on August 24, 2017, a new employee was training on a software program, viewing medical records on a computer. (FAC ¶ 24.) The employee took six photographs of those medical records on her personal cellular telephone, some of which were Holly's medical records. (FAC ¶ 24.) The employee then accidentally posted the photographs on her public Facebook account. (FAC ¶ 24.) The next day, a physician notified Hospital's management about the photographs being posted. (FAC ¶ 24.) The information in the posted medical records included Holly's name, date of birth, account number, and other diagnostic and treatment information. (FAC ¶ 24.) After receiving the letter, both Holly and her counsel contacted Defendants to seek remediation but received no response. (FAC ¶¶ 25–32.)

Based on these allegations, Holly asserts eight causes of action against Defendants: (1) public disclosure of private facts (invasion of privacy); (2) negligent disclosure; (3) negligent training; (4) breach of contract; (5) breach of fiduciary

---

[3] Although Holly names two hospitals in the FAC—Alta Newport Hospital, Inc. dba Foothill Regional Medical Center and Alta Newport Hospital, Inc.—she provides similar descriptions for each. (*See* FAC ¶¶ 1, 10, 14.) Additionally, Holly's allegations imply the existence of only one hospital involved in the alleged incident. (*See* FAC ¶¶ 23–24). Further, Defendants' Motion, which is brought on behalf of all Defendants, refers to only one hospital and Holly's opposition does not argue that two hospitals are at issue. (*See* Mot. 10; Opp'n to Mot. ("Opp'n"), ECF No. 15.) As a result, the Court presumes the action involves only one hospital defendant.

obligation; (6) violation of California Civil Code section 56.10(a) (disclosure of medical information by providers); (7) violation of 42 U.S.C. § 1320d-2 (wrongful disclosure of individually identifiable health information); and (8) negligent infliction of emotional distress. (FAC ¶¶ 62–115.) Holly brings her claims on behalf of a class of similarly situated persons defined as:

> All persons who have been patients of Defendants . . . whose personal data has been published without their permission on the Internet during the Data Breach that occurred from at least August 24, 2017 to September 5, 2017 including all persons who were sent the September 5, 2017 letter informing them of the Data Breach.

(FAC ¶ 54.)

## III. LEGAL STANDARDS

### A. Motion to Dismiss

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe

"[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B. Motion to Strike**

Under Rule 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Proc. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions are generally disfavored "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

"In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "[B]efore granting such a motion, the court must be satisfied that there are no questions of fact, that the claim or defense is insufficient as a matter of law, and that under no circumstance could it succeed." *Id.* (quoting *Tristar Pictures, Inc. v. Del Taco, Inc.*, No. CV 99-07655 DDP (Ex), 1999 WL 33260839, *1 (C.D. Cal. Aug. 31, 1999)).

## IV. DISCUSSION

**A. Motion to Dismiss**

Defendants argue Holly's claims against AHS and Prospect ("Non-Hospital Defendants") fail because Holly does not allege facts sufficient to support liability

against them.  Defendants also contend Holly's claims against Hospital fail, first, because the claims are barred by the statute of limitations of the Medical Injury Compensation Reform Act ("MICRA"), and second, because Holly fails to allege any non-speculative damages, which Defendants argue is necessary to her negligence, contract, and fiduciary-based claims.  The Court addresses each argument in turn.

*1.  Holly's Claims Against Non-Hospital Defendants*

Defendants argue that Holly's allegations that Non-Hospital Defendants own and operate Hospital are not sufficient to hold Non-Hospital Defendants liable for Hospital's conduct.  (Mot. 15–18.)  Holly concedes that she does not know the exact nature of the relationship between Non-Hospital Defendants and Hospital without discovery but argues that she alleges sufficient facts as to Non-Hospital Defendants' liability.  (Opp'n 9–10.)  She argues it should be inferred that, because Non-Hospital Defendants were in control, each Non-Hospital Defendant is responsible for the acts of Hospital and its employees.  (Opp'n 9–11.)

