1  SANFORD JOSSEN, ESQ. - #103724
   Law Offices of Sanford Jossen
2  136 Main Street, Suite E
   El Segundo, CA 90245
3  Telephone No.: (310) 546-9118
   Facsimile No.: (310) 546-3806
4  E-mail: Jossenlaw@aol.com

5  Attorney for Plaintiff,
   SALLIE HOLLY

6
                    UNITED STATES DISTRICT COURT
7
                    CENTRAL DISTRICT OF CALIFORNIA
8

9  SALLIE HOLLY,                          )  CASE NO.  2:19-cv-07496-ODW [MRWx]
                                          )
10                                        )  [Assigned For All Purposes to the Hon.
                Plaintiff,                )  Otis D. Wright II, Magistrate Judge
11                                        )  Michael R. Wilner – Department 5D]
        vs.                               )
12                                        )  PLAINTIFF SALLIE HOLLY'S
                                          )  OPPOSITION TO DEFENDANTS'
13  ALTA NEWPORT HOSPITAL, INC., DBA      )  NOTICE OF MOTION AND MOTION
    FOOTHILL REGIONAL MEDICAL             )  TO DISMISS AND MOTION TO
14  CENTER; ALTA HOSPITAL SYSTEMS         )  STRIKE SECOND AMENDED
    L.L.C.; ALTA NEWPORT HOSPITAL,        )  COMPLAINT PURSUANT TO
15  INC.; PROSPECT MEDICAL HOLDINGS,      )  FEDERAL RULES OF CIVIL
    INC.; ARACELLI LONERGAN; HOYT Y.      )  PROCEDURE 12(b)(6) AND 12(f);
16  SZE AND DOES 1 THROUGH 100,           )  MEMORANDUM OF POINTS AND
                                          )  AUTHORITIES IN SUPPORT
17                                        )  THEREOF
                Defendants.               )
18  _____  )
                                             DATE:      June 22, 2020
19                                           TIME:      1:30 P.M.
                                             DEPT.:     5D
20
                                             Case Filed:  July 9, 2019
21                                           Trial Date:  TBD

22

23

24

25

26

27

28
                                       i

## <u>TABLE OF CONTENTS</u>

I.    <u>INTRODUCTION</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   <u>PROCEDURAL HISTORY</u>. . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  <u>SUMMARY OF DEFENDANTS' MOTION TO DISMISS</u>. . . . . . . . . . . . . . . . . . 3

IV.   <u>STATEMENT OF FACTS</u>. . . . . . . . . . . . . . . . . . . . . 3

V.    <u>STANDARD OF REVIEW</u> . . . . . . . . . . . . . . . . . . . 4

VI.   <u>PLAINTIFF'S CAUSES OF ACTION ARE NOT IMPLAUSIBLE AS A</u>
      <u>VIOLATION OF PLAINTIFF'S PRIVACY ADMITTEDLY OCCURRED</u>
      <u>AND A VERY REAL AND SERIOUS RISK OF IDENTITY THEFT</u>
      <u>EXISTS AS DESCRIBED IN PLAINTIFF'S COMPLAINT</u>. . . . . . . . . . . . . . . . . 7

      A. <u>PLAINTIFF HAS SET FORTH ALL OF THE ESSENTIAL</u>
<u>ELEMENTS  NECESSARY TO STATE HER FIRST CAUSE OF ACTION         FOR</u>
<u>PUBLIC DISCLOSURE OF PRIVATE FACTS (INVASION OF</u>
<u>PRIVACY)</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      B.  <u>PLAINTIFF HAS SET FORTH ALL OF THE ESSENTIAL ELEMENTS</u>
          <u>NECESSARY TO STATE HER SECOND AND THIRD CAUSES OF</u>
          <u>ACTION FOR NEGLIGENCE [DISCLOSURE] AND NEGLIGENT</u>
          <u>TRAINING. THE ESSENTIAL ELEMENTS OF ACTIONABLE</u>
          <u>NEGLIGENCE ARE PRESENT IN THIS ACTION BECAUSE</u>
          <u>DEFENDANT OWED A LEGAL DUTY OF CARE TO  PLAINTIFF OR</u>
          <u>THE CLASS IN WHICH PLAINTIFF WAS A</u>
          <u>MEMBER, DEFENDANT COMMITTED AN  ACT OR OMISSION</u>
<u>CONSTITUTING A BREACH OF THAT DUTY, DEFENDANT'S         BREACH</u>
<u>WAS A PROXIMATE OR LEGAL CAUSE OF THE         RESULTING INJURY TO</u>
<u>PLAINTIFF, AND PLAINTIFF SUFFERED         DAMAGES</u>
<u>FROM IT</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE <u>SECOND AMENDED COMPLAINT</u>  PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

C. PLAINTIFF HAS SET FORTH ALL OF THE ESSENTIAL ELEMENTS  NECESSARY TO STATE HER FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT.  A COMPLAINT STATES A CAUSE OF ACTION FOR BREACH OF CONTRACT IF IT ALLEGES THE CONTRACT, THE PLAINTIFF'S PERFORMANCE OR EXCUSE FOR NONPERFORMANCE, THE DEFENDANT'S BREACH, AND THE RESULTING DAMAGE TO THE PLAINTIFF.............................................13

VII.   BEFORE DISMISSAL, THE COURT SHOULD PERMIT PLAINTIFF TO CONDUCT DISCOVERY REGARDING THE CLASS ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VIII.  PLAINTIFF HAS SUFFICIENTLY ALLEGED CLASS NUMEROSITY BASED UPON THE INFORMATION IN HER POSSESSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IX.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT  PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## TABLE OF AUTHORITIES

