**O**

# United States District Court
# Central District of California

| | |
|---|---|
| SALLIE HOLLY | Case № 2:19-cv-07496-ODW (MRWx) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE [21]** |
| ALTA NEWPORT HOSPITAL, INC. DBA FOOTHILL REGIONAL MEDICAL CENTER, et al., | |
| Defendants. | |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Alta Newport Hospital, Inc. dba Foothill Regional Medical Center's ("Hospital") motion to dismiss Plaintiff Sallie Holly's Second Amended Complaint and motion to strike class allegations ("Motion").   (Def.'s Second Mot. to Dismiss and Mot. to Strike ("Mot."), ECF No. 21.)   For the reasons that follow, the Court **GRANTS** Hospital's Motion to Dismiss and **GRANTS** Hospital's Motion to Strike.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

Plaintiff Sallie Holly received medical care at Hospital in March 2017 and, as part of that process, she provided her medical and personal information to Hospital. (Second Amended Complaint ("SAC") ¶ 21, ECF No. 20.)  In September 2017, Alta Hospital Systems, LLC ("AHS") sent Holly a letter informing her Hospital discovered an inappropriate disclosure of Holly's protected health information.  (*Id.* ¶ 24.)  AHS explained that, on August 24, 2017, a new employee was training on a software program, viewing medical records on a computer.  (*Id.*)  The employee took six photographs of those medical records on her personal cellular telephone, some of which were Holly's medical records.  (*Id.*)  The employee then accidentally posted the photographs on her public Facebook account.  (*Id.*)  The next day, a physician notified Hospital's management about the photographs being posted.  (*Id.*)  The information in the posted medical records included Holly's name, date of birth, account number, and other diagnostic and treatment information.  (*Id.*)  After receiving the letter, both Holly and her counsel contacted Hospital to seek remediation but received no response. (*Id.* ¶¶ 25–32.)

On July 9, 2019, Holly filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, designated as Case Number 19STCV24211. (Notice of Removal ("Removal") 2, Ex. A ("Compl."), ECF No. 1.)  Hospital removed the action on August 29, 2019.  (*Id.* at 1.)  On October 18, 2019, Holly filed her First Amended Complaint ("FAC").  (FAC, ECF No. 12.)  On November 1, 2019, Hospital moved to dismiss Holly's claims of negligent disclosure, negligent training, breach of fiduciary obligation, and breach of contract, and also moved to strike Holly's class allegations against Hospital.  (Defs.' First Mot. to Dismiss & Mot. to Strike, ("First Mot."), ECF No. 13.)  On April 10, 2020, the Court granted in part and denied in part the first motion and granted leave to amend.  (Order Granting in Part & Den. in Part First Mot. ("Order First Mot."), ECF No. 19.)  On May 4, 2020, Holly filed her SAC.  Holly's allegations in the SAC are essentially the same as the FAC, as

she copy-and-pasted a majority of the FAC.  (*Compare* FAC, *with* SAC.)  In both complaints, Holly's claims stem from allegations that a Hospital[2] employee inadvertently posted photographs of Holly's personal medical information on the employee's public Facebook account.  (SAC ¶¶ 21–24, 62–115.)

Based on these allegations, Holly asserts eight causes of action against Hospital: (1) public disclosure of private facts (invasion of privacy); (2) negligent disclosure; (3) negligent training; (4) breach of contract; (5) breach of fiduciary obligation; (6) violation of California Civil Code section 56.10(a) (disclosure of medical information by providers); (7) violation of 42 U.S.C. § 1320d-2 (wrongful disclosure of individually identifiable health information); and (8) negligent infliction of emotional distress.  (*Id.* ¶¶ 62–115.)  Holly brings her claims on behalf of a class of similarly situated persons defined as:

> All persons who have been patients of Defendants ALTA NEWPORT HOSPITAL, INC., DBA FOOTHILL REGIONAL MEDICAL CENTER; ALTA NEWPORT HOSPITAL, INC. AND DOES 1 THROUGH 50, whose personal data has been published without their permission on the Internet during the Data Breach that occurred from at least March 1, 2017 to September 5, 2017 including all persons who were sent the September 5, 2017 letter informing them of the Data Breach.

(*Id.* ¶ 54.)

Hospital now moves to dismiss Holly's negligence-based and contract-based claims (second, third, fourth, and eighth causes of action) for failure to state a claim. Further, Hospital moves to strike the class allegations due to Holly failing to plausibly allege the numerosity requirement under Rule 23(a).