"Under California law, a parent corporation may be held liable for the acts of its subsidiary only if that subsidiary is either the alter ego or the agent of the parent." *Salkin v. United Servs. Auto. Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011). "To allege claims based on agency or alter ego liability, [p]laintiff must plead specific facts, rather than mere conclusory allegations." *Saaiman v. Am. Gen. Life Ins. Co., Inc.*, No. CV 18-596 BTM (AGSx), 2019 WL 1864858, at *3 (S.D. Cal. Apr. 25, 2019).

"Whether a principal-agent relationship exists between a parent corporation and its subsidiary hinges on the degree of control the parent exerts over the subsidiary." *Id.* at *4. "Liability may be attributed to the parent 'where the nature and extent of the control exercised over the subsidiary by the parent is so pervasive and continual that the subsidiary may be considered nothing more than an agent or instrumentality of the parent.'" *Id.* (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 541 (2000)).

To establish an alter ego relationship, "[f]irst, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities . . . do not in reality exist." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015) (quoting *Sonora Diamond Corp.*, 83 Cal. App. 4th at 526). "Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.*

Holly alleges the following regarding the relationship between Non-Hospital Defendants and Hospital: AHS "is doing business as [Hospital]" (FAC ¶ 13); AHS and Prospect "owned and operated and [were] responsible for the administration, operation and business conducted by [Hospital]" (FAC ¶ 16); and AHS sent the letter informing her of the disclosure (FAC ¶ 24). These allegations fail to establish liability against Non-Hospital Defendants under either an alter ego or agency theory. To start, Holly's allegations are devoid of any factual allegations to support a finding of an alter ego relationship, as they address neither a unity of interest nor any inequitable result. *See Gerritsen*, 112 F. Supp. 3d at 1042. Next, although Holly's allegations hint at an agency relationship, they fall far short of establishing one. Holly's generic allegations about Non-Hospital Defendants' ownership and operation of Hospital, absent specific factual allegations, are insufficient to establish the nature and extent of control necessary to give rise to an agency relationship. *See, e.g.*, *Broken Drum Bar, Inc. v. Site Ctrs. Corp.*, No. CV 2:19-01445-ODW (SKx), 2019 WL 5102463, at *3 (C.D. Cal. Oct. 10, 2019) (finding that plaintiff failed to allege an agency relationship despite alleging the parent organization took over performance of the subsidiary organization and the two organizations shared several employees).

The Court cannot ignore these deficiencies to allow discovery on Holly's claims against Non-Hospital Defendants; Holly must first allege sufficient facts to satisfy Rule 8. "[T]he Ninth Circuit Court of Appeals and the United States Supreme Court have both determined that a plaintiff must satisfy the pleading requirements of [Rule 8(a)] *before* proceeding to discovery." *Pallamary v. Elite Show Servs., Inc.*,

No. CV 17-2010 WQH (BGSx), 2018 WL 3064933, at *4 (S.D. Cal. June 19, 2018) (emphasis added) (citing *Iqbal*, *Twombly*, and *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014)).

Holly fails to establish an alter ego or agency relationship between Non-Hospital Defendants and Hospital. As Holly's claims against Non-Hospital Defendants fail for this reason, the Court does not address Defendants' other arguments for dismissal of these claims. Accordingly, Defendant's Motion to Dismiss Holly's claims against Non-Hospital Defendants, AHS and Prospect, is **GRANTED**.

*2. MICRA Does Not Apply to Holly's Claims Against Hospital*

Defendants argue that the gravamen of Holly's claims is professional negligence and the statute of limitations of MICRA accordingly applies to bar Holly's claims. (Mot. 22–23.) Holly responds that MICRA is inapplicable because the data breach here arose, not from the negligent provision of licensed health-related services subject to MICRA, but from an administrative act. (Opp'n 11–14.)

Under MICRA, "professional negligence actions against health care providers must be brought within 'three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.'" *Flores v. Presbyterian Intercommunity Hosp.*, 63 Cal. 4th 75, 79 (2016) (quoting Cal. Civ. Proc. Code § 340.5). The definition of "professional negligence" has four elements: (1) "a negligent act or omission to act by a health care provider in the rendering of professional services," (2) "which act or omission is the proximate cause of injury or wrongful death," (3) "provided that such services are within the scope of services for which the provider is licensed," and (4) "which are not within any restriction imposed by the licensing agency or licensed hospital." *Id.* at 84 (quoting Cal. Civ. Proc. Code § 340.5(2)).