2  **Cases:**

3  Anderson News, L.L.C. v. American Media, Inc. (2nd Cir. 2012) 680 F3d 162, 185.....................5

4  Ashcroft v. Iqbal (2009) 556 US 662..........................................................................2, 5, 7, 8

5  Bell Atlantic Corp. v. Twombly (2007) 550 US 544.............................................2, 4, 5, 6

6  Braden v. Wal-Mart Stores, Inc. (8th Cir. 2009) 588 F3d 585, 594...............................5

7  Keys v. Humana Inc. (6th Cir. 2012) 684 F3d 605..........................................................5

8  Mediacom Southeast LLC v. BellSouth Telecommunications, Inc. (6th Cir.)(2012) 672 F3d

9  396..........................................................................................................................4

10  Rescuecom Corp v. Google Inc. (2nd Cir. 2009) 562 F3d 123.......................................4

11  **Statutes:**

12  Federal Rule of Civil Procedure Rule 8.........................................................................17

13  **Treatise:**

14  CACI 1801....................................................................................................................8

15  Federal Civil Procedure Before Trial.........................................................................4, 5, 7

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1        **TO DEFENDANTS  ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL**

2   **REGIONAL MEDICAL CENTER AND THEIR ATTORNEY'S OF RECORD MICHAEL**

3   **AMIR, ESQ. AND LLOYD VU, ESQ. OF DOLL AMIR ELEY LLP:**

4        COMES NOW Plaintiff SALLIE HOLLY who submits the following Opposition to

5   Defendant's Notice of Motion and Motion to Dismiss and Motion to Strike Second Amended

6   Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

7   <center>I.</center>

8   <center>**INTRODUCTION**</center>

9        Defendant ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL

10   MEDICAL CENTER seeks dismissal of this matter. This matter can not be dismissed because this

11   Court has already ruled that several of the causes of action in this matter are viable[1] and Plaintiff

12   has statutory causes of action. Therefore, under any circumstance, this matter in its entirety should

13   not be dismissed.

14        This is an action for the invasion of the privacy of Plaintiff Sallie Holly who, as a medical

15   patient,  entrusted her personal and medical information and person to Defendant  Foothill

16   Regional Medical Center. Without Plaintiff's consent, Defendants allowed an employee to have

17   access and take photographs of Plaintiff Sallie Holly's private information and/or body and

18   subsequently publish it publicly to the employee's personal Facebook. This publication of

19   Plaintiff's private information had nothing to do with her medical care and Plaintiff never

20   _____

21        [1]. Please see the Court's Order Granting in Part and Denying in Part Defendant's Motion
to Dismiss and Motion to Strike filed on April 10, 2020. Plaintiff alleged eight causes of action

22   in her First Amended Complaint. Defendant did not challenge Plaintiff's causes of action for
Violation of California Civil Code §56.10(a) (Disclosure of medical information by provider),

23   and Violation of 42 U.S.C. §1320d-2 (wrongful disclosure of individually identifiable health
information. This Court granted Defendant's Motion to Dismiss Plaintiff's Breach of Contract

24   and Negligence claims, but gave Plaintiff leave to amend as to Plaintiff's negligence and breach

25   of contract causes of action against Alta Newport Hospital, Inc., dba Foothill Regional Medical
Center . This Court denied the dismissal of the Breach of Fiduciary Obligations claim. This Court

26   also gave Plaintiff leave to amend her class claim as to numerosity. So under any circumstance,

27   Plaintiff should be permitted to proceed with her Civil Code 56.10(a) claim, her 42 U.S.C.
1320d-2 claim and her Breach of Fiduciary Obligations claim.

28   <center>1</center>

<center>**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT  PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**</center>

1  consented to this disclosure. Defendant alleges this publication to be "accidental," but it is a

2  violation of Plaintiff Sallie Holly's privacy interests and HIPAA for an employee to take

3  photographs of the personal information of a patient on their *personal* cellular telephone, let alone

4  publish that information to a publicly accessible Facebook page. It is also a violation of HIPAA to

5  take photographs of a patient's body without the patient's consent. Publication is a further

6  violation.

7       Plaintiff Holly has filed a detailed, <u>fact specific</u> Complaint outlining each of her claims.

8  Plaintiff has not only provided Defendants with notice, as required under the <u>Federal Rules of</u>

9  <u>Civil Procedure</u>, but has also provided sufficient <u>facts</u> to demonstrate the "plausibility" of her

10  claims as required under <u>Bell Atlantic Corp. v. Twombly</u> (2007) 550 US 544 and <u>Ashcroft v.</u>

11  <u>Iqbal</u> (2009) 556 US 662. Defendants' Motion should be denied.

12  <div align="center">**II.**</div>

13  <div align="center">**PROCEDURAL HISTORY**</div>

14       On July 9, 2019, Plaintiff Sallie Holly filed a Complaint in Los Angeles County Superior

15  Court.

16       On August 29, 2019, Defendants Aracelli Lonergan, Alta Newport Hospital, Inc. dba

17  Foothill Regional Medical Center, Prospect Medical Holdings, Inc., Alta Newport Hospital, Inc.,

18  Alta Hospital Systems, L.L.C., Hoyt Y. Sze removed the instant action from Los Angeles County

19  Superior Court to Federal District Court.

20       On October 18, 2019, Plaintiff Sallie Holly filed her First Amended Complaint alleging

21  the following causes of action:

22      1.    Public Disclosure of Private Facts (Invasion of Privacy).

23      2.    Negligence (Disclosure).

24      3.    Negligent Training.

25      4.    Breach of Contract.