---

[2] As the Court noted in its previous Order, although Holly names two hospitals in the SAC—Alta Newport Hospital, Inc. dba Foothill Regional Medical Center and Alta Newport Hospital, Inc.— she provides similar descriptions for each. (*See* SAC ¶¶ 1, 10, 14.)   Additionally, Holly's allegations imply the existence of only one hospital involved in the alleged incident.  (*See id.* ¶¶ 23–24). Further, Hospital's Motion refers to only one hospital and Holly's Opposition does not argue that two hospitals are at issue. (*See* Mot. 9–10; Opp'n to Mot. ("Opp'n"), ECF No. 22.)  As a result, the Court presumes the action involves only one hospital defendant.

### III.      LEGAL STANDARD

#### A.      Motion to Dismiss

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless "it is clear . . . the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires"). In determining whether to dismiss claims without leave to amend, the

court should also consider the following factors: (1) futility of the amendment; (2) bad faith; (3) undue delay; (4) prejudice to the opposing party; and (5) whether the party has previously amended.  *Doyel v. ATOS IT Sols. & Servs., Inc.*, No. SA CV 18-02181 DOC KES, 2020 WL2738240, at \*2 (C.D. Cal. Mar. 3, 2020) (quoting *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).  Thus, "[w]here the theory presented in the amendment is lacking in legal foundation, or where previous attempts have failed to cure a deficiency and it is clear that the proposed amendment does not correct the defect, the court has discretion to deny the motion to amend."  *Serpa v. SBC Telecomm., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (citing *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992)).

## B.    Motion to Strike

Under Rule 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. Proc. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) motions are generally disfavored "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

"In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party."  *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011).  "[B]efore granting such a motion, the court must be satisfied that there are no questions of fact, that the claim or defense is insufficient as a matter of law, and that under no

1  circumstance could it succeed."  *Id.* (quoting *Tristar Pictures, Inc. v. Del Taco, Inc.*,
2  No. CV 99-07655 DDP (Ex), 1999 WL 33260839, *1 (C.D. Cal. Aug. 31, 1999)).

3                       **IV.      DISCUSSION**

4          Hospital argues that Holly's negligence and contract claims must be dismissed
5  because she has not alleged any non-speculative damages which are necessary to state
6  a claim.  (Mot. 15–20.)  Moreover, Hospital contends that the class allegations must
7  be struck because Holly has not plausibly alleged numerosity to satisfy Rule 23(a).
8  (*Id.* at 20–23.)  The Court addresses the arguments below.

9          **A.      Motion to Dismiss**

10         In its Motion, Hospital argues that Holly's negligence and contract claims
11  against Hospital fail because Holly has not alleged any actual, non-speculative
12  damages, despite her two previous opportunities to amend.  (Mot. 15–20.)  Hospital
13  contends that, in the data breach context at issue here, speculative fear of identity theft
14  is not sufficient to establish an injury in fact and Holly fails to allege any facts to
15  support her assertions of damages.  (*Id.*)

16         As the Court discussed in its previous Order, Holly's breach of contract and
17  negligence claims must result in actual damages from the complained-of conduct.
18  (*See* Order 10–12); *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010,
19  1015 (9th Cir. 2000) ("Under California law, a breach of contract claim requires a
20  showing of appreciable and actual damage."); *Ruiz v. Gap, Inc.*, 380 F. App'x 689,
21  691 (9th Cir. 2010) ("California also holds that '[n]ominal damages, to vindicate a
22  technical right, cannot be recovered in a negligence action, where no loss has
23  occurred.'") (quoting *Fields v. Napa Milling Co.*, 164 Cal. App. 2d 442, 448 (1958)).

24         Holly alleges that she suffered "emotional harm and distress and has been
25  injured in her mind and body."  (SAC ¶ 49.)  She also alleges that she "experienced
26  fear of identity theft, embarrassment, generalized anxiety . . . emotional pain and
27  upset" and was "injured in her health, strength and activity, sustaining injury to her
28  nervous system and person, all of which injuries have caused and continue to cause

6

[Holly] great mental, physical, emotional and nervous pain and suffering." (*Id.* ¶¶ 50–51.)   Additionally, Holly asserts that she and other class members have suffered damages, including increased risk of identity theft and identity fraud, improper disclosure of personal information, value of time and expenses spent mitigating and remediating the increased risk of identity theft and identity fraud, and the decreased value of their personal information.  (*Id.* ¶¶ 52–53, 81–84, 89–91, 97.)   However, these are the very same allegations the Court has already rejected as "conclusory and vague" and "not sufficient to establish that Holly suffered actual damages to support her breach of contract and negligence claims."  (Order 11.)   Nevertheless, the Court again discusses why each fails.