Here, even presuming that the gravamen of Holly's claims is grounded in negligence as Defendants argue, that fact does not necessarily mean that her claims fall under MICRA. While the parties agree that Hospital is a health care provider as

defined in MICRA, they dispute whether the alleged negligence occurred in the "rendering of professional services." (Mot. 22; Opp'n 12).

"[W]hen a cause of action is asserted against a health care provider on a legal theory other than medical malpractice, the courts must determine whether it is nevertheless based on the 'professional negligence' of the health care provider so as to trigger MICRA." *Smith v. Ben Bennett, Inc.*, 133 Cal. App. 4th 1507, 1514 (2005); *see also Larson v. UHS of Rancho Springs, Inc.*, 230 Cal. App. 4th 336, 352 (2014), *as modified* (Oct. 2, 2014) (finding MICRA applied because plaintiff's intentional tort claims were really based on professional negligence within the meaning of MICRA).

"[W]hether negligence occurs in the course of 'rendering . . . professional services,' can be difficult to ascertain." *Johnson v. Open Door Cmty. Health Ctrs.*, 15 Cal. App. 5th 153, 158 (2017) (quoting *Flores*, 63 Cal. 4th at 84). In the context of a premises liability claim, the California Supreme Court recently clarified that MICRA "applies only to actions alleging injury suffered as a result of negligence in rendering the professional services that hospitals and others provide by virtue of being health care professionals: that is, the provision of medical care to patients." *Flores*, 63 Cal. 4th at 88. MICRA "does not extend to negligence in the maintenance of equipment and premises that are merely convenient for, or incidental to, the provision of medical care to a patient." *Id.* at 88, 89 (holding MICRA applied where a doctor made a "medical decision" to raise the bedrails on plaintiff's hospital bed, which then malfunctioned and injured plaintiff).

Defendants argue that because Holly's claims are grounded in allegations that the Hospital negligently supervised its employees, this falls within MICRA's ambit. (Mot. 22–23; Reply 13, ECF No. 17). However, both cases Defendants rely on involved the negligent hiring and supervision of employees prior to the employees' provision of medical care that harmed the plaintiff patient. *See So v. Shin*, 212 Cal. App. 4th 652, 668 (2013), *as modified on denial of reh'g* (Jan. 28, 2013) (concluding MICRA applied where plaintiff alleged hospital negligently hired and supervised an

anesthesiologist who failed to administer sufficient anesthesia during plaintiff's procedure); *Bell v. Sharp Cabrillo Hosp.*, 212 Cal. App. 3d 1034, 1037, 1052 (1989) (concluding, where death resulted from doctor's conduct, that hospital's negligence in granting emergency room privileges to the doctor triggered MICRA). Here, unlike the cases cited by Defendant, Hospital's alleged negligent training and supervision of its employee, which led to the disclosure of Holly's private information, was not a necessary predicate to Holly receiving medical care at Hospital.

Ultimately, although the duty to maintain private health information is one owed only to patients rather than the general public, the alleged negligence that led to the public disclosure of Holly's private health information occurred after the completion of her medical treatment. It was thus not a predicate to her receiving medical care and therefore did not occur in the rendering of professional services for purposes of MICRA. *Cf. Johnson*, 15 Cal. App. 5th at 160 (holding that MICRA did not apply where the plaintiff's injury from tripping on a scale occurred after her medical treatment was complete and as a result of a breach of duties owed generally to all hospital visitors). Moreover, Defendant does not provide a single case that has held the public disclosure of private health information falls under MICRA and the Court has found none. Accordingly, MICRA's one-year statute of limitations does not apply to Holly's claims against Hospital, and Defendant's Motion to Dismiss on that ground is **DENIED**.[4]

    *3.*    *Holly's Breach of Contract, Breach of Fiduciary Duty, and Negligence Claims Against Hospital*