26      5.    Breach of Fiduciary Obligation.

27      6.    Violation of <u>Civil Code</u> §56.10(a).

28

<div align="center">**2**</div>

1    7.    Violation of 42 U.S.C. §1320d-2.

2    8.    Negligent Infliction of Emotional Distress.

3    On November 1, 2019, Defendants filed its first Motion to Dismiss.

4    On November 5, 2019, Plaintiff dismissed Defendants Aracelli Lonergan and Hoyt Y. Sze.

5    On April 10, 2020, this Court entered its  Order Granting in Part and Denying in Part

6 Defendant's Motion to Dismiss and Motion to Strike.

7    On or about May 3, 2020, Plaintiff filed the instant Second Amended Complaint.

8    On May 18, 2020, Defendant Alta Newport Hospital, Inc. dba Foothill Regional Medical

9 Center[2] filed it subsequent Notice of Motion and Motion to Dismiss and Motion to Strike Second

10 Amended Complaint  pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

11    **III.**

12    **SUMMARY OF DEFENDANTS' MOTION TO DISMISS**

13    Defendant Alta Newport Hospital, Inc. dba Foothill Regional Medical Center, filed the

14 instant Motion to Dismiss on the following basis:

15    i    Plaintiff fails to state sufficient facts so as to raise plausible causes of action.

16    ii    Plaintiff fails to allege sufficient facts to plausibly allege the numerosity

17        requirement under Federal Rule of Civil Procedure 23(a).

18    **IV.**

19    **STATEMENT OF FACTS**

20    Plaintiff SALLY HOLLY, a senior citizen,  was a surgical patient at Defendant

21 FOOTHILL REGIONAL MEDICAL CENTER. On or about September 5, 2017, after Plaintiff

22 was discharged and went home,  Defendant ALTA HOSPITAL SYSTEMS, LLC sent a letter to

23 Plaintiff SALLY HOLLY advising her that,

24        [Defendant] "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL

25        REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of your

26

27 ────────────────

28    [2]. All other Defendants have now been dismissed from this action.

**3**

1    Protected Health Information ("PHI").

2         On August 24, 2017, a new employee was training on a software program

3    by viewing medical records on a computer. **The employee took six photographs**

4    **of medical records on her personal cellular telephone, some of which were**

5    **your medical records...the employee accidentally posted the photographs on**

6    **her public Facebook account.**

7         On August 25, 2017, a physician notified Hospital management that the

8    photographs had been posted.... The information in the medical records included

9    your name, date of birth, account number and other diagnostic and treatment

10    information...." [emphasis added]

11    Upon receipt of the aforementioned letter, Plaintiff Sally HOLLY contacted Defendant

12    FOOTHILL REGIONAL MEDICAL CENTER, seeking clarification, but received <u>no</u> response

13    from Defendants. Following several frustrating attempts to get some clarification from

14    Defendants, to which <u>Defendants were non-responsive</u>, Plaintiff hired counsel. Plaintiff's counsel

15    wrote multiple letters in an attempt to resolve Plaintiff's claim against Defendants, but <u>never once</u>

16    received a response from any Defendant. Plaintiff was left with little option but to file her

17    Complaint against Defendants.

18                                    V.

19                         **<u>STANDARD OF REVIEW</u>**

20    "On a motion to dismiss under rule 12(b)(6), the court must "accept as true all of the

21    factual allegations set out in Plaintiff's Complaint, draw inferences from those allegations in the

22    light most favorable to Plaintiff, and construe the Complaint liberally." [<u>Rescuecom Corp v.</u>

23    <u>Google Inc.</u> (2nd Cir. 2009) 562 F3d 123, 127; <u>Mediacom Southeast LLC v. BellSouth</u>

24    <u>Telecommunications, Inc.</u> (6th Cir.)2012) 672 F3d 396, 400]", cited in <u>Federal Civil Procedure</u>

25    <u>Before Trial</u> at §9:213, P. 9-81. The sole issue raised by a Rule 12(b)(6) motion is whether the

26    facts pleaded would, if established, support a plausible claim for relief. Thus, no matter how

27    improbable the facts alleged are, they must be accepted as true for purposes of the motion. (<u>Bell</u>

28                                    4

1   Atlantic Corp. V. Twombly (2007) 550 US 544, 556).

2          "Although the Complaint need not contain detailed factual allegations, its "(f)actual

3   allegations must be enough to raise a right to relief above the speculative level ... On the

4   assumption that all the allegations in the Complaint are true (even if doubtful in fact)". In short, it

5   must allege "enough facts to state a claim to relief that is plausible on its face", Bell Atlantic

6   Corp. V. Twombly (2007) 550 US 544, 556-557, 570, 127 S.Ct.1965, 1974...", cited in Federal

7   Civil Procedure Before Trial at §9:226.20, P. 9-88. "As one court has put it, "(i)f a reasonable

8   court can draw the necessary inference from the factual material stated in the Complaint, the

9   plausibility standard has been satisfied". [Keys v. Humana Inc. (6th Cir. 2012) 684 F3d 605,

10  610]", cited in Federal Civil Procedure Before Trial at §9:226.20, P. 9-88. Rule 12(b)(6) does not

11  countenance "dismissals based on the judge's disbelief of a Complaint's factual allegations." (Bell

12  Atlantic Corp. v. Twombly (2007) 550 US 544, 556).

13         First, the court must identify which statements in the complaint are factual allegations and

14  which are legal conclusions. [Ashcroft v. Iqbal (2009) 556 US 662, 684.] Second, the court,

15  drawing "on its judicial experience and common sense," must decide the specific context of the

16  case whether the factual allegations if assumed true, allege a plausible claim. [Aschroft v. Iqbal

17  supra at 679].