As with her FAC, Holly's bare allegation of increased risk of identity theft in the SAC is "too speculative to satisfy the pleading requirement" to show actual damages.  *See Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 725 (N.D. Cal. 2014); *Patton v. Experian Data Corp.*, No. SACV 15-1871 JVS (PLAx), 2016 WL 2626801, at *4 (C.D. Cal. May 6, 2016) (finding that in a data breach case, "[T]he plaintiff must show that there is a 'credible,' 'real and immediate' threat of identity theft to establish an injury-in-fact" and actual damages (quoting *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1140 (9th Cir. 2010)).   Moreover, Holly provides only legal conclusions concerning the future risk of identity theft, instead of factual support as the Court previously directed.  (*See* Order 11–12.)   Thus, she again fails to sufficiently plead damages concerning the future risk of identity theft.  *See Iqbal*, 556 U.S. at 665–66 (finding that "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

Next, "[a]lthough actual damages can include emotional distress, a plaintiff must support her claim for pain and suffering with something more than [her] own conclusory allegations, such as specific claims of genuine injury." *Sion v. SunRun, Inc.*, No. 16-CV-05834-JST, 2017 WL 952953, at *2 (N.D. Cal. Mar. 13, 2017) (internal quotation marks omitted).  Here, Holly's identical allegations concerning her

physical, mental, and emotional pain are once again "too sparse and conclusory to support" her claims for damages.  *See id.*; *see also Burnell v. Marin Humane Soc'y*, No. 14-cv-05635-JSC, 2015 WL 6746818, at *19 (N.D. Cal. Nov. 5, 2015) (dismissing intentional infliction of emotional distress claim where complaint lacked "any facts pertaining to the nature and extent of [p]laintiffs' emotional or mental suffering").  Thus, Holly fails to establish actual damages regarding her negligent infliction of emotional distress claim.

Similarly, Holly fails again to provide any supporting factual allegations for how any credit monitoring was reasonable and necessary.  *See Ruiz*, 380 F. App'x at 691 (finding plaintiff's negligence claim failed because plaintiff offered no evidence on the amount of time and money spent on the credit monitoring despite making a bare assertion to that effect).

Finally, as the Court previously explained in the prior Order, Holly's claim concerning the decreased value of personal data fails because it lacks supporting facts. *See Razuki v. Caliber Home Loans, Inc.*, No. CV 17-1718-LAB (WVGx), 2018 WL 6018361, at *1 (S.D. Cal. Nov. 5, 2018) (finding plaintiff's damages allegations insufficient to support a negligence claim where plaintiff claimed diminished value of his personal data but "fail[ed] to allege enough facts to establish how his personal information is less valuable as a result of the breach").  Therefore, Holly's conclusory allegations concerning any mitigation or remediation efforts and decreased value of person data fail.

Other than the above vague and insufficient allegations, Holly offers only legal conclusions from various data theft cases to support her claims of damages, stating that she has suffered harm similar to the plaintiffs in those cited cases.  (*See, e.g.*, SAC ¶ 50 (claiming that Plaintiff experienced "fear of identity theft, embarrassment, generalized anxiety and stress about future identity theft, emotion pain and upset as provided under *Krottner v. Starbucks Corp.*, 628 F.3d 1139 [9th Cir. 2010]"); *see also id.* ¶ 8 ("Plaintiff HOLLY alleges that similar to the reasoning in *Stephen Adkins v.*

*Facebook* [Case Number 18-05982-WHA, N.D., Ca.] . . . she has alleged an injury in fact and has standing to sue in this matter, even where there is no evidence that the information has been misused.")).  Holly must allege more than legal conclusions and vague statements to establish actual damages to support her breach of contract and negligence claims.  However, Holly fails to sufficiently allege that her own facts pertaining to damages are similar to the cited cases, and therefore, the conclusory allegations of similarity are insufficient.  *See Burns v. HSBC Bank*, No. EDCV 12-1748-JGB (OPx), 2013 WL 12136377 at *5 (C.D. Cal. Aug. 26, 2013) ("[V]ague and conclusory allegations regarding damages are insufficient to survive a motion to dismiss.").