Defendants argue that Holly's negligence, contract, and fiduciary-based claims

---

[4] In a footnote, Defendants suggest that it is unclear whether the disclosure at issue even constitutes a public one to state a claim for public disclosure of private facts. (Mot. 23 n.5.) Yet, Defendants do not move to dismiss on this basis and relegate the entire discussion of this issue to a footnote. Consequently, the Court does not address this argument. *See Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) (declining to address an argument because "[a]rguments raised only in footnotes, or only on reply, are generally deemed waived.").

against Hospital fail because Holly has not alleged any actual, non-speculative damages. Defendants argue that, in the data breach context, speculative fear of identity theft is not sufficient to establish an injury in fact. (Mot. 23–26.)

As an initial matter, "California law permits asserting a breach of fiduciary duty claim even when the damages are nominal." *Sorensen v. New Koosharem Corp.*, No. CV 15-01088 RGK (PJWx), 2016 WL 4925917, at *7 (C.D. Cal. Mar. 2, 2016) (quoting *Tribeca Cos., LLC v. First Am. Title Ins. Co.*, 239 Cal. App. 4th 1088, 1103 n.12 (2015)). To prove a breach of fiduciary duty, a plaintiff must show: "(1) the existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Jameson v. Desta*, 215 Cal. App. 4th 1144, 1164 (2013) (quoting *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995)). Accordingly, Holly is not required to plead or prove actual damages to state a claim for breach of fiduciary duty.

In contrast, Holly's breach of contract and negligence claims do require actual damages resulting from the complained-of conduct. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) ("Under California law, a breach of contract claim requires a showing of appreciable and actual damage."); *Ruiz v. Gap, Inc.*, 380 F. App'x 689, 691 (9th Cir. 2010) ("California also holds that '[n]ominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred.'") (quoting *Fields v. Napa Milling Co.*, 164 Cal. App. 2d 442, 448 (1958)).

Holly alleges that she suffered "emotional harm and distress and has been injured in her mind and body." (FAC ¶ 49.) She also alleges that she "experienced fear of identity theft, embarrassment, anxiety, emotional pain and upset" and was "injured in her health, strength and activity, sustaining injury to her nervous system and person, all of which injuries have caused and continue to cause [Holly] great mental, physical, emotional and nervous pain and suffering." (FAC ¶¶ 50–51.) Additionally, Holly alleges that she and other class members have suffered damages,

including increased risk of identity theft and identity fraud, improper disclosure of personal information, value of time and expenses spent mitigating and remediating the increased risk of identity theft and identity fraud, and the decreased value of their personal information. (FAC ¶¶ 52–53; *see also* FAC ¶¶ 81–84, 89–90, 97.)

These conclusory and vague allegations are not sufficient to establish that Holly suffered actual damages to support her breach of contract and negligence claims. *Burns v. HSBC Bank*, No. EDCV 12-1748 JGB (OPx), 2013 WL 12136377, at *5 (C.D. Cal. Aug. 26, 2013) ("[V]ague and conclusory allegations regarding damages are insufficient to survive a motion to dismiss."). To start, Holly's bare allegation of increased risk of identity theft is "too speculative to satisfy the pleading requirement" to show actual damages. *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014) (holding that the conclusory assertion of an increased risk of identity theft was insufficient to satisfy the pleading requirement of contract damages); *Sion v. SunRun, Inc.*, No. CV 16-05834 JST, 2017 WL 952953, at *3 (N.D. Cal. Mar. 13, 2017) (holding the same as to plaintiff's negligence claims because both breach of contract and negligence require a showing of actual damages).

Next, "[a]lthough actual damages can include emotional distress, a plaintiff must support her claim for pain and suffering with something more than [her] own conclusory allegations, such as specific claims of genuine injury." *Sion*, 2017 WL 952953, at *2 (internal quotation marks omitted). Here, Holly's allegations concerning her physical, mental, and emotional pain "are too sparse and conclusory to support" her claims for damages. *Id.*; *see also Burnell v. Marin Humane Soc'y*, No. CV 14-5635 JSC, 2015 WL 6746818, at *19 (N.D. Cal. Nov. 5, 2015) (dismissing intentional infliction of emotional distress claim where complaint lacked "any facts pertaining to the nature and extent of plaintiffs' emotional or mental suffering").