18         "The complaint should be read as a whole, not parsed piece by piece to determine whether

19  each allegation, in isolation, is plausible." [Braden v. Wal-Mart Stores, Inc. (8th Cir. 2009) 588

20  F3d 585, 594] "The choice between two plausible inferences that may be drawn from factual

21  allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. The court cannot

22  dismiss a complaint that alleges a "plausible version of the events merely because the court finds a

23  different version more plausible." [Anderson News, L.L.C. v. American Media, Inc. (2nd Cir.

24  2012) 680 F3d 162, 185.]

25         Subject to the requirement that the complaint show a "plausible" claim for relief, the court

26  must accept as true all material factual  allegations in the complaint...."

27  Bell Atlantic Corp. V. Twombly (2007) 550 US 544, 556.  Subject to the plausibility requirement

28
**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT  PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

1  "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

2  facts alleged is improbable, and the recovery is very remote and unlikely ." Bell Atlantic Corp. V.

3  Twombly (2007) 550 US 544, 556.  The proper question is "could these things have happened,

4  not did they" Carlson v. CSX Transp., Inc. 758 F 3D 819 (2014) .

5       All reasonable inferences from the facts alleged are drawn in plaintiff's favor in

6  determining whether the complaint states a valid claim.  Braden v. Walmart Stores, Inc. 588 F3D

7  585, 595 (2009) holding that "Twombly and Iqbal did not change this fundamental tenet of rule 12

8  (b) (6) practice".

9       In the instant complaint, Plaintiff Holly states:

10  24.    On or about September 5, 2017 Defendant ALTA HOSPITAL SYSTEMS, LLC

11  transmitted a letter to Plaintiff SALLY HOLLY advising her that Defendant "....ALTA

12  NEWPORT HOSPITALS, INC dba FOOTHILL REGIONAL MEDICAL CENTER

13  discovered an inappropriate disclosure of your Protected Health Information("PHI"). On

14  August 24, 2017, a new employee was training on a software program by viewing medical

15  records on a computer. The employee took six photographs of medical records on her

16  personal cellular telephone, some of which were your medical records...the employee

17  accidentally posted the photographs on her public Facebook account. On August 25, 2107,

18  a physician notified Hospital management that the photographs had been posted.... The

19  information in the medical records included your name, date of birth, account number and

20  other diagnostic and treatment information...."

21  25.    Upon receipt of said letter described in paragraph 24 above, Plaintiff Sally HOLLY

22  contacted Defendant FOOTHILL REGIONAL MEDICAL CENTER to seek an

23  explanation as to what was disclosed, what steps she should take to protect her privacy,

24  identity and personal information and for remediation, but received no response.

25       Plaintiff sets forth the above allegations as statements of fact.  There is nothing to

26  speculate about with respect to these allegations, nor are these allegations  fanciful or implausible

27  in any way. Looking at these allegations as true for pleading purposes, Plaintiff has set forth a

28

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT  PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

1  plausible claim for violation of her privacy rights, negligence, breach of contract and statutory

2  violations. In essence, this Court recognized this when it over-ruled Defendant's Motion to

3  Dismiss Plaintiff's breach of fiduciary obligations cause of action and held that Plaintiff can go

4  forward with that claim.

5  **VI.**

6  **PLAINTIFF'S CAUSES OF ACTION ARE NOT IMPLAUSIBLE AS A VIOLATION OF**

7  **PLAINTIFF'S PRIVACY ADMITTEDLY OCCURRED AND A VERY REAL AND**

8  **SERIOUS RISK OF IDENTITY THEFT EXISTS AS DESCRIBED IN PLAINTIFF'S**

9  **COMPLAINT.**

10  Defendant does not specify or reference what specific allegations in Plaintiff's Second

11  Amended Complaint are "implausible". Defendant provides law regarding the "plausibility"

12  aspect of Plaintiff's causes of action, but fails to identify what is "implausible" regarding

13  Plaintiff's causes of action. Defendant argues that Plaintiff must plead specific facts and yet fails

14  to specify how Plaintiff's causes of action are implausible. Defendant's argument is even more

15  absurd in the face of Defendants' letter to Plaintiff admitting the disclosure of Plaintiff's personal

16  information. Plaintiffs allegation not only must be viewed as true for Defendants' Motion, they

17  are true by Defendants own admission! There is no lack of "plausibility" here. Plaintiff has stated

18  specific facts.

19  According to Federal Civil Procedure Before Trial at section 9:226.21, there is a two

20  pronged analysis to determine plausibility. To determine whether a pleading adequately states a

21  plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to

22  state a claim." Ashcroft v. Iqbal 556 US 662, 675 ( 2009). First, the court must identify which

23  statements in the complaint are factual allegations and which are legal conclusions. Ashcroft v.

24  Iqbal at P. 681. Here, the allegations set forth above are factual in nature.

25  The second prong is that the court, drawing "on its judicial experience and common

26  sense," must decide in the specific context of the case whether the factual allegations, if assumed

27  true, allege a plausible claim Ashcroft v. Iqbal at P. 679. Here, plaintiff states that

28

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1    Defendant admittedly disclosed her personal information. The right of privacy is constitutional

2    sacrosanct.  It is well recognized and in a threatened state in today's society.  Patients have a right

3    to expect their medical and personal information will be protected.  Where that right is violated , a

4    claim arises. There is nothing implausible in Plaintiff's claim when viewed through <u>Ashcroft v.</u>

5    <u>Iqbal</u> .  The court cannot dismiss a complaint that alleges a "plausible version of the events merely

6    because the court finds a different version more plausible."  <u>Anderson News, LLC v. American</u>

7    <u>Media, Inc</u>.  680 F 3D 162 (2012). Plaintiff was upset and concerned about the disclosure of her

8    medical condition and other information and has a very real and very plausible fear that her

9    identity may be stolen as her personal information was posted to a *public* Facebook page. It is a

10   reasonable for Plaintiff to fear that her information posted publicly can plausibly lead to her

11   identity being stolen. Plaintiff plainly meets the test for plausibility here.

12        There is a basis for each of the causes of action set forth in Plaintiff's Second Amended

13   Complaint.

14        **A.  <u>PLAINTIFF HAS SET FORTH ALL OF THE ESSENTIAL ELEMENTS</u>**

15        **<u>NECESSARY TO STATE HER FIRST CAUSE OF ACTION FOR PUBLIC</u>**

16        **<u>DISCLOSURE OF PRIVATE FACTS (INVASION OF PRIVACY).</u>**

17        CACI 1801 lists the following elements for a cause of action for public disclosure of

18   private facts:

19        **1. That** [*name of defendant*] **publicized private information concerning** [*name of*

20   *plaintiff*]**;**

21        **2. That a reasonable person in** [*name of plaintiff*]**'s position would consider the**

22   **publicity highly offensive;**

23        **3. That** [*name of defendant*] **knew, or acted with reckless disregard of the fact, that a**

24   **reasonable person in** [*name of plaintiff*]**'s position would consider the publicity highly**

25   **offensive;**

26        **4. That the private information was not of legitimate public concern** [**or did not have**

27   **a substantial connection to a matter of legitimate public concern**]**;**

28
**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE <u>SECOND AMENDED COMPLAINT</u> PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

1    **5. That** [*name of plaintiff*] **was harmed; and**

2    **6. That** [*name of defendant*]**'s conduct was a substantial factor in causing** [*name of*

3    *plaintiff*]**'s harm.**

4    Element 1 is met in Paragraph 24: Plaintiff alleges that she received a letter indicating that

5    her personal information had been photographed by a new employee training on software and

6    subsequently published to Facebook.

7    Element 2 is met in Paragraph 49: Plaintiff alleges that she suffered emotional harm and

8    distress and been injured in her mind and body. In Paragraph 68, Plaintiff alleges that the

9    disclosure of her personal information would be "offensive and objectionable to Plaintiff and

10   other class members and to a reasonable person of ordinary sensibilities."

11   Element 3 is met in Paragraph 33, 49, and 50: Plaintiff alleges that Defendants recklessly

12   and in conscious disregard of Plaintiffs rights caused her to experience "fear of identity theft,

13   embarrassment, anxiety, emotional pain and upset" which was offensive and objectionable to a

14   reasonable person.

15   Element 4 is met in Paragraph 69: Plaintiff alleges that her personal information which

16   was published to Defendants' employees public Facebook page was not of legitimate public

17   concern or newsworthy.

18   Element 5 is met in Paragraph 41-53 and 70: Plaintiff alleges numerous citations to

19   information regarding the plausibility of having her identity stolen giving rise to her damages.

20   Element 6 is met in Paragraph 70: Plaintiff alleges that the cause of her damages is the

21   publication of her personal information to Defendants' employee's public Facebook page.

22   Defendants further argue that Plaintiff must plead sufficient facts that her claims would be

23   plausible. However, Plaintiff has pled a number of <u>facts</u> as follows:

24       23.    At all times mentioned herein Plaintiff SALLY HOLLY was a patient at Defendant

25              FOOTHILL REGIONAL MEDICAL CENTER. In this connection, in March 2017,

26              Plaintiff Sally Holly presented to and submitted to Defendant FOOTHILL

27              REGIONAL MEDICAL CENTER for purposes of the receipt of medical care,

28                                                   9

consultation and surgery for which Plaintiff SALLY HOLLY agreed to pay said Defendant compensation. As part of the admission process, Plaintiff SALLY HOLLY provided said Defendant with her medical and personal identification information. As a result of her submission for medical care, said Defendant examined, treated and diagnosed Plaintiff and commemorated her condition as part of her medical records. At all times mentioned herein, Plaintiff SALLY HOLLY reasonably expected and had been assured that her personal information and medical information as well as all information obtained or derived from her examination, treatment and care by Defendant FOOTHILL REGIONAL MEDICAL CENTER would be kept confidential and would not be disclosed in violation of applicable State and Federal law.

24. On or about September 5, 2017 Defendant ALTA HOSPITAL SYSTEMS, LLC transmitted a letter to Plaintiff SALLY HOLLY advising her that Defendant "....ALTA NEWPORT HOSPITALS, INC dba FOOTHILL REGIONAL MEDICAL CENTER discovered an inappropriate disclosure of your Protected Health Information("PHI"). On August 24, 2017, a new employee was training on a software program by viewing medical records on a computer. The employee took six photographs of medical records on her personal cellular telephone, some of which were your medical records...the employee accidentally posted the photographs on her public Facebook account. On August 25, 2107, a physician notified Hospital management that the photographs had been posted.... The information in the medical records included your name, date of birth, account number and other diagnostic and treatment information...."

Plaintiff further alleged that subsequent to receiving Defendants correspondence, Plaintiff sought to resolve her claim directly with Defendants to no avail. Plaintiff alleged she engaged counsel who proceeded to send correspondence in an attempt to resolve Plaintiff's claim as described in Paragraphs 26-32 of Plaintiff's Second Amended Complaint. Plaintiff further

**10**

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   outlines <u>in significant detail</u>, citing numerous sources, the plausibility of her concerns for identity

2   theft in paragraphs 41-48 of the Second Amended Complaint. In paragraph numbers 23-53

3   Plaintiff alleges her fear of having her publicly revealed information used to steal her identity.

4   Plaintiff has pled sufficient <u>facts</u> alleging that having her identity stolen is a very real and very

5   plausible possibility subsequent to the data breach that gives rise to this action.

6     B.   **PLAINTIFF HAS SET FORTH ALL OF THE ESSENTIAL ELEMENTS**

7   **NECESSARY TO STATE HER SECOND AND THIRD CAUSES OF ACTION FOR**

8   **NEGLIGENCE [DISCLOSURE] AND NEGLIGENT TRAINING. THE ESSENTIAL**

9   **ELEMENTS OF ACTIONABLE NEGLIGENCE ARE PRESENT IN THIS ACTION**

10   **BECAUSE DEFENDANT OWED A LEGAL DUTY OF CARE TO PLAINTIFF OR THE**

11   **CLASS IN WHICH PLAINTIFF WAS A MEMBER, DEFENDANT COMMITTED AN**

12   **ACT OR OMISSION CONSTITUTING A BREACH OF THAT DUTY, DEFENDANT'S**

13   **BREACH WAS A PROXIMATE OR LEGAL CAUSE OF THE RESULTING INJURY TO**

14   **PLAINTIFF, AND PLAINTIFF SUFFERED DAMAGES FROM IT.**

15     The essential elements of actionable negligence include (1) a defendant's legal duty to use

16   due care, (2) a breach of that duty, (3) the breach as the proximate or legal cause of a resulting

17   injury, and (4) actual loss or damage resulting from that injury (<u>United States Liab. Ins. Co. v.</u>

18   <u>Haidinger-Hayes, Inc</u>. (1970) 1 Cal. 3d 586, 594; <u>Koepke v. Loo</u> (1993) 18 Cal. App. 4th 1444,

19   1448–1449).

20     For a complaint in negligence to succeed, there must be a duty requiring a certain standard

21   of conduct, a failure to conform to that standard, a close causal connection between the conduct

22   and the resulting injury, and actual damages (<u>Bojorquez v. House of Toys, Inc</u>. (1976) 62 Cal.

23   App. 3d 930, 933, 133 Cal. Rptr. 483). At Paragraphs 3, 4, and 72, Plaintiff sets forth, in detail,

24   the duties of Defendant in securing her personal and medical information.

25     At Paragraphs 79 and 88, respectively, Plaintiff alleges a breach of duties by Defendant in

26   securing and protecting her personal and medical information.

27     At Paragraphs 81 and 88, Plaintiff alleges that Defendant's breach of its duties to protect

28

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE <u>SECOND AMENDED COMPLAINT</u> PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

1   her personal and medical information and train its staff in same was the proximate cause of the

2   wrongful and public disclosure of her personal and medical information.

3          At Paragraphs 49 to 53, 80 to 84 and 89 to 91 Plaintiff has described her proximate

4   damages. The injury required as an element of actionable negligence means an act causing harm

5   in the sense of detrimental physical changes to the body. A detrimental physical change is an

6   actionable injury whether or not it causes emotional distress (Duarte v. Zachariah (1994) 22 Cal.

7   App. 4th 1652, 1661–1664). California Jury Instruction 3905A provides for compensation for

8   "physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical

9   impairment/inconvenience/grief/anxiety/humiliation/emotional distress" and other damages.

10          Plaintiff's fears and anxiety are not speculative or conclusory. Fear and anxiety are real

11   experiences for the one experiencing them and if caused by the negligence of others, is

12   compensable. California Jury Instructions provide for that. Whether the data breach was

13   perpetrated by the theft of information by hackers or the disclosure of information by Defendant's

14   employee[s] is not material-especially to the victim. In either case, the Plaintiff/victim has been

15   violated and suffers emotional distress out of concern for who has their information and what will

16   come of it. Defendant's suggestion that it gets some legal benefit or immunity because it disclosed

17   her personal information instead of a third party hacker is ridiculous.  Plaintiff does not allege, as

18   suggested by Defendant, that Defendant "accidentally" disclosed her information. Here,

19   Defendant is the wrongdoer! Defendant's own negligence and breach of contract resulted in the

20   public disclosure of Plaintiff's information. A patient may feel far more violated when their own

21   hospital and its employee[s] are responsible for the breach. Plaintiff trusted Defendant and it let

22   her down. This is cause for greater emotional distress-not less. The reasoning in Adkins v.

23   Facebook 424 F. Supp. 3rd 686,[2019], In Re Zappos, Inc. 888 F. 3d 1020 [2018] and Krottner v.

24   Starbuck Corp. 628 F.3d 1139 [2010] for finding that the victim suffered damages is consistent

25   with a finding that Plaintiff Holly suffered damages by the Defendant's disclosure of her

26   information. The nature of the perpetrator, i.e third party or direct tortfeasor does not negate or

27   nullify Plaintiff's damages. In either case, she has been violated and the tortfeasor should be held

28

**12**

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  accountable.

2      Plaintiff fully disclosed the efforts she made to obtain further information regarding the

3  disclosure of her records in Paragraphs 23 to 32. These allegations describe Plaintiff's frustration

4  which constitutes emotional distress.  In Plaintiff's Eighth Cause of Action at Paragraph 115,

5  Plaintiff alleges:

6      "As a result of Defendant's breach, Plaintiff has suffered anxiety, embarrassment, worry,

7  fear and concern that her personal identifying information and medical information has been

8  exposed to the general public, seen by third parties and may be exploited to her damage, all to her

9  severe emotional distress and mental suffering.

10     Plaintiff has set forth all of the essential elements to state her Second, Third and Eighth

11  Causes of action for Negligent conduct and resultant emotional damages.

12  **C. PLAINTIFF HAS SET FORTH ALL OF THE ESSENTIAL ELEMENTS  NECESSARY**

13  **TO STATE HER FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT.  A**

14  **COMPLAINT STATES A CAUSE OF ACTION FOR BREACH OF CONTRACT IF IT**

15  **ALLEGES THE CONTRACT, THE PLAINTIFF'S PERFORMANCE OR EXCUSE FOR**

16  **NONPERFORMANCE, THE DEFENDANT'S BREACH, AND THE RESULTING**

17  **DAMAGE TO THE PLAINTIFF.**

18     A complaint states a cause of action for breach of contract if it alleges the contract, the

19  plaintiff's performance or excuse for nonperformance, the defendant's breach, and the resulting

20  damage to the plaintiff (Wise v. Southern Pacific Co. (1963) 223 Cal. App. 2d 50, 59).

21     At Paragraphs 77 and 94, Plaintiff alleges the existence of a contractual agreement

22  between the parties based upon the patient/hospital relationship.

23     At Paragraph 95 Plaintiff alleges that she performed all of her obligations under the

24  agreement.

25     At Paragraph 96 Plaintiff alleges that Defendant breached the agreement.

26     At Paragraph 97 Plaintiff sets forth her damages arising out of the breach.

27     Plaintiff has set forth all of the essential elements to state a cause of action for Breach of

28
**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT  PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1 | Contract. She should be permitted to proceed accordingly.

2 | **VII**

3 | **BEFORE DISMISSAL, THE COURT SHOULD PERMIT PLAINTIFF TO CONDUCT**

4 | **DISCOVERY REGARDING THE CLASS ALLEGATIONS**

5 | Only the Defendant knows the full extent of the exposure of Patient's records in this case.

6 | Without discovery, Plaintiff has no means to obtain this information. Was Plaintiff really the only

7 | one whose personal information was released and posted to Facebook? Was this a mass revelation

8 | of many patient's records? Plaintiff should have the opportunity to get the answers to these critical

9 | questions before the court considers dismissal of the class allegations.

10 | Courts have split on whether to permit pre-dismissal discovery. **If there is any question,**

11 | **this court should permit discovery before dismissing plaintiffs' class allegations. Pre-**

12 | **dismissal discovery has been permitted if the complaint indicates a plausible claim –**

13 | **particularly if the required information is solely in the hands of the defendant.** Menard v.

14 | CSX Transp. Inc., 698 F3d 40, 45 [2012] [as is the situation in this case]. If the court has any

15 | doubt, it should either continue the hearing the motion [See: Leonard v. Wake Forest Univ. 877 F.

16 | Supp. 2nd 369, 370 (2012) or permit discovery. A dismissal without allowing plaintiff an

17 | opportunity to amend to conform allegations of the complaint to relevant post-filing information

18 | obtained through investigation, disclosures under Rule 26 or other prehearing discovery may

19 | constitute an abuse of discretion. (See Ideal steel supply Corp. V. Anza 652 F 3D 310, 325 (2011);

20 | See also F.R.C.P. 15 (a) (2) – leave to amend freely granted "when justice so requires"

21 | and F.R.C.P. 15 (b) (1) – " court should freely permit an amendment" to conform pleadings to

22 | proof.

23 | In this case, only the defendant has access to information as to the number of patient's

24 | whose personal and medical information was disclosed during the same period when plaintiff's

25 | information was admittedly disclosed. It would be an abuse of discretion to strike plaintiff's class

26 | at allegations before discovery takes place. If discovery does not bear out the basis for class

27 | allegations, plaintiff's counsel will do "the right thing" and agree to dismiss those allegations

28 |

**14**

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  because it's the right thing to do.  It would be unfair to dismiss Plaintiff's class allegations <u>before</u>

2  discovery occurs. How many patient's information was revealed by Defendant's employee and

3  uploaded to Facebook? That is a fundamental question that must be answered before class

4  allegations are dismissed. Simple fairness dictates that Plaintiff should have the opportunity to

5  investigate these allegations *before* the class allegations are dismissed.

6                                                          **VIII**

7      **PLAINTIFF HAS SUFFICIENTLY ALLEGED CLASS NUMEROSITY BASED UPON**

8                      **THE INFORMATION IN HER POSSESSION.**

9          Was Plaintiff the only one whose personal information was copied by Defendants'

10  employee and put on Facebook? At paragraph 7, Plaintiff refers to the mass nature of the

11  disclosure. A t Paragraphs 34, Plaintiff alleges,

12          "Plaintiff is informed and believes and thereon alleges that the disclosure of her personal

13  information was **not** a singular incident. Plaintiff is informed and believes and thereon alleges that

14  Defendants and each of them and employees thereof disclosed information regarding many

15  patients of Defendants at the same time." [Emphasis added].

16          At paragraph 56, Plaintiff alleged that there are numerous members of the class, based

17  upon the information presented in Defendants' correspondence to her. Further, it is entirely

18  plausible that patient medical information posted by Defendants employee involved far more than

19  a single person or few persons records. It is plausible  that there were multiple records disclosed

20  by Defendant's employee. Although requested[3], Defendants have put forth no evidence that only a

21  de minimis number of records were posted to their employee's public Facebook page. Defendant

22  should have the burden to prove by discovery that only Plaintiff's records were disclosed and no

23  one else. Discovery is plainly called for here.

24          In <u>Travelers Indemnity Company v. Portal Healthcare Solutions</u> 35 F.Supp 3rd 765 [2014],

25

26          [3]. Plaintiff's counsel has requested this information, but Defendant's counsel refuses to

27  provide it.

28                                                          **15**

1    a business specializing in the safekeeping of medical records for hospitals, clinics and other

2    medical providers, was sued in a class action by two patients of a hospital for which Portal

3    provided electronic record-keeping services.  Like this case, the class action arose because

4    confidential patient records appeared on the internet, causing those records to become publicly

5    accessible. The class complaint alleged that " Portal posted confidential individual records on the

6    internet, making the records available to anyone who searched a patient's name and clicked on the

7    first result." In other words, the data leak resulted from the conduct of the hospital-not a hacker. In

8    that case, the Court found c overage for the class claims. The same circumstances exist here. Just

9    as Travelers, which was affirmed on appeal at 644 Fed. Appx. 245 [2016] was allowed to proceed

10   with two patients as class representatives, this case should be permitted to proceed.

11        Plaintiff is not required to <u>prove</u> her case in her Complaint. The standard, as Defendants

12   know, is that Plaintiff need only raise a plausible claim. Defendants argument that a single

13   employee could not possibly take photographs of a large number of records is absurd. Witness the

14   case of Albert Gonzalez  [https://money.cnn.com/2009/08/17/ pf/largest_

15   identity_theft_scheme.reut/index.htm?postversion=2009081715] who illegally obtained the

16   identity of <u>millions</u> of individuals. Today, *any* individual can illegally obtain a wealth of personal

17   information of a large number of individuals with little effort.

18        Plaintiff has set forth her allegations regarding numerosity on information and belief .

19    When plaintiff lacks personal knowledge of certain facts, but based on hearsay or secondhand

20   information believes them to be true,   those facts may be alleged on "information and belief" .

21   <u>Perelli Armstrong Tire Corp.  Retiree Med. Benefits Trust v. Walgreen Co.</u> 630 1F 3D 436, 442

22   (2011) . Rule 11 specifically permit such pleading.  In asserting a plausible claim, nothing in

23   <u>Twombly</u> or <u>Iqbal</u> precludes or alters the right of plaintiffs to plead essential facts based on

24   "Information and belief" if otherwise appropriate. <u>Arista Records LLC v.  Doe 3</u>  604 F 3D 110,

25   120,(2010); <u>In re Superior Airports, Inc</u>.  486 DR 728, 740 (2012)-A fact that allegation begins

26   with "information and belief" does not "automatically" render it legally insufficient . The

27   Twombly/Iqbal plausibility standard does not prevent plaintiff from pleading facts "upon

28                                              **16**

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

1  information and belief" where:

2    1. Facts are peculiarly within defendant's possession and control; or

3    2. The belief is based on factual information that makes the inference of culpability

4  "plausible" <u>Arista Records LLC v. Doe 3</u>  604 F 3D 110, 120,(2010).

5    The information regarding numerosity is solely within the possession of Defendant.

6  Before class allegations are dismissed, this Court should allow Plaintiff to conduct discovery.  It

7  is the fair thing to do.

8                                    **XI.**

9                              **<u>CONCLUSION</u>**

10    Plaintiff has filed a fact specific Complaint pursuant to <u>Federal Rule of Civil Procedure</u>

11  Rule 8. Contrary to Defendants' argument, Plaintiff has alleged sufficient facts to plausibly state

12  causes of action against Defendant. Plausibility does not require Plaintiff to prove her case at the

13  pleading stage as Defendants would have. Plaintiff has clearly demonstrated the plausibility of her

14  causes of action by providing specific facts that shows the damages caused by Defendant's data

15  breach. In the event that the Court rules that Plaintiff's causes of action are inadequately pled,

16  Plaintiff respectfully requests that this Court grant Plaintiff leave to amend her Complaint.

17

18  DATED:   May 29, 2020        LAW OFFICES OF SANFORD JOSSEN

19

20                        BY:    _____

21                               SANFORD JOSSEN, ESQ.
                                 Attorneys for Plaintiff, SALLIE HOLLY

22

23

24

25

26

27

28                                    17

**PROOF OF SERVICE BY MAIL**

*HOLLY v.* ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER*, ET AL.*
**CENTRAL DISTRICT OF CALIFORNIA**
CASE NO. 2:19-cv-07496-ODW-MRW

STATE OF CALIFORNIA        )
                           ) SS.
COUNTY OF LOS ANGELES      )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 136 Main Street, Suite E, El Segundo, CA 90245.

     On May 29, 2020, I served the foregoing document described as:

**PLAINTIFF SALLIE HOLLY'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid and deposited such envelope in the mail at Los Angeles, California, addressed as follows:

Michael Amir, Esq.                    ATTORNEYS FOR DEFENDANT,
Lloyd Vu, Esq.                        *ALTA NEWPORT HOSPITAL,*
Doll Amir Eley LLP                    *INC., DBA FOOTHILL REGIONAL*
725 S. Figueroa Street, Suite 3275   *MEDICAL CENTER; ALTA*
Los Angeles, CA 90017                 *HOSPITAL SYSTEMS L.L.C.;*
Tel.: 213-542-3380                    *ALTA NEWPORT HOSPITAL,*
Fax: 213-542-3381                     *INC.; PROSPECT MEDICAL*
E-Mail: lvu@dollamir.com              *HOLDINGS, INC.; ARACELLI*
E-Mail: mamir@dollamir.com            *LONERGAN; HOYT Y. SZE*

     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at El Segundo California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on May 29, 2020, in El Segundo, California.


                                        TRACY HUGHLEY