The Court granted Holly leave to amend her FAC to cure its many deficiencies, but Holly has simply realleged verbatim the majority of the FAC.  Accordingly, the Court again finds Holly's conclusory and vague allegations insufficient to establish that she suffered actual damages as a result of the data breach.  Further, the SAC is a copy-and-paste of the FAC, demonstrating Holly's inability or unwillingness to cure the deficient allegations.  *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (finding plaintiffs' failure to propose "any specific allegations that might rectify" the deficiencies in the complaint as a demonstration of their "inability" or "unwillingness" to make the necessary amendments); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (finding that district courts should consider "repeated failure to cure deficiencies by amendments previously allowed" in denying leave to amend).  Therefore, Hospital's Motion to Dismiss Holly's breach of contract and negligence claims is **GRANTED without leave to amend**.

### B.   Motion to Strike

In its previous Order, the Court granted Hospital's first Motion to Strike because Holly failed to allege facts sufficient to support numerosity in her class allegations.  (See Order 13.)  Now, Hospital moves again to strike Holly's class

allegations, arguing that Holly again fails to allege any facts supporting the numerosity requirement for a class action. (Mot. 21–22.) Hospital argues that Holly's allegations of the "Data Breach" only involving "a single employee who took six photographs with her cellular phone," cannot support numerosity. (*Id.* at 21 (emphasis omitted) (citing SAC ¶ 24).) Holly contends that she has sufficiently alleged numerosity of the class because it is plausible that the photographs contained "far more than a single person or few persons [sic] records" and Hospital has not put forth any evidence that "only a de minimis number of records were posted." (Opp'n 15.)

A class action may proceed only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982). Although the numerosity requirement is not tied to any numerical threshold, "[t]he Supreme Court has held fifteen is too small." *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) (citing *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)). "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 650–51 (9th Cir. 2010). As noted in the prior Order, "[c]ourts are hesitant to strike class allegations before the parties have had an opportunity to go through the class certification process." *Portillo v. ICON Health & Fitness, Inc.*, No. CV 19-01428-ODW (PJWx), 2019 WL 6840759, at *6 (C.D. Cal. Dec. 16, 2019).

However, as explained by one court, "class certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*. Class allegations must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Jue v. Costco Wholesale Corp.*, No. C-10-00033-WHA, 2010 WL 889284, at *1 (N.D. Cal. Mar. 11, 2010). Furthermore, "[a] plaintiff is required to state a viable claim at the outset, not

1    allege deficient claims and then seek discovery to cure the deficiencies." *APL Co.*
2    *Pte. v. UK Aerosols Ltd., Inc.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006).

3            Here, Holly fails to allege any facts in the SAC to support numerosity and
4    instead relies on only the possibility of discovery to substantiate her allegations. (*See*
5    SAC ¶ 56; Opp'n 14–15.)  As she did in opposition to Hospital's previous motion to
6    strike, Holly again implies that the six photographs may have contained the medical
7    records of other individuals.  (*See* Opp'n 15–16.)  Yet this implicit suggestion,
8    without more, does not meritoriously establish numerosity on its own, as the Court
9    previously explained.  Moreover, Holly only copies her claims of numerosity from the
10   FAC and restates allegations from previous paragraphs in the SAC.  (*See* SAC ¶¶ 34,
11   56.)  The arguments in Holly's Opposition are again absent from the SAC.  (*See*
12   Opp'n 15; SAC ¶ 56.)  Holly's failure to amend and allege facts in support of
13   numerosity shows that the class allegations are unsupportable.  The Court is unwilling
14   to put both parties through costly discovery to permit Holly further attempts to
15   establish an implausible fact.  Accordingly, Hospital's Motion to Strike is
16   **GRANTED without leave to amend**.

17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

## V.   CONCLUSION

For the reasons discussed above, Hospital's Motion to Dismiss Holly's negligence-based and contract-based claims (causes of action two, three, four, and eight) against Hospital is **GRANTED without leave to amend** and Hospital's Motion to Strike Holly's class allegations is **GRANTED without leave to amend**.

**IT IS SO ORDERED.**

October 21, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**