Similarly, Holly's conclusory allegations concerning any mitigation or remediation efforts fail because she has not provided any supporting factual allegations or alleged how any credit monitoring was reasonable and necessary. *See*

*Ruiz*, 380 F. App'x at 691 (finding plaintiff's claims failed because plaintiff offered no evidence on the amount of time and money spent on the credit monitoring despite making a bare assertion to that effect). Finally, Holly's claim concerning the decreased value of personal data also fails for lack of supporting facts. *See Razuki v. Caliber Home Loans, Inc.*, No. CV 17-1718-LAB (WVGx), 2018 WL 6018361, at *1 (S.D. Cal. Nov. 15, 2018) (finding plaintiff failed to sufficiently allege damages to support his negligence claim where plaintiff's "claim alleging diminution of value of his personal data fails to allege enough facts to establish how his personal information is less valuable as a result of the breach.").

Accordingly, because Holly's conclusory and vague allegations are insufficient to establish that she suffered actual damages as a result of the data breach, Defendants' Motion to Dismiss Holly's breach of contract and negligence claims is **GRANTED**. However, as a claim for breach of fiduciary duty may be sustained on nominal damages, Defendant's Motion to Dismiss Holly's breach of fiduciary duty claim is **DENIED**.

**B.  Motion to Strike**

Defendant also moves to strike Holly's class allegations, arguing that Holly fails to allege any facts supporting the numerosity requirement for a class action. (Mot. 26–27.) Defendants note that Holly's allegations undermine any alleged numerosity because she acknowledges the data breach involved a single employee taking only six photographs of medical records and some of those photographs included Holly's records. (Mot. 26–27 (citing FAC ¶ 24).) Holly contends that she has sufficiently alleged numerosity of the class because it is plausible that the photographs contained multiple records and Defendants have not put forth any evidence to indicate otherwise. (Opp'n 15.)

A class action may proceed only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large,

the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982). Although the numerosity requirement is not tied to any numerical threshold, "[t]he Supreme Court has held fifteen is too small." *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) (citing *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)). "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 650–51 (9th Cir. 2010).

As this Court previously acknowledged, "[c]ourts are hesitant to strike class allegations before the parties have had an opportunity to go through the class certification process." *Portillo v. ICON Health & Fitness, Inc.*, No. CV 19-01428 ODW (PJWx), 2019 WL 6840759, at *6 (C.D. Cal. Dec. 16, 2019); *see also Pepka v. Kohl's Dep't Stores, Inc.*, No. CV 16-4293 MWF (FFMx), 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016) ("Striking class allegations prior to a formal certification motion is generally disfavored due to the lack of a developed factual record."). Yet, here, Holly fails to allege any facts in the FAC to support numerosity. Holly's implicit suggestion that the six photographs may have contained the medical records of other individuals does not establish numerosity on its own. Moreover, the claims that Holly makes about the alleged numerosity of the class in her Opposition are absent from the FAC. (*See* FAC.) Accordingly, Defendants' Motion to Strike is **GRANTED with leave to amend** the class allegations.

### V. CONCLUSION

Defendants' Motion to Dismiss Holly's claims against Non-Hospital Defendants and Holly's negligence and breach of contract claims against Hospital is **GRANTED *with leave to amend***. The Court grants leave to amend the FAC because it is unclear whether amendment would be futile. *See Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000) ("An order granting such a motion must be accompanied by leave to amend unless amendment would be futile."). Defendants' Motion to Dismiss all of Holly's claims against Hospital under MICRA

and Holly's breach of fiduciary duty claim against Hospital is **DENIED**. Defendants' Motion to Strike Holly's class allegations is **GRANTED** *with leave to amend*. Holly may file an amended complaint addressing the deficiencies identified herein within twenty-one days of the date of this order.

**IT IS SO ORDERED.**

April 10, